1  RYAN D. LAPIDUS (Bar No. 196838)
   Email: ryan@lapiduslaw.com
2  DANIEL C. LAPIDUS (Bar No. 227170)
   Email: dan@lapiduslaw.com
3  JIM D. BAUCH (Bar No. 199454)
   Email: jim@lapiduslaw.com
4  LAPIDUS & LAPIDUS
   A PROFESSIONAL LAW CORPORATION
5  177 SOUTH BEVERLY DRIVE
   BEVERLY HILLS, CALIFORNIA 90212
6  TEL: 310-550-8700
   FAX: 310-943-2471
7
   Attorneys for Plaintiffs U-Haul Co. of California
8  and Amerco Real Estate Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| U-HAUL CO. OF CALIFORNIA, a California corporation; and AMERCO REAL ESTATE COMPANY, a Nevada corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BERKELEY, a municipality;<br><br>Defendant. | CASE NO.: C08-02313<br><br>COMPLAINT FOR:<br><br>(1) VIOLATIONS OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION (TAKINGS CLAUSE);<br><br>(2) VIOLATIONS OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION (DUE PROCESS CLAUSE);<br><br>(3) VIOLATIONS OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION (EQUAL PROTECTION CLAUSE);<br><br>(4) VIOLATIONS OF INTERSTATE COMMERCE CLAUSE;<br><br>(5) CIVIL RIGHTS VIOLATIONS (42 U.S.C. SEC. 1983);<br><br>(6) VIOLATIONS OF CEQA (PUBLIC RESOURCES CODE SEC. 21000 ET SEQ.); AND<br><br>(7) DECLARATORY RELIEF.<br><br>DEMAND FOR TRIAL BY JURY |
|---|---|

COMPLAINT - 1

Plaintiffs U-Haul Co. of California ("U-Haul") and Amerco Real Estate Company ("Amerco") allege as follows.

## NATURE OF THE CASE

1. U-Haul has served the City of Berkeley, its 100,000 residents and the tens of thousands of University of California students living therein since 1975 by providing truck sharing, one way truck rentals and the retail sale of moving supplies at affordable prices. It is no coincidence that U-Haul's San Pablo Avenue facility is close to the University of California campus. Consistent with the local "green" philosophy and the City's purported policy, U-Haul has dedicated itself to protecting and preserving the surrounding environment by maintaining an environmentally-friendly truck-sharing business model limiting harmful carbon dioxide emissions and removing polluting vehicles from the streets. Despite U-Haul's service to the community and its decades-long relationship with the people of Berkeley, Defendant is conducting a campaign to force U-Haul out of the community. Among other things, Defendant has attempted to impose unlawful, disproportionate, and punitive sanctions on U-Haul, unreasonably revoked U-Haul's use permit to operate its facility, discriminated against U-Haul and its customers, and punished and retaliated against U-Haul for asserting its First Amendment rights to challenge Defendant's improper conduct. Through this action, Plaintiffs seek to hold Defendant responsible for its illegal and unconstitutional actions.

## THE PARTIES

2. U-Haul is a California corporation with its principal place of business in Fremont, California.

3. Amerco is a Nevada corporation with its principal place of business in Phoenix, Arizona.

4. Defendant City of Berkeley is a public entity organized and existing under the laws of the State of California.

## JURISDICTION AND VENUE

5. This action arises under the Commerce Clause and the Fifth and Fourteenth Amendments to the Constitution of the United States, as well as under 42 U.S.C. § 1983. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1343. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they are part of the same case or controversy as Plaintiffs' federal constitutional and statutory claims, in that they arise from a common nucleus of operative facts.

6. Defendant City of Berkeley, a citizen of this judicial district, has systematic and continuous contacts with this judicial district and has purposefully availed itself of the rights and privileges of conducting business in this judicial district. Further, a substantial part of the events and/or omissions giving rise to the claims against Defendant occurred in this judicial district. Therefore, venue is proper and assignment of this case to the Northern District of California is appropriate pursuant to 28 U.S.C. § 1391(b) and (c).

## INTRADISTRICT ASSIGNMENT

7. This case is properly assigned to the Oakland Division of this Court pursuant to Local Rule 3-2(c) because Defendant is located in, and the acts and omissions giving rise to Plaintiffs' claims took place in, Alameda County.

## GENERAL ALLEGATIONS

8. For over sixty years, U-Haul and its related companies have engaged in the self-moving business. U-Haul rents moving equipment and

vehicles, and sells moving related supplies and materials, to self-move households. U-Haul's business model is based on the principle of sharing the costs of truck ownership among many users and facilitating the mobility of the population of the United States and Canada.

9. U-Haul's "Truck Share" business model permits customers to rent trucks for minimal amounts of time (sometimes just a few hours) at a very reasonable cost, and then return the trucks to conveniently located moving centers and neighborhood independent dealers to make the trucks promptly available for sharing by other customers. U-Haul's Truck Share program makes the occasional use of large capacity trucks affordable for the average consumer.

10. U-Haul's business model, however, depends upon convenient, neighborhood-based rental locations within a close proximity to customers' homes and businesses.

11. The U-Haul facility in the City of Berkeley is located at 2100 San Pablo Avenue, near or about Addison Street, in the West Berkeley Commercial District of Southern Berkeley.

12. Amerco is the owner in fee simple of the 2100 San Pablo Avenue property.

13. The majority of U-Haul's customers are citizens and residents of the immediate area. It is well recognized that as an affordable alternative, U-Haul is often the choice of protected classes of people who by definition have limited choices. Moreover, studies abound regarding this relationship of consumer choices for the elderly, African Americans, disabled, single female heads of households, undocumented aliens and numerous other ethnic and religious groups. In fact, in Berkeley U-Haul often is their only alternative when contemplating a household move.

14. In or around June 1975, U-Haul applied for and received a use permit to operate at 2100 San Pablo Avenue, Berkeley, CA, Use Permit No. 7575.

COMPLAINT - 4

15. U-Haul has invested hundreds of thousands of dollars in its business activities in the City of Berkeley and has operated its business within the City of Berkeley for more than thirty years. Approximately 12,000 local residents used U-Haul's services in 2007 alone and therefore approximately 360,000 local residents used U-Haul's services over a period of thirty years.

16. The City of Berkeley has adopted a number of measures declaring its commitment to protecting the environment, particularly with respect to limiting or reducing emissions of carbon dioxide. Specifically, the City has adopted the Kyoto Protocol, and enacted Measure G, which declares that the City has "a goal of 80% reduction in greenhouse gas emissions by 2050."

17. Furthermore, in connection with California's Global Warming Solutions Act of 2006 (AB32), the City of Berkeley has encouraged and assisted the operations of car share operators similar to U-Haul's Truck Share program, such as FlexCar, ZipCar and City Carshare.

18. U-Haul's business model is consistent with the City's professed environmental goal of limiting the emission of carbon dioxide, as well as the policies of the state of California. In fact, U-Haul is an active member of the AB32 Implementation Group.

19. The availability of U-Haul vehicles acts to reduce the number of large capacity vehicles in and around Berkeley. Each U-Haul truck helps keep nineteen privately owned large capacity vehicles off the road. This in turn reduces greenhouse gas emissions.

20. Further, a reduction in the distance between its locations and its customers means less driving distance for customers, which directly translates into a reduction in greenhouse gas emissions. In fact, for every mile closer to the customer, carbon dioxide emissions are reduced by approximately twelve pounds per transaction.

21. Thus, U-Haul's location at San Pablo, which is within walking distance of the University of California campus and mass transit facilities, is key to U-Haul's role in reducing carbon dioxide emissions. Specifically, the average travel distance between U-Haul's San Pablo facility and the customers who use it is just three miles. Without the San Pablo facility, these customers would have to travel to other, more distant facilities, with correspondingly greater environmental impact, or use other environmentally unfriendly alternatives.

22. Despite this, and contrary to its own environmental policies, Defendant recently began and carried out a campaign of improper, unfair, and discriminatory conduct towards U-Haul.

23. For example, Defendant has issued citations to U-Haul without legal or factual basis. Defendant's officials even personally delivered these citations rather than simply mailing them, for the purpose of intimidation and disruption of U-Haul's operations. Defendant arbitrarily and without legitimate justification treats U-Haul worse than similarly situated businesses, including car rental companies and car share operators, such as ZipCar, FlexCar and City CarShare, that are allowed by the Defendant to park their cars on City streets and other public locations including public parking lots without the limitation or the unfair restrictions and conditions imposed on U-Haul.

24. U-Haul successfully challenged some of Defendant's conduct. Defendant responded by further unfair and discriminatory acts in order to punish and retaliate against U-Haul for exercising its First Amendment right to petition for a redress of grievances. Among other things, Defendant revoked U-Haul's Use Permit No. 7575. Without this Use Permit, U-Haul's operations at the San Pablo facility will be severely limited, causing damage to both U-Haul and Amerco.

25. Neither U-Haul nor Amerco has received any compensation from Defendant for the damage to, and reduction in value of, their respective property rights as a result of Defendant's acts.

26. Many of Defendant's officials have ignored many of U-Haul's letters, and ignored and/or refused U-Haul's requests for meetings to discuss the San Pablo facility. When City officials have agreed to speak to U-Haul's representatives, they informed U-Haul that the City does not want U-Haul to operate in the area, and that it will not approve any permit application or request for a variance for which U-Haul might apply.

## FIRST CAUSE OF ACTION
**Violations of Fifth Amendment (Takings Clause) to the Constitution of the United States**
**(By U-Haul and Amerco)**

27. Plaintiffs incorporate by reference herein paragraphs 1 through 26 of its Complaint.

28. The Fifth Amendment of the United States Constitution states, in relevant part: "No person shall be deprived of property, without due process of law; nor shall private property be taken for public use without just compensation."

29. Defendant, by the acts and omissions described herein, has engaged in a taking, for public use, without just compensation, in violation of the Fifth Amendment's Takings Clause.

30. Specifically Defendant has denied U-Haul the use of its operations and use of its property as a U-Haul facility, and impaired the value of Amerco's property.

31. Defendant has engaged in such activity for public use.

32. Defendant has not compensated Plaintiffs for its taking of Plaintiffs' operations and property.

33. As a direct and proximate result of Defendant's conduct, Plaintiffs have been damaged in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

**Violations of the Due Process Clause of the Fourteenth Amendment**

**(By U-Haul and Amerco)**

34. Plaintiffs incorporate by reference herein paragraphs 1 through 33 of its Complaint.

35. Plaintiffs have been unconstitutionally deprived of property through governmental regulation.

36. Defendant's acts and omissions were arbitrary and irrational.

37. The arbitrary and irrational actions of the Defendant were motivated by, among other things, a malicious intent to punish Plaintiffs and retaliate against them for challenging the Defendant's actions, and not by any legitimate regulatory concern.

38. As a direct and proximate result of Defendant's conduct, Plaintiffs have been damaged in an amount according to proof at trial.

## THIRD CAUSE OF ACTION

**Violations of the Equal Protection Clause of the Fourteenth Amendment**

**(By U-Haul)**

39. Plaintiffs incorporate by reference herein paragraphs 1 through 38 of its Complaint.

40. The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution provides: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due

process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

42. Defendant's acts and omissions described herein violate the Equal Protection Clause because, among other reasons, Defendant has unfairly targeted and discriminated against U-Haul. Among other things, Defendant has imposed on U-Haul requirements, scrutiny, and disproportionate sanctions to which other persons operating similar businesses in the City of Berkeley are not subject, i.e., moving truck and trailer rental agencies, car rental companies and car share operators, such as ZipCar, FlexCar and City CarShare.

42. As a direct and proximate result of Defendants' conduct, U-Haul has been damaged in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION
### Violations of Interstate Commerce Clause
### of the Constitution of the United States
### (By U-Haul)

43. Plaintiffs incorporate by reference herein paragraphs 1 through 42 of its Complaint.

44. U-Haul's customers use U-Haul's trucks to move into and out of the State of California, and use the San Pablo Avenue location to pick up and/or drop off rented U-Haul trucks.

45. By the acts and omissions described herein, Defendant has placed an unreasonable burden on interstate commerce, which will have a direct affect on U-Haul, its business and its customers, and has discriminated against out of state residents.

46. As a direct and proximate result of Defendant's conduct, U-Haul has been damaged in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

### Civil Rights Violations

### (42 U.S.C. Section 1983)

### (By U-Haul and Amerco)

47. Plaintiffs incorporate by reference herein paragraphs 1 through 46 of its Complaint.

48. The Civil Rights Act of 1871, codified at 42 U.S.C. § 1983, provides, in relevant part: "Every person who under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ...."

49. Defendant's conduct as alleged herein, including, but not limited to, their violations of Takings Clause of the Fifth Amendment, the Due Process Clause and Equal Protection Clauses of the Fourteenth Amendment, and the Interstate Commerce Clause of Article I of the U.S. Constitution, constitute infringement upon Plaintiffs' rights, privileges and/or immunities.

50. Defendant's acts and omissions were committed under color of state law.

51. Based on Defendant's illegal and unconstitutional conduct, Defendant has violated the Civil Rights Act of 1871.

52. As a direct and proximate result of Defendant's conduct, Plaintiffs have been damaged in an amount according to proof at trial.

///
///
///

## SIXTH CAUSE OF ACTION

### Violations of the California Environmental Quality Act

### (Public Resources Code Section 21000 Et Seq.)

### (By U-Haul and Amerco)

53. Plaintiffs incorporate by reference herein paragraphs 1 through 52 of its Complaint.

54. In revoking U-Haul's Use Permit, Defendant has caused an increase in carbon dioxide emissions and harmful greenhouse gas emissions by requiring residents seeking the use of moving trucks which would previously have only been temporarily rented from U-Haul, to instead buy such trucks or obtain them from dealers at more remote locations.

55. Defendant's revocation of U-Haul's Use Permit constitutes a project as defined by the California Environmental Quality Act ("CEQA").

56. Defendant violated CEQA by, among other things, failing to conduct the environmental review and impact analysis required by CEQA.

## SEVENTH CAUSE OF ACTION

### Declaratory Relief

### (By U-Haul and Amerco)

57. Plaintiffs incorporate by reference herein paragraphs 1 through 56 of its Complaint.

58. As articulated and alleged herein, an actual and legal controversy has arisen between Plaintiffs and the Defendant.

59. Plaintiffs allege that U-Haul has the right to operate its business within the City of Berkeley in compliance with local zoning and reasonable business restrictions and that Defendant's conduct, as alleged herein, is unlawful and unconstitutional.

COMPLAINT - 11

60. Plaintiffs are informed and believe, and on that basis allege, that Defendant denies Plaintiffs' contentions and asserts that its conduct was lawful and constitutional.

61. A judicial declaration of the rights and duties of the parties is necessary to avoid a multiplicity of actions and to permit U-Haul to continue to engage in its lawful business operations without unlawful and unreasonable interference by the Defendant.

## PRAYER

Plaintiffs pray for relief as follows:

1. For the First Cause of Action: compensatory damages for the actual harm caused by Defendant's unlawful conduct; other monetary damages in an amount according to proof; a temporary restraining order to enjoin Defendant during the pendency of this action from unlawfully prohibiting or preventing U-Haul from conducting business in the City of Berkeley; a preliminary injunction and a permanent injunction enjoining Defendant from unlawfully prohibiting or preventing U-Haul from conducting business in the City of Berkeley; recovery of reasonable attorney's fees and costs as authorized by statute; and for such other and further legal and equitable relief as the Court deems just and proper;

2. For the Second Cause of Action: compensatory damages for the actual harm caused by Defendant's unlawful conduct; other monetary damages in an amount according to proof; a temporary restraining order to enjoin Defendant during the pendency of this action from unlawfully prohibiting or preventing U-Haul from conducting business in the City of Berkeley; a preliminary injunction and a permanent injunction enjoining Defendant from unlawfully prohibiting or preventing U-Haul from conducting business in the City of Berkeley; recovery of reasonable attorney's fees and costs as authorized by statute; and for such other and further legal and equitable relief as the Court deems just and proper;

3. For the Third Cause of Action: compensatory damages for the actual harm caused by Defendant's unlawful conduct; other monetary damages in an amount according to proof; a temporary restraining order to enjoin Defendant during the pendency of this action from unlawfully prohibiting or preventing U-Haul from conducting business in the City of Berkeley; a preliminary injunction and a permanent injunction enjoining Defendant from unlawfully prohibiting or preventing U-Haul from conducting business in the City of Berkeley; recovery of reasonable attorney's fees and costs as authorized by statute; and for such other and further legal and equitable relief as the Court deems just and proper;

4. For the Fourth Cause of Action: compensatory damages for the actual harm caused by Defendant's unlawful conduct; other monetary damages in an amount according to proof; a temporary restraining order to enjoin Defendant during the pendency of this action from unlawfully prohibiting or preventing U-Haul from conducting business in the City of Berkeley; a preliminary injunction and a permanent injunction enjoining Defendant from unlawfully prohibiting or preventing U-Haul from conducting business in the City of Berkeley; recovery of reasonable attorney's fees and costs as authorized by statute; and for such other and further legal and equitable relief as the Court deems just and proper;

5. For the Fifth Cause of Action: compensatory damages for the actual harm caused by Defendant's unlawful conduct; other monetary damages in an amount according to proof; other statutory damages as legally authorized; a temporary restraining order to enjoin Defendant during the pendency of this action from unlawfully prohibiting or preventing U-Haul from conducting business in the City of Berkeley; a preliminary injunction and a permanent injunction enjoining Defendant from unlawfully prohibiting or preventing U-Haul from conducting business in the City of Berkeley; recovery of reasonable attorney's fees and costs as authorized by statute; and for such other and further legal and equitable relief as the Court deems just and proper;

6. For the Sixth Cause of Action: an order requiring an environmental impact report and other analysis of greenhouse gas emissions and other impact; a temporary restraining order to enjoin Defendant during the pendency of this action from unlawfully prohibiting or preventing U-Haul from conducting business in the City of Berkeley; a preliminary injunction and a permanent injunction enjoining Defendant from unlawfully prohibiting or preventing U-Haul from conducting business in the City of Berkeley; recovery of reasonable attorney's fees and costs as authorized by statute; and for such other and further legal and equitable relief as the Court deems just and proper; and

7. For the Seventh Cause of Action: a declaration from the Court as to the parties' respective rights and obligations; costs of suit; and for such other and further legal and equitable relief as may be deemed just and proper.

DATED: May 2, 2008

LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION

_____
DANIEL C. LAPIDUS
Attorneys for Plaintiffs U-Haul Co. of California
and Amerco Real Estate Company

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury of all issues which may be tried to a jury.

DATED: May 2, 2008

LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION

_____
DANIEL C. LAPIDUS
Attorneys for Plaintiff U-Haul Co. of California
and Amerco Real Estate Company

COMPLAINT - 15