ZACH COWAN, Acting City Attorney (SBN 96372)
LYNNE BOURGAULT, Deputy City Attorney (SBN 180416)
2180 Milvia Street, 4th Floor
Berkeley, CA  94704
lbourgault@ci.berkeley.ca.us
Phone:  510.981.6950
Fax:      510.981.6960

Attorneys for Defendant
CITY OF BERKELEY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| U-HAUL CO. OF CALIFORNIA, a California corporation; and AMERCO REAL ESTATE COMPANY, a Nevada corporation;<br><br>             Plaintiffs,<br><br>     v.<br><br>CITY OF BERKELEY, a municipality;<br><br>             Defendant. | **CASE NO. C08-02313 WDB**<br><br>**DEFENDANT CITY OF BERKELEY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. RULE CIV. PROC. 12(b)(6)**<br><br>Date:   August 20, 2008<br>Time:  1:30 p.m.<br>Dept.:  400S |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................................ 1

STATEMENT OF ISSUES .................................................................................................................. 3

STATEMENT OF FACTS .................................................................................................................... 3

ARGUMENT ......................................................................................................................................... 4

    I.    U-HAUL'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO THE DOCTRINE OF *RES JUDICATA* ........................................................................................ 4

        A.    U-Haul's Claims Arise From the Same Alleged Violation of a Primary Right as in the State Court Action And Are Therefore Barred ................................................................................................. 5

        B.    The Claims of Plaintiff Amerco Real Estate Company Are Also Barred as Amerco is in Privity with U-Haul ........................................... 8

    II.    IN THE ALTERNATIVE, U-HAUL'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO THE YOUNGER ABSTENTION DOCTRINE ................................................................................................................ 10

        A.    Important State Interests Are Implicated in the State Court Proceedings Between U-Haul and the City ........................................................................... 10

        B.    The State Court Proceedings Are Ongoing Because U-Haul Has Not Exhausted its State Appellate Remedies .......................................................... 11

        C.    U-Haul Could Have Brought Its Federal Claims in State Court .................... 11

    III.    U-HAUL'S CAUSES OF ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ................................................................................ 12

        A.    U-Haul's Fourth Cause of Action for Violation of the Commerce Clause Fails to State a Claim ........................................................................... 12

        B.    U-Haul's Sixth Cause of Action for Violation of the California Environmental Quality Act Fails to State a Claim ......................................... 14

CONCLUSION ................................................................................................................................... 15

# TABLE OF AUTHORITIES

**Federal Cases**

*AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143 (9th Cir. 2007) .................................................. 10

*Ankenbrandt v. Richards*, 504 U.S. 689 (1992) ........................................................................... 11

*Beltran v. State of California*, 871 F.2d 777 (9th Cir. 1988) ............................................................ 10

*Boston & M. Railroad v. Armburg*, 285 U.S. 234 (1932) .................................................................. 12

*Breard v. Alexandria*, 341 U.S. 622 (1951) ................................................................................... 13

*Christenson v. Yolo County Board of Supervisors*, 995 F.2d 161 (9th Cir. 1993) .............................. 13

*Communications Telesystems Int'l v. California Public Utilities Comm'n*,
    196 F.3d 1011 (9th Cir. 1999) ................................................................................................ 11

*Construction Indus. Ass'n of Sonoma County v. City of Petaluma,* 522 F.2d 897 (9th Cir. 1975) .... 13

*Crump v. City of San Francisco,* 2007 U.S. Dist. LEXIS 31302 ......................................................... 4

*Edwards v. California*, 314 U.S. 160 (1941) .................................................................................. 12

*Georgia Manufactured Housing v. Spalding County*, 148 F.3d 1304 (11th Cir. 1998) ...................... 13

*Gibson v. Berryhill*, 411 U.S. 564 (1973) ....................................................................................... 10

*Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) ......................................................................... 10, 11

*Huron Cement Co. v. Detroit*, 362 U.S. 440 (1960) ......................................................................... 12

*Intri-Plex Technologies, Inc. v. The Crest Group, Inc.,* 499 F.3d 1048 (9th Cir. 2007) ...................... 5

*Lebbos v. Judges of Superior Court*, 883 F.2d 810 (9th Cir. 1989) .................................................. 11

M&A Gabaee v. Community Redevelopment Agency of the City of Los Angeles,
    419 F.3d 1036 (9th Cir. 2005) ................................................................................................ 10

*Middlesex County Ethics Committee v. Garden State Bar Assoc.*, 457 U.S. 423 (1982) .................. 10

*Miles v. State of California*, 320 F.3d 986 (9th Cir. 2003) ................................................................ 4

*Mission Oaks Mobile Home Park v. City of Hollister*, 989 F. 2d 359 (9th Cir. 1993) ....................... 10

# TABLE OF AUTHORITIES (Con't.)

*Moore v. Sims*, 442 U.S. 415 (1979) ............................................................................................ 11

*Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362 (9th Cir. 1993) ..................... 5

*Pennzoil v. Texaco, Inc.*, 481 U.S. 1 (1987) ................................................................................. 11

*Pike v. Bruce Church, Inc.,* 397 U.S. 137 (1970) ......................................................................... 13

*Scott v. Kuhlmann*, 746 F.2d 1377 (9th Cir. 1984) ......................................................................... 4

*Texas Manufactured Housing Ass'n. v. City of Nederland*, 101 F.3d 1095 (5th Cir. 1996) .............. 13

*World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079 (9th Cir. 1987).. 10, 11, 12

*Younger v. Harris,* 401 U.S. 37 (1971) ........................................................................ 1, 2, 3, 10, 11, 12,

### State Cases

*Boeken v. Philip Morris, USA, Inc.*, 159 Cal. App. 4th 1391 (2008) ............................................... 5

*Citizens for Open Access to Sand and Tide v. Seadrift Assn.,* 60 Cal. App. 4th 1053 (1998) ............ 9

*Gikas v. Zolan*, 6 Cal. 4th 841 (1993) .............................................................................................. 8

*Mooney v. Caspari*, 138 Cal. App. 4th 704 (2006) ......................................................................... 8

*Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888 (2002) ............................................................... 5

*Slater v. Blackwood*, 15 Cal. 3d 791 (1975) ................................................................................... 6

### Federal Statutes

Federal Rule of Evidence 201 ........................................................................................................ 4

Full Faith and Credit Act, 28 U.S.C. § 1738 ................................................................................... 5

### State Statutes

California Public Resources Code 21000 et seq ........................................................................ 7, 14

# INTRODUCTION

The dispute brought here by U-Haul Company of California and its affiliate Amerco Real Estate Co. (collectively "U-Haul") has already been finally determined in California state court. Not that the Court could possibly know this by reading U-Haul's Complaint, since it completely omits any mention of the state court proceedings and judgment. Unhappy with the result in state court, U-Haul is switching courts, hoping for a different outcome.

Even though U-Haul relies on different legal theories in this action, its claims in this case arise out of the same alleged conduct and injury that led to the state court case and are therefore precluded by the doctrine of *res judicata*. Additionally, this Court's jurisdiction is precluded by the *Younger* abstention doctrine, since consideration of U-Haul's claims might interfere with the ongoing state court proceedings.

What U-Haul describes in its Complaint as a "campaign" and "conspiracy" by the City to "force" U-Haul out of Berkeley is actually a decade-long effort by the City to obtain U-Haul's compliance with the Use Permit for its operations at 2100 San Pablo Avenue. U-Haul's Use Permit was revoked by the City Council in October 2007, after years of complaints by neighbors that U-Haul was using their neighborhood streets as an auxiliary rental lot. Warnings and administrative citations by the City failed to persuade U-Haul to abide by its promises to conform its operations to the conditions of its Use Permit. None of the City's efforts to obtain compliance from U-Haul were taken seriously by the company. When the City's Zoning Adjustments Board held a public hearing to consider whether or not to recommend to the City Council that it revoke U-Haul's Use Permit, no one from the company even showed up, even though U-Haul had ample advance notice of the hearing. At the revocation hearing before the City Council, a company representative admitted all of U-Haul's transgressions and begged forgiveness, but by then the neighbors and the City Council doubted U-Haul's promises to reform.

After its Use Permit was revoked, U-Haul sought a writ of mandate and brought other claims in Alameda Superior Court ("the State Court Action"). *See* Request for Judicial Notice ("RJN") Exh. 1. U-Haul alleged in connection with that case that the City's revocation of its Use

Permit violated the Equal Protection Clause, the Takings Clause and the Due Process Clause of the state and federal constitutions. *See Id*. at ¶ 21 (e, f, i). The State Court denied U-Haul's petition and entered judgment in favor of the City of Berkeley on February 7, 2008. RJN Exhs. 2 & 3. U-Haul's time to appeal that judgment expired on April 8, 2008.

On May 5, 2008, U-Haul filed this collateral attack on the state court judgment, not even mentioning the state court proceedings in its Complaint. Meanwhile, U-Haul has continued operating its truck rental business at 2100 San Pablo Avenue without a use permit and in defiance of the City's orders to cease truck rental operations immediately. Because operating without a use permit is a *per se* public nuisance, on May 21, 2008, the City filed in Alameda Superior Court a Complaint for Injunction/Abatement of Public Nuisance against U-Haul. In responding to the City's request for a TRO in state court, U-Haul had the audacity to argue that the City's nuisance abatement action should be dismissed due to the pendency of this federal court case. In state court U-Haul argued: "[J]udicial comity mandates that this Court stay the City's action in order to allow the parties to litigate the entire controversy in the District Court . . .[p]ermitting the City to force Defendants to litigate on two fronts is improper and unfair and should not be tolerated. Moreover, it would create a risk of inconsistent results and conflicting rulings, and represent a waste of valuable judicial resources." *See* RJN Exh. 6:11-18. Thus, U-Haul acknowledges the impropriety, unfairness and wastefulness of litigating this dispute before two different courts.

Indeed, providing U-Haul with the relief it seeks in this case (restraining the City from enforcing its zoning ordinance, forcing the City to allow U-Haul to operate without a use permit, or requiring the City to compensate U-Haul for its inability to operate in Berkeley) would necessarily overturn the state court judgment which found that the City lawfully revoked U-Haul's Use Permit. The Court should dismiss this case based on the doctrine of *res judicata*. In the alternative, the Court should dismiss this case based on the *Younger* abstention doctrine. Finally, the Court should dismiss U-Haul's fourth cause of action (Violations of Interstate Commerce Clause) and sixth cause of action (California Environmental Quality Act) for failure to state a claim.

**STATEMENT OF ISSUES**

1) Are U-Haul's claims barred by the doctrine of *res judicata*?

2) Should the Court dismiss this case based on the *Younger* abstention doctrine?

3) Should the Court dismiss U-Haul's Fourth and Sixth Causes of Action for failure to state a claim?

**STATEMENT OF FACTS**

In or about July, 1975, U-Haul obtained a Use Permit to rent trucks and trailers at 2100 San Pablo Avenue in Berkeley. Complaint ¶ 14. When U-Haul's lot was full, U-Haul frequently parked its trucks on the City streets. RJN Exh. 1 (State Court Complaint at ¶ 8). U-Haul's neighbors complained to U-Haul about the number of trucks on its property and on the public streets. *Id.* ¶ 9. In 1997, the City began warning U-Haul that it was violating the conditions of its Use Permit. *Id.* ¶ 10.

In September 2007, the City Council held a public hearing to consider whether or not to revoke U-Haul's Use Permit. *Id*. ¶ 12. On October 9, 2007, the City Council revoked U-Haul's Use Permit. *Id*. ¶ 15.

On October 19, 2007, U-Haul timely challenged the City's revocation of its Use Permit in Alameda County Superior Court via a Petition for Writ of Administrative Mandate and Complaint for Declaratory and Injunctive Relief, and Damages. *See* RJN Exh. 1. In addition to equitable relief, U-Haul sought damages for a purported "taking" under the Fifth Amendment, on the theory that the City's revocation of its use permit had put it out of business. *Id.* U-Haul's state court complaint also alleged that the City's revocation of its Use Permit "violates the Equal Protection Clause of the state and federal constitutions," "violates the Takings Clause of the state and federal constitutions," and "violates the Due Process Clause of the state and federal constitutions." *See Id*. at ¶ 21 (e, f, i).

The State Court denied U-Haul's petition for writ of mandate and entered judgment in favor of the City of Berkeley on February 7, 2008. RJN Exhs. 2 & 3. In its Order, the Court found that the evidence supported the City Council's conclusion that U-Haul exceeded the scope of its Use Permit by a "wide margin" by parking more than double the amount of allotted trucks on its lot and

1  "many additional vehicles on the street." RJN Exh. 2. The Court also found that the City Council
2  acted properly since the Use Permit expressly stated that it was subject to revocation if the operation
3  is detrimental to the neighborhood, and that the record reflected "a pattern of community complaints
4  that [U-Haul's] street staging has adversely impacted the surrounding neighborhood." *Id.*

5  U-Haul's time to appeal the State Court judgment expired on April 8, 2008 and the State
6  Court judgment is now final. RJN Exh. 3.

7  U-Haul obtained a stay of the State Court judgment, which expired on May 7, 2008. RJN
8  Exh. 5 ¶24. Following expiration of the stay, the City notified U-Haul that it must cease all truck
9  rental operations immediately and remove any trucks and trailers from its lot. In defiance of that
10 order, U-Haul has continued to conduct its operations without a use permit. Because operating
11 without a use permit is a *per se* public nuisance, on May 21, 2008, the City filed in Alameda
12 Superior Court a Complaint for Injunction/Abatement of Public Nuisance against U-Haul. RJN
13 Exh. 5. U-Haul's response to the City's state court nuisance abatement action is that the dispute
14 should be resolved here, in federal court, on grounds of "judicial comity" and in the interest of
15 preserving "valuable judicial resources." *See* RJN Exh. 6:11-18. Thus, U-Haul has judicially
16 acknowledged the impropriety and wastefulness of litigating this dispute before two different
17 courts.

## ARGUMENT

### I. U-HAUL'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO THE DOCTRINE OF *RES JUDICATA*

"A challenge based on *res judicata* grounds may be properly raised in a motion to dismiss pursuant to Rule 12(b)(6)." *Crump v. City of San Francisco,* 2007 U.S. Dist. LEXIS 31302 at *12 (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)). A district court may consider matters outside of the pleadings where they are matters of public record, such as records related to legal proceedings, of which the court may take judicial notice pursuant to Federal Rule of Evidence 201. *Miles v. State of California*, 320 F.3d 986, 987 (9th Cir. 2003).

1   The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that a federal court give the same preclusive effect to a state court judgment as another court of that state would give. *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). "To determine the preclusive effect of a state court judgment, federal courts look to state law." *Intri-Plex Technologies, Inc. v. The Crest Group, Inc.,* 499 F.3d 1048, 1053 (9th Cir. 2007).

*Res judicata* prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896-97 (2002); *Boeken v. Philip Morris, USA, Inc.*, 159 Cal. App. 4th 1391, 1397-98 (2008). Under the doctrine of *res judicata*, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." *Mycogen*, 28 Cal. 4th at 897.

*Res judicata* applies if (1) the judgment in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties in the prior proceeding. *Boeken*, 159 Cal. App. 4th at 1397-98. "The doctrine of res judicata not only bars litigation of matters that actually were litigated in the prior action, but also those matters that could have been litigated in that action." *Id.* at 1398.

In this case, the judgment in the State Court action is on the merits and is final because U-Haul failed to appeal it. *See* RJN Exh. 3 (February 7, 2008 Judgment). As to U-Haul and the City, there is no question that the parties are the same. Thus, the only questions are whether the State Court Action is on the same cause of action as the present proceeding, and whether Amerco, as a privy of U-Haul, is likewise bound by the state court judgment.

**A.    U-Haul's Claims Arise From the Same Alleged Violation of a Primary Right as in the State Court Action And Are Therefore Barred**

"For purposes of res judicata, the term 'cause of action' refers neither to the legal theory asserted by a plaintiff nor to the remedy the plaintiff seeks." *Boeken*, 159 Cal. App. 4th at 1398. "California has consistently applied the 'primary rights' theory, under which the invasion of one primary right gives rise to a single cause of action." *Id.* (quoting *Slater v. Blackwood*, 15 Cal. 3d

5

791, 795-96 (1975)). Under the primary right theory, a "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty. *Id*. "A particular injury might be compensable under multiple legal theories and might entitle a party to several forms of relief; nevertheless, it will give rise to only *one* cause of action." *Boeken,* 159 Cal. App. 4th at 1399 (emphasis in original).

In this action and in the State Court Action, U-Haul complains that the City of Berkeley violated the same "primary right" of U-Haul, namely, U-Haul's right not to be wrongfully deprived of its right to operate its truck rental business at 2100 San Pablo Avenue. In this action and in the State Court action, U-Haul complains about the same injury: the City's allegedly wrongful revocation of U-Haul's Use Permit to operate. *See* Complaint at ¶ 24 ("Defendant revoked U-Haul's Use Permit No. 7575. Without this Use Permit, U-Haul's operations at the San Pablo facility will be severely limited, causing damage to both U-Haul and Amerco."); *see also* RJN Exh. 1 (State Court Petition for Writ of Mandate etc. at ¶¶ 15) (On October 9, 2007, the CITY COUNCIL . . . adopted the Revised Resolution stating as follows: U-HAUL 'is hereby declared to be in violation of Use Permit No. 7575 under Berkeley Municipal Code 23B.60.020, and said Use Permit is hereby revoked and its operations are ordered ceased forthwith.") Thus, in both actions, U-Haul complains that it has been injured by the City's allegedly wrongful revocation of its Use Permit. In both actions, U-Haul seeks to recover against the City for the same injury caused by the same conduct.

Additionally, this action and the State Court action involve some identical claims. For instance, in this action, U-Haul claims the City's revocation of its Use Permit violated the Equal Protection, Due Process and Takings clauses of the United States constitution. *See* Complaint, First, Second and Third Causes of Action at ¶¶ 27 through 42. U-Haul made these identical claims in the State Court Action. *See* RJN Exh. 1 at ¶¶ 21(e), (f), (i).

To the extent that U-Haul's claims in this case and the State Court action are not "identical," they are the same claims because they arise from the same alleged violation of a primary right and from the same injury, namely the City's revocation of U-Haul's Use Permit. U-Haul's First Cause of Action under the "Takings" clause alleges that the City has "denied U-Haul the use of its opera-

tions and use of its property as a U-Haul facility, and impaired the value of Amerco's property." Complaint ¶ 30. The only allegation in the Complaint related to any "taking" is the City's revocation of U-Haul's Use Permit.

U-Haul's Second Cause of Action for violation of the Due Process clause alleges that U-Haul and Amerco have been "unconstitutionally deprived of property through governmental regulation," namely, the City's revocation of U-Haul's Use Permit. *Id*. ¶ 35.

U-Haul's Third Cause of Action for violation of the Equal Protection Clause alleges that the City has "unfairly targeted and discriminated against U-Haul" by imposing "on U-Haul requirements, scrutiny, and disproportionate sanctions" not imposed on other truck rental agencies and car share companies. Complaint at ¶ 41. Again, the only "scrutiny" and "sanctions" imposed by the City on U-Haul relate to its enforcement proceedings and revocation of U-Haul's Use Permit.

U-Haul's Fourth Cause of Action for violation of the Interstate Commerce Clause alleges that the City's "acts and omissions" have "placed an unreasonable burden on interstate commerce" because U-Haul's customers "use U-Haul's trucks to move into and out of the State of California." Complaint ¶ 44, 45. The only "act" by the City described in the Complaint preventing U-Haul's customers from renting trucks in Berkeley is the City's revocation of U-Haul's Use Permit.

U-Haul's Fifth Cause of Action for Civil Rights Violations under 42 U.S.C. Section 1983 alleges that the City's takings and its violations of due process, equal protection and the commerce clause have infringed upon U-Haul's "rights, privileges and/or immunities." *Id.* at ¶ 49. Again, these claims are all based on U-Haul's allegation that the City revoked its Use Permit and enforced its zoning ordinance.

U-Haul's Sixth Cause of Action for violation of CEQA (California Public Resources Code 21000 et seq.) alleges that "[i]n revoking U-Haul's Use Permit, Defendant has caused an increase in carbon dioxide emissions and harmful greenhouse gas emissions" and that "Defendant's revocation of U-Haul's Use Permit constitutes a project as defined by" CEQA. Complaint at ¶¶ 54,55. Thus, this claim arises out of the City's revocation of U-Haul's Use Permit.

U-Haul's Seventh Cause of Action for Declaratory Relief asks the Court to issue a judicial declaration of the rights and duties of the parties so as to "permit U-Haul to continue to engage in its lawful business operations without unlawful and unreasonable interference by" the City. The "interference" referred to is the City's revocation of U-Haul's Use Permit and enforcement of its zoning ordinance.

Because all of the claims brought in this case allege violation of the same primary right at issue in the State Court Action, U-Haul's claims are barred by *res judicata* and this case should be dismissed.

### B.  The Claims of Plaintiff Amerco Real Estate Company Are Also Barred as Amerco is in Privity with U-Haul

Plaintiff Amerco Real Estate Company ("Amerco R.E.") was not a party to the State Court Action but is bound by that judgment because it is in privity with U-Haul. Parties are in "privity" if they have such an identify of interest as to "represent the same legal rights" or where the relationship between the parties is "sufficiently close" to justify claim preclusion. *Mooney v. Caspari*, 138 Cal. App. 4th 704, 718 (2006). There is "no universally applicable definition of privity." *Gikas v. Zolan*, 6 Cal. 4th 841, 849 (1993). The determination of privity depends on the fairness of binding the plaintiff with the results obtained in an earlier proceeding. *Mooney*, 138 Cal. App. 4th at 719.

One way courts determine if there is a unity of interest is whether a party was adequately represented in the prior litigation, even if it did not actually participate. "A party is adequately represented for purposes of the privity rule 'if his or her interests are so similar to a party's interest that the latter was the former's virtual representative in the earlier action.' [citations] We measure the adequacy of 'representation by inference, examining whether the . . . party in the suit which is asserted to have a preclusive effect had the same interest as the party to be precluded, and whether that . . . party had a strong motive to assert that interest . . . .'" *Mooney*, 138 Cal. App. 4th at 719 (quoting *Citizens for Open Access to Sand and Tide v. Seadrift Ass'n,* 60 Cal. App. 4th 1053, 1070-

8

71 (1998)). Due process is satisfied if the party to be precluded should reasonably have expected to be bound by the prior adjudication. *Id.* at 720.

Here, it is fair to bind Amerco R.E. to the results of the State Court Action because there is a sufficiently close relationship between Amerco R.E. and U-Haul. Amerco R.E. is the owner of the 2100 San Pablo Avenue property on which U-Haul conducted its Berkeley operations. Complaint ¶ 12. Additionally, Amerco R.E. and U-Haul share the same parent company, Amerco, and they are listed with the California Secretary of State at the same Phoenix, Arizona address. *See* Plaintiffs' Certification of Interested Entities or Persons; *see also* RJN Exh. 4. The Complaint alleges that the City's revocation of U-Haul's Use Permit is "causing damage to both U-Haul and Amerco" and reduced the value of their "respective property rights." Complaint ¶¶ 24, 25. Thus, Amerco R.E. has the same interest as U-Haul in having U-Haul's truck rental operations continue on the property. U-Haul's interests are so similar to Amerco R.E.'s that U-Haul was Amerco R.E.'s "virtual representative" (if not actual representative) in the State Court Action. *Mooney*, 138 Cal. App. 4th at 719. U-Haul had a "strong interest" in seeking reinstatement of its Use Permit in the prior case, and therefore is presumed to have adequately protected Amerco R.E.'s interests.

Although in this case there is a corporate relationship between U-Haul and Amerco R.E. in that they share the same parent company, courts have found privity even between entirely unrelated parties. For instance, in *Citizens for Open Access to Sand and Tide v. Seadrift Ass'n,* 60 Cal. App. 4th 1053 (1998), the court found privity between a citizen group working for public access to oceanfront property in Bolinas and various state agencies (the California Coastal Commission, the state Attorney General and the State Lands Commission) because the state agencies "zealously pursued the right of the public to use the Bolinas Sandspit." *Id*. at 1072. Even though the citizen group did not "control" or "directly participate" in the prior litigation, the court found it had no direct interest that was "unrepresented by the state agencies in the prior litigation." *Id.* 1073.

Thus, because U-Haul and Amerco R.E. have a strong identity of interests, all of which were represented in the prior litigation, there is privity between the parties and Amerco R.E., like U-Haul, is barred from bringing this action by the doctrine of *res judicata*.

1 | **II.   IN THE ALTERNATIVE, U-HAUL'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO THE YOUNGER ABSTENTION DOCTRINE**

The *Younger* abstention doctrine embodies a "longstanding public policy against federal court interference with state court proceedings." *Younger v. Harris,* 401 U.S. 37, 43 (1971); *Mission Oaks Mobile Home Park v. City of Hollister*, 989 F. 2d 359, 360 (9th Cir. 1993). "A federal court must abstain to avoid interference in a state-court civil action when three tests are met. First, the proceedings must implicate important state interests; second, there must be ongoing state proceedings; and third, the federal plaintiff must be able to litigate its federal claims in the state proceedings." M*&A Gabaee v. Community Redevelopment Agency of the City of Los Angeles*, 419 F.3d 1036, 1039 (9th Cir. 2005). Where the criteria of *Younger* abstention are met, dismissal of the federal action is required. *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973); *Beltran v. State of California*, 871 F.2d 777, 782 (9th Cir. 1988).

### A.   Important State Interests Are Implicated in the State Court Proceedings Between U-Haul and the City

"The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Committee v. Garden State Bar Assoc.*, 457 U.S. 423, 432 (1982). "Important state interests" under *Younger* include enforcement of zoning ordinances and state nuisance actions. *Huffman v. Pursue, Ltd.*, 420 U.S. at 604-605 (state nuisance proceeding against adult-oriented movie theater); *World Famous Drinking Emporium, Inc.*, 820 F.2d at 1083 (enforcement of zoning ordinance designed to avoid public nuisance); *M&A Gabaee v. Community Redevelop. Agency of City of Los Angeles,* 419 F.3d 1036, 1039 (9th Cir. 2005) (eminent domain proceeding). The fact that a governmental entity could have proceeded against the defendant in either civil or criminal court further evidences an important state interest. *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1083 (9th Cir. 1987). The importance of a state's interest is measured by "considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual case." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1150 (9th Cir. 2007).

In this case, the City's enforcement of its zoning ordinance through revocation of U-Haul's Use Permit constitutes an important state interest, and one that could have proceeded via a criminal misdemeanor action against the company. Therefore, the *Younger* doctrine applies.

### B. The State Court Proceedings Are Ongoing Because U-Haul Has Not Exhausted its State Appellate Remedies

A state court action is "ongoing" even if it has concluded prior to the filing of the federal court action. *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). The aggrieved party's failure to appeal the adverse state court decision does not preclude *Younger* abstention, because the party is considered to have failed to exhaust its state appellate remedies. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609-10 (1975) (failure to appeal in state court constitutes failure to exhaust state appellate remedies, even if appeal would have been "futile"); *World Famous Drinking Emporium*, 820 F.2d at 1082.

Here, U-Haul failed to exhaust its state appellate remedies when it failed to appeal the final judgment entered by the Court on February 7, 2008. To the extent that U-Haul argues that its time to appeal has not expired, the state court proceedings would still be "ongoing" for *Younger* purposes.

### C. U-Haul Could Have Brought Its Federal Claims in State Court

The third *Younger* prong requires abstention "unless state law clearly bars the interposition of the constitutional claims" brought in federal court. *Middlesex County Ethics Committee*, 457 U.S. at 432 (quoting *Moore v. Sims*, 442 U.S. 415, 423 (1979)). The burden is on the party seeking relief in federal court to show that it was barred from raising its federal claims in state court. *Lebbos v. Judges of Superior Court*, 883 F.2d 810, 815 (9th Cir. 1989). State Court proceedings are presumed adequate to raise a federal claim "in the absence of unambiguous authority to the contrary." *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 15 (1987); *Communications Telesystems Int'l v. California Public Utilities Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). If the party had an

opportunity to raise its constitutional claims in state court but failed to do so, abstention is required. *World Famous Drinking Emporium*, 820 F.2d at 1083.

In this case, nothing precluded U-Haul from bringing all of the claims it brings in this case in state court. Thus, the *Younger* doctrine requires that this Court abstain and dismiss this action.

### III. U-HAUL'S CAUSES OF ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

#### A. U-Haul's Fourth Cause of Action for Violation of the Commerce Clause Fails to State a Claim

U-Haul's fourth cause of action alleges that the City —by revoking U-Haul's use permit — "has placed an unreasonable burden on interstate commerce… and has discriminated against out of state residents." (Complaint ¶ 45.) This cause of action is apparently based on the "dormant" Commerce Clause in Article I, section 8 (clause 3) of the U.S. Constitution. It is utterly without merit.

The Commerce Clause does not deprive state and localities of their plenary authority to legislate as to local concerns, and the fact that such regulation may indirectly affect interstate commerce does not offend it. *Boston & M. Railroad v. Armburg*, 285 U.S. 234, 238 (1932). The exercise of state or local police power as to a matter of local concern is not barred by the dormant commerce clause, even though it may affect interstate commerce. *Edwards v. California*, 314 U.S. 160, 172-73 (1941).

This well-established rule clearly encompasses local zoning.

> It is well settled that a state regulation validly based on the police power does not impermissibly burden interstate commerce where the regulation neither discriminates against interstate commerce nor operates to disrupt its required uniformity. *Huron Cement Co. v. Detroit*, 362 U.S. 440, 441, 448 (1960). As stated by the Supreme Court almost 25 years ago:
>
> > When there is a reasonable basis for legislation to protect the social, as distinguished from the economic, welfare of a community, it is not for this Court because of the Commerce Clause to deny the exercise locally of the sovereign power of the [state].

> *Breard v. Alexandria*, 341 U.S. 622, 641 (1951). It is wholly beyond a court's limited authority under the Commerce Clause to review state legislation by balancing reasonable social welfare legislation against its incidental burden on commerce. *Brotherhood of Locomotive Firemen & Enginemen v. Chicago, Rock Island & Pacific Railroad Co.*, 393 U.S. 129, 136, 21 L. Ed. 2d 289, 89 S. Ct. 323 (1968).

*Construction Indus. Ass'n of Sonoma County v. City of Petaluma,* 522 F.2d 897, 909 (9th Cir. 1975), *cert. denied,* 424 U.S. 934 (1976); *accord*, *Christenson v. Yolo County Board of Supervisors*, 995 F.2d 161, 166 (9th Cir. 1993) ("A local regulation will satisfy the Commerce Clause if it 'is rationally related to the social and environmental welfare of the community and does not discriminate against interstate commerce or operate to disrupt its required uniformity.'").

In *Georgia Manufactured Housing v. Spalding County*, 148 F.3d 1304, 1308 (11th Cir. 1998), the court upheld a local zoning requirement that regulated the roof slope of manufactured homes for aesthetic reasons, because it applied equally to in-state and out-of-state business interests and its effects on interstate commerce were incidental.  It therefore withstood scrutiny under the dormant Commerce Clause because the burden imposed on interstate commerce was not "clearly excessive in relation to the putative local benefits." *Id.* (*quoting Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142 (1970)); s*ee also, Texas Manufactured Housing Ass'n. v. City of Nederland*, 101 F.3d 1095 (5th Cir. 1996) (cert. denied, 521 U.S. 1112 (1997)).

The City revoked (and previously granted) U-Haul's use permit pursuant to its local zoning ordinance, based on purely local considerations, such as complaints by neighbors that U-Haul's operations were negatively impacting the neighborhood and public right of way.  The State Court's Order denying U-Haul's writ finds that the "administrative record does reflect a pattern of community complaints that Petitioner's street staging has adversely impacted the surrounding neighborhood."  The Court also finds that U-Haul "is not entitled to expand its operations beyond its own premises and onto adjacent public property." *See* RJN Exh. 2.  Compared to the city-wide zoning at issue in *Construction Indus. Ass'n of Sonoma County* and *Georgia Manufactured Housing*, the absence of any impacts on interstate commerce is manifest.

### B. U-Haul's Sixth Cause of Action for Violation of the California Environmental Quality Act Fails to State a Claim

U-Haul's sixth cause of action alleges that the City violated the California Environmental Quality Act (Cal. Pub. Resources Code §§ 21000 *et seq*.; "CEQA") by "failing to conduct… environmental review and impact analysis" prior to revoking U-Haul's use permit. (Complaint ¶ 56.)

As an initial matter, U-Haul's CEQA claim is barred by the applicable statute of limitations. The City revoked U-Haul's Use Permit on October 10, 2007. RJN Exh. 1 (State Court Complaint ¶ 7). U-Haul had 180 days from that date to challenge the City's failure to conduct CEQA analysis. Public Resources Code § 21167(a). U-Haul did not file this action until May 5, 2008. U-Haul's CEQA claim is therefore time-barred.

Additionally, U-Haul fails to state a claim under CEQA because CEQA requires state and local governments in California to consider the environmental impacts of "projects" they approve or undertake. Cal. Pub. Resources Code § 21065. CEQA is implemented by regulations in Title 14 of the California Code of Regulations, which are known as the "CEQA Guidelines." *See* Cal. Pub. Resources Code § 21083.

Once a local agency determines that an activity, such as revocation of a use permit, is a "project" under CEQA, it must determine if that project is exempt from environmental review under the CEQA statute itself, or pursuant to a "categorical exemption" contained in the CEQA Guidelines. 14 Cal. Code Regs. 15061. If a "project" is exempt from environmental review, no further actions are required to comply with CEQA.

In this case, the revocation of U-Haul's use permit was categorically exempt pursuant to CEQA Guideline 15321:

> (a) Actions by regulatory agencies to enforce or revoke a… permit… for use issued… by the regulatory agency… Such actions include, but are not limited to, the following:
> ***
> (2) The adoption of an administrative decision or order… revoking the… permit…

Because the City's action in revoking U-Haul's use permit was categorically exempt from CEQA, no analysis was required. U-Haul's sixth cause of action therefore fails to state a claim upon which relief can be granted.

## **CONCLUSION**

For all of the foregoing reasons, Defendant City of Berkeley respectfully requests that the Court dismiss the Complaint of U-Haul Co. of California and Amerco Real Estate Company with prejudice.

Dated:  May 27, 2008                              ZACH COWAN, Acting City Attorney


By: _____/s/_____
Lynne Bourgault, Deputy City Attorney
Attorneys for Defendant City of Berkeley