1  ZACH COWAN, Acting City Attorney (SBN 96372)
   LYNNE BOURGAULT, Deputy City Attorney (SBN 180416)
2  2180 Milvia Street, 4th Floor
   Berkeley, CA  94704
3  lbourgault@ci.berkeley.ca.us
   Phone:   510.981.6950
4  Fax:      510.981.6960

5  Attorneys for Defendant
   CITY OF BERKELEY
6

7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   OAKLAND DIVISION

11

12  U-HAUL CO. OF CALIFORNIA, a California    CASE NO. C08-02313 WDB
    corporation; and AMERCO REAL ESTATE
13  COMPANY, a Nevada corporation;           DEFENDANT'S REQUEST FOR
                                             JUDICIAL NOTICE IN SUPPORT OF
14                                           MOTION TO DISMISS (FEDERAL
                Plaintiffs,                  RULE OF EVIDENCE 201)
15
           v.                                Date:   August 20, 2008
16                                           Time:   1:30 p.m.
                                             Dept.:  400S
17  CITY OF BERKELEY, a municipality;

18              Defendant.

19

20         Defendant City of Berkeley requests, pursuant to Federal Rule of Evidence 201, that the

21  Court take judicial notice of the documents listed below, which consist of pleadings on file in the

22  state court proceedings related to this case pending in Alameda Superior Court and business records

23  maintained by the California Secretary of State.  All of these documents are judicially noticeable as

24  they are not subject to reasonable dispute and are capable of accurate and ready determination by

25  resort to sources whose accuracy cannot be reasonably questioned.  Fed. Rule Evidence 201.

26  Additionally, records related to legal proceedings are subject to judicial notice pursuant to Federal

27  Rule of Evidence 201.  *Miles v. State of California*, 320 F.3d 986, 987 (9th Cir. 2003).  The City

28  requests that the Court take judicial notice of the following documents:

                                           1

1. U'Haul's Petition for Writ of Mandate and Complaint for Injunctive Relief, Declaratory Relief and Inverse Condemnation, Alameda County Superior Court Case No. RG07352204, filed October 19, 2007.

2. February 4, 2008 Order, Petition for Writ Denied, Alameda County Superior Court Case No. RG07352204.

3. February 8, 2008 Notice of Entry of Judgment, Alameda County Superior Court Case No. RG07352204.

4. California Secretary of State listings for U-Haul Co. of California and Amerco Real Estate Company.

5. City of Berkeley's Complaint for Injunction/Abatement of Public Nuisance, Alameda County Superior Court Case No. RG08388586, filed May 21, 2008.

6. Defendants U-Haul Co. of California and Amerco Real Estate Company Opposition to Ex Parte Application for Restraining Order and Order to Show Cause Re Preliminary Injunction, dated May 23, 2008.

Dated:  May 27, 2008                    ZACH COWAN, Acting City Attorney


                          By:    _____/s/_____
                                 Lynne Bourgault, Deputy City Attorney
                                 Attorneys for Defendant City of Berkeley

1    Marco A. Gonzalez, Esq. (SBN 190832)
     Aran J. Wong, Esq. (SBN 216321)
2    COAST LAW GROUP, LLP
     169 Saxony Road, Suite 204
3    Encinitas, California  92024
     Tel:   760-942-8505
4    Fax:   760-942-8515

5    Attorneys for Plaintiffs and Petitioners,
     U-HAUL COMPANY OF CALIFORNIA

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF ALAMEDA

10

11   U-HAUL COMPANY OF CALIFORNIA,          )      RG07352204
                                            )
12              Plaintiff and Petitioner,   )
                                            )      U-HAUL'S PETITION FOR WRIT
13          v.                              )      OF MANDATE and COMPLAINT
                                            )      FOR INJUNCTIVE RELIEF,
14   CITY OF BERKELEY, a California municipal )    DECLARATORY RELIEF AND
     corporation; CITY COUNCIL OF THE CITY OF )   INVERSE CONDEMNATION
15   BERKELEY, the governing body of the CITY OF ) [CCP §§ 526, 527, 1036, 1060,
     BERKELEY; LINDA MAIO, in her official  )      1085 and 1094.5]
16   capacity; DARRYL MOORE, in his official )
     capacity; MAXWELL ANDERSON, in his official )
17   capacity; DONA SPRING, in her official )
     capacity; LAURIE CAPITELLI, in her official )
18   capacity; BETTY OLDS, in her official capacity; )
     KRISS WORTHINGTON, in her official capacity; )
19   and GORDON WOZNIAK, in his official     )
     capacity; and DOES 1-10 inclusive,     )
20                                           )
                Defendants and Respondents.  )
21   _____ )

22                            **PARTIES**

23          1.    Plaintiff and Petitioner U-HAUL COMPANY OF CALIFORNIA ("U-HAUL") is a

24   corporation  organized and existing under the laws of California.  U-HAUL is, and at all

25   times herein mentioned was, operating a U-HAUL truck and trailer rental center on real

26   property located at 2100 San Pablo Ave., Berkeley, Alameda County, California (the

27   "Property").  The Property is owned by AMERCO Real Estate.

28   / / /

                                     -1-
            U-HAUL'S PETITION FOR WRIT OF MANDATE AND COMPLAINT

ENDORSED
FILED
ALAMEDA COUNTY

OCT 1 9 2007

CLERK OF THE SUPERIOR COURT
By _____

1    2.    Defendant and Respondent the CITY OF BERKELEY (the "CITY") is a

2    municipal corporation organized and existing under the constitution and laws of the State

3    of California and situated in Alameda County, California.

4    3.    Defendant and Respondent CITY COUNCIL OF THE CITY OF BERKELEY

5    (the "CITY COUNCIL") is a duly constituted appointive body of the CITY.  One of the

6    duties with which the CITY COUNCIL is charged is overseeing and revoking use permits.

7    Defendants and Respondents LINDA MAIO, DARRYL MOORE, MAXWELL ANDERSON,

8    DONA SPRING, LAURIE CAPITELLI, BETTY OLDS, and KRISS WORTHINGTON are the

9    individual members of the CITY COUNCIL, who are sued in their official capacity.

10    4.    U-HAUL is ignorant of the true names and capacities of the Defendants and

11    Respondents sued herein as DOES 1 through 10 inclusive, and therefore sues these

12    Defendants and Respondents by such fictitious names.  U-HAUL will amend this Writ

13    Petition and Complaint to allege their true names and capacities when ascertained.

14    **JURISDICTION**

15    5.    This Court has jurisdiction under Civil Procedure sections 1085 and 1094.5.

16    U-HAUL and Respondents are located in the County of Alameda.  Venue is proper in this

17    Court because U-HAUL'S causes of action arose in the County of Alameda.

18    **THE DISPUTE**

19    6.    On June 25 1975, U-HAUL was awarded Use Permit No. 7575 (the "Use

20    Permit").  The Use Permit specified that the "Use Permitted" was the "Establishment of a

21    U-Haul truck and trailer rental center" on the Property.

22    7.    From the time U-HAUL'S Use Permit was awarded until the date it was

23    revoked, October 10, 2007, U-HAUL operated a U-HAUL truck and trailer rental center on

24    the Property.

25    8.    U-HAUL'S operation consisted primarily of renting moving trucks, trailers and

26    other equipment to various customers.  U-HAUL'S customers frequently rented and

27    returned moving trucks at different locations.  As such, the total number of trucks at any

28    given U-HAUL location varied dramatically over time.  U-HAUL'S customers likewise

-2-

U-HAUL'S PETITION FOR WRIT OF MANDATE AND COMPLAINT

1    frequently parked the moving trucks in public right of ways while loading, unloading and
2    returning the moving trucks.

3        9.    Since U-HAUL'S operation at the Property started in 1975, U-HAUL has
4    received occasional complaints from neighbors regarding the number of trucks on the
5    Property and for parking trucks on public streets.  U-HAUL attempted to resolve these
6    complaints informally.  U-HAUL is not aware of any warnings, tickets or citations related to
7    these complaints from 1975 until September 1997.

8        10.    In 1997, Respondents began telling U-HAUL that it was violating the
9    conditions of its Use Permit by parking its trucks on public streets and parking more than
10    20 trucks on the Property.  However, none of the Use Permit's conditions state that U-
11    HAUL is not permitted to park its trucks on public streets or park more than 20 trucks on
12    the Property.

13        11.    On November 3, 2006, the Respondents issued Citation No. 2651 to U-
14    HAUL for allegedly parking more than 20-trucks on the Property in violation of the
15    conditions of its Use Permit.  This citation was appealed to the CITY'S Administrative
16    Hearing Officer.  On April 6, 2007, the CITY'S Administrative Hearing Officer rejected the
17    CITY'S argument that the Use Permit contains a condition restricting U-HAUL from parking
18    more than 20 trucks on its property.  This decision was never appealed by the CITY.

19        12.    On September 18, 2007, the CITY COUNCIL had a public hearing in which it
20    discussed whether U-HAUL'S Use Permit should be revoked. [The evidence presented at
21    the hearing indicated that U-HAUL was complying with and had been complying with all of
22    the conditions of its Use Permit, and had not undergone a substantial expansion.]  The
23    CITY COUNCIL asked the City Manager to prepare a proposed resolution determining that
24    U-HAUL was in violation of the conditions of its Use Permit.  The proposed resolution was
25    prepare shortly thereafter and posted on the CITY COUNCIL'S website.

26        13.    On October 8, 2007, U-HAUL sent the CITY COUNCIL a letter identifying
27    several reasons why the proposed resolution was defective and should not be adopted.
28    / / /

-3-

U-HAUL'S PETITION FOR WRIT OF MANDATE AND COMPLAINT

1  In response to U-HAUL'S letter, a Supplemental Report and Revised Resolution was

2  prepared (the "Revised Resolution") on or about October 9, 2007.

3      14.    On October 9, 2007 the CITY COUNCIL had a public hearing in which it

4  discussed whether U-HAUL'S Use Permit should be revoked.  The evidence presented at

5  the hearing indicated that U-HAUL was complying with and had been complying with all of

6  the conditions of its Use Permit, and had not undergone a substantial expansion.

7      15.    On October 9, 2007, the CITY COUNCIL adopted the Revised Resolution

8  stating as follows: U-HAUL "is hereby declared to be in violation of Use Permit No. 7575

9  under Berkeley Municipal Code 23B.60.020, and said Use Permit is hereby revoked and

10  its operations are ordered ceased forthwith."

11      16.    U-HAUL has exhausted its administrative remedies in compliance with CCP

12  §§ 1094.5 and 1085.  The Respondents' actions challenged by this Petition are now final.

13  No further administrative appeals or procedures are provided by State or local law.  There

14  are no other remedies available to U-HAUL other than this Writ Petition and Complaint.

15      17.    All of the issues presented in this action were brought to the attention of

16  Respondents during the administrative review process.

17      18.    U-HAUL is entitled to attorney's fees in that:

18      a.    The successful disposition of this lawsuit will result in the enforcement

19  of important rights affecting the public interest and will confer significant benefits upon the

20  public or large classes of persons.  U-HAUL seeks to enforce important provisions of the

21  state and federal constitutions prohibiting the taking of private rights without just

22  compensation, arbitrary and capricious decisions of administrative bodies and violations of

23  the Due Process and Equal Protections clauses.  U-HAUL operates a moving business

24  that confers a significant benefit to the public by allowing residents to transport their items

25  at a fraction of the cost and environmental impacts of transporting their items without U-

26  HAUL'S services.

27      b.    The necessity and financial burden of private enforcement is such as

28  to make the award appropriate; and

-4-

1         c.      Such fees will not be paid out of any recovery.

2                     **FIRST CAUSE OF ACTION**

3        **(Petition for Writ of Mandate Against All Respondents**

4            **Pursuant to C.C.P.§§ 1085 and 1094.5 )**

5    19.    Plaintiff realleges all previous paragraphs as though fully set forth herein.

6    20.    The decision of the CITY COUNCIL to adopt the Revised Resolution on

7 October 9, 2007 was in error because the CITY COUNCIL has not proceeded in the

8 manner required by law, the Revised Resolution is not supported by its findings and the

9 findings are not supported by the evidence.

10    21.    In addition, the decision of the CITY COUNCIL to adopt the Revised

11 Resolution on October 9, 2007 was in error for the following reasons:

12       a.     U-HAUL has complied with the conditions of its Use Permit.

13       b.     U-HAUL'S use of its property has not been substantially expanded or

14              changed in character beyond that set forth in its Use Permit.

15       c.     The adoption of the Revised Resolution constitutes an abuse of the

16              CITY COUNCIL'S discretion because: U-HAUL has been in operation

17              since 1975; U-HAUL serves the community by providing employment,

18              tax revenues and low cost moving services; and there are no benefits

19              to the community by terminating U-HAUL'S Use Permit.

20       d.     The CITY COUNCIL and the CITY are estopped from revoking U-

21              HAUL'S Use Permit by allowing it to operate from 1975 until 1997 in

22              the same manner in which it is operating today without issuing any

23              warnings or citations.  During this time period, U-HAUL made

24              substantial investments in its property, in advertising and in

25              establishing its good will.

26       e.     The Revised Resolution violates the Equal Protection clause of the

27              state and federal constitutions in that there is no basis for treating U-

28 / / /

1    HAUL any differently than any other "self-serve" moving company

2    within the CITY.

3        f.    The Revised Resolution violates the Takings Clause of the state and

4            federal constitutions in that it constitutes a "taking" of U-HAUL'S right

5            to operate a truck and trailer rental business without just

6            compensation.

7        i.    The Revised Resolution violates the Due Process Clause of the state

8            and federal constitutions by revoking U-HAUL'S Use Permit without

9            following the appropriate administrative procedures and in violation of

10           U-HAUL'S substantive Due Process rights.

11   22.    The decision of the CITY COUNCIL to adopt the Revised Resolution on

12   October 9, 2007 should therefore be rescinded.

13                        **SECOND CAUSE OF ACTION**

14               **(Injunctive Relief Against All Respondents**

15                 **Pursuant to CCP §§ 526 and 527)**

16   23.    U-HAUL realleges all previous paragraphs as though fully set forth herein.

17   24.    U-HAUL seeks an order restraining Respondents from issuing further

18   citations against U-HAUL for storing more than 20 trucks on the Property, for using public

19   streets or for "substantially expanding" its use.

20   25.    The issuance of these improper citations will cause great and irreparable

21   injury to U-HAUL and U-HAUL has no adequate remedy at law.

22                        **THIRD CAUSE OF ACTION**

23               **(Injunctive Relief Against All Respondents**

24                 **Pursuant to CCP §§ 526 and 527)**

25   26.    U-HAUL realleges all previous paragraphs as though fully set forth herein.

26   27.    U-HAUL seeks an order voiding the CITY COUNCIL'S decision to rescind U-

27   HAUL'S Use Permit on October 9, 2007.

28   28.    The enforcement of the CITY COUNCIL'S decision to rescind U-HAUL'S Use

-6-

U-HAUL'S PETITION FOR WRIT OF MANDATE AND COMPLAINT

1   Permit will cause great and irreparable injury to U-HAUL and U-HAUL has no adequate

2   remedy at law.

### FOURTH CAUSE OF ACTION

#### (Declaratory Relief Against All Respondents

#### Pursuant to CCP § 1060)

6       29.    U-HAUL realleges all previous paragraphs as though fully set forth herein.

7       30.    An actual controversy has arisen and now exists between U-HAUL and

8   Respondents relating to their respective rights and duties in that U-HAUL contends that it

9   has not violated the conditions of its Use Permit, its use of its Property has not

10  substantially expanded and Respondents have improperly revoked its Use Permit,

11  whereas Respondents dispute these contentions and believe that the opposite is true.

12      31.    U-HAUL desires a declaration of its rights with respect to whether it has

13  violated the conditions of its Use Permit and whether Respondents have properly revoked

14  it.

15      32.    Such a declaration is necessary and appropriate at this time under the

16  circumstances in order that U-HAUL may ascertain its rights and duties with respect to the

17  Property.

### FIFTH CAUSE OF ACTION

#### (Inverse Condemnation Against All Respondents)

20      33.    U-HAUL realleges all previous paragraphs as though fully set forth herein.

21      34.    As a result of Respondents' revocation of U-HAUL'S Use Permit, U-HAUL

22  has been deprived of its right to operate a U-Haul truck and trailer rental center on the

23  Property.

24      35.    As a result of Respondents' revocation of U-HAUL'S Use Permit, U-HAUL

25  has been damaged in an amount to be proven at trial.

26      36.    U-HAUL has received no compensation for the damage to the Property.

27  / / /

28  / / /

-7-

U-HAUL'S PETITION FOR WRIT OF MANDATE AND COMPLAINT

37.    U-HAUL has incurred and will incur attorney's and expert fees because of Respondents' revocation of U-HAUL'S Use Permit, which are recoverable in this action under the provisions of Code of Civil Procedure Section 1036.

## PRAYER FOR RELIEF

WHEREFORE, U-HAUL prays for judgment as follows:

### FIRST CAUSE OF ACTION

1.    That the Court issue a Writ of Mandate ordering Respondents to void and set aside the Revised Resolution.

### SECOND CAUSE OF ACTION

1.    That the Court issue a temporary restraining order, a preliminary injunction and a permanent injunction, all enjoining Respondents from issuing further citations against U-HAUL for storing more than 20 trucks on the Property, for using public streets or for "substantially expanding" its use.

### THIRD CAUSE OF ACTION

1.    That the Court issue a temporary restraining order, a preliminary injunction and a permanent injunction, all requiring Respondents to void and set aside the Revised Resolution.

### FOURTH CAUSE OF ACTION

1.    For a declaration that U-HAUL has not violated the conditions of its Use Permit, its use of its Property has not substantially expanded and Respondents have improperly revoked its Use Permit.

2.    That Court issue a temporary restraining order, a preliminary injunction and a permanent injunction (1) enjoining Respondents from issuing further citations against U-HAUL for storing more than 20 trucks on the Property, for using public streets or for "substantially expanding" its use, and (2) requiring Respondents to void and set aside the Revised Resolution.

/ / /

/ / /

-8-

## FIFTH CAUSE OF ACTION

1.    For damages in an amount to be proven at trial.

2.    For reasonable expert fees.

## ON ALL CAUSES OF ACTION

1.    For attorneys' fees incurred herein;

2.    For costs of suit incurred herein; and

3.    For such other relief as the Court deems proper.

Dated: October _18_ , 2007

COAST LAW GROUP LLP

By: _____

MARCO A. GONZALEZ, ESQ.
Attorneys for Plaintiff and Petitioner
U-HAUL OF CALIFORNIA

-9-

**VERIFICATION**

I, Jeremy Frank, am Director of U-Haul Company of California. I have read the foregoing Complaint and Petition and know the contents thereof. The same is true of my own knowledge, except as to those matters alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _18_ of October, 2007, in the County of Alameda.

Jeremy Frank

-10-

RECEIVED

FEB - 4 2008

CITY ATTORNEY

Coast Law Group
Attn: Gonzalez, Marco A.
169 Saxony Road, Suite 204
Encinitas, CA   92024

City of Berkeley

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| U-Haul Company Of California | No. <u>RG07352204</u> |
| Plaintiff/Petitioner(s) | |
| | Order |
| VS. | |
| | Petition for Writ |
| | Denied |
| City of Berkeley | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

The Petition for Writ was set for hearing on 01/31/2008 at 09:00 AM in Department 31 before the Honorable Frank Roesch. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The Petition Of U-Haul Company Of California ("PETITIONER") is DENIED. The findings of Berkeley City Council's Resolution No. 63,842-N.S., revoking and terminating Use Permit No. 7575 (the "UP") are supported by the weight of the evidence.

Respondent City of Berkeley's City Council may revoke a use permit if it finds that either (1) the holder of the permit has failed to comply with one or more of the conditions set forth therein; or (2) the permitted use has been substantially expanded or changed in character beyond that set forth in the permit. (BMC 23B.60.020.) The City Council found both and both findings are supported by the Administrative Record ("AR").

First, the UP includes a limit of "approximately 20 trucks and 30 trailers." This limitation is not so vague as to be unenforceable. Petitioner admitted to Respondent that Petitioner understood the UP to impose such limits and that Petitioner would endeavor to operate within those limits and/or obtain a modification of the UP. (AR 50, 54, 67, 75, 429.) The City Counsel's conclusion that Petitioner exceeded this limitation by a wide margin is supported by evidence that Petitioner parked 50 trucks on its property and parked many additional vehicles on the street. (AR 7-9, 16-17, 94.) Respondent is not collaterally estopped by the Hearing Officer's dismissal of the 2006 parking citation issued to Petitioner, which Respondent did not have standing to appeal. (See, e.g., Rest.2d Judgments, § 28(1), p. 273.)

Second, the UP does not expressly authorize Petitioner to use public property for staging its equipment. Uses not expressly allowed in a use permit are not authorized by that permit. (BMC 23B.56.010.) Outdoor uses are not permitted unless District regulations authorize them expressly and any required permit is obtained; this includes, but is not limited to, the outside storage of goods, containers and/or materials. (BMC 23E.16.020) Also, the UP assumes that staging would take place on Petitioner's property, and not on public streets or sidewalks, because it included landscaping and design measures intended to screen Petitioner's staging activities from the public. (AR 36-37, 46.) Petitioner used public rights of way for staging, and failed to respond meaningfully to Respondent's unequivocal notices that the UP did not permit public staging, going back to at least 1997. (See, e.g., AR 46-47.)

Third, the UP states that "the use permit shall be subject to review, attaching or additional conditions, or revocation if persistent complaints are received that the operation is detrimental to the neighborhood." (AR 36.) The administrative record does reflect a pattern of community complaints that Petitioner's

street staging has adversely impacted the surrounding neighborhood.  (AR 9-10, 243-36.)

Fourth, even if Petitioner may have a vested right to expand its business, Petitioner is not entitled to expand its operations beyond its own premises and onto adjacent public property.   For all of the above-stated reasons, the Petition is DENIED.


Dated:  01/31/2008

*Frank Roesch* facsimile
_____
Judge Frank Roesch

Order

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| U-Haul Company Of California VS City of Berkeley | RG07352204 |

ADDITIONAL ADDRESSEES

Deputy City Attorney
Attn:  McKinney, Laura N.
2180 Milvia St
4th Fl.
Berkeley, CA   94704

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG07352204
Order After Hearing Re: of 01/31/2008

# DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the
foregoing document was mailed first class, postage prepaid, in a sealed envelope,
addressed as shown on the foregoing document or on the attached, and that the
mailing of the foregoing and execution of this certificate occurred at
201 13th Street, Oakland, California.

Executed on 01/31/2008.

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

1    ZACH COWAN, Acting City Attorney          SBN 96372
     LAURA McKINNEY, Deputy City Attorney      SBN 176082
2    City of Berkeley
3    2180 Milvia Street, Fourth Floor
     Berkeley, CA 94704
4    attorney@ci.berkeley.ca.us
     Telephone:    (510) 981-6950
5    Facsimile:    (510) 981-6960

6    Attorneys for Defendants/Respondents
     CITY OF BERKELEY

7

8

9            SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

             RENE C. DAVIDSON COURTHOUSE
10

11   U-HAUL COMPANY OF CALIFORNIA          Case No. RG07352204

12             Petitioner,                 **NOTICE OF ENTRY OF JUDGMENT**

13        v.

14   CITY OF BERKELEY, a California municipal
     corporation; CITY COUNCIL OF THE CITY
15   OF BERKELEY, the governing body of the
     CITY OF BERKELEY; LINDA MAIO, in her
16   official capacity; DARRYL MOORE, in his
     official capacity; MAXWELL ANDERSON, in
17   his official capacity; DONA SPRING, in
     her official capacity; LAURIE CAPITELLI, in his
18   official capacity; BETTY OLDS, in her official
     capacity; KRISS WORTHINGTON, in his
19   capacity; and GORDON WOZNIAK, in his
     official capacity; and DOES 1-10 inclusive,
20

21             Respondents.

22   TO PLAINTIFF U-HAUL COMPANY OF CALIFORNIA AND THEIR ATTORNEY OF
23   RECORD:

24        PLEASE TAKE NOTICE that on February 7, 2008, the above-entitled Court duly

25   entered Judgment in the above action.  A true copy of which is attached hereto as Exhibit A.

26   Dated: February 8, 2008

27                                    Respectfully submitted:

28                           By: _____
                                    ZACH COWAN, Acting City Attorney
                                    Attorneys for Defendants

                    NOTICE OF ENTRY OF JUDGMENT
                    ACSC NO. RG07352204

The following endorsement stamp appears in the upper right:

ENDORSED
FILED
ALAMEDA COUNTY

FEB - 8 2008

CLERK OF THE SUPERIOR COURT
By JAMIE HAH  Deputy

# EXHIBIT A

1 | ZACH COWAN, Acting City Attorney     SBN 96372
   | LAURA McKINNEY, Deputy City Attorney     SBN 176082

2 | City of Berkeley
   | 2180 Milvia Street, Fourth Floor

3 | Berkeley, CA 94704
   | attorney@ci.berkeley.ca.us

4 | Telephone:    (510) 981-6950
   | Facsimile:    (510) 981-6960

5 |

  | Attorneys for Defendants/Respondents

6 | CITY OF BERKELEY

ENDORSED
FILED
ALAMEDA COUNTY

FEB 0 7 2008

CLERK OF THE SUPERIOR COURT
BY ___ FILIPINO TUNGOHAN
DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

**RENE C. DAVIDSON COURTHOUSE**

| | |
|---|---|
| U-HAUL COMPANY OF CALIFORNIA | Case No. RG07352204 |
| Petitioner, | JUDGMENT |
| v. | |
| CITY OF BERKELEY, a California municipal corporation; CITY COUNCIL OF THE CITY OF BERKELEY, the governing body of the CITY OF BERKELEY; LINDA MAIO, in her official capacity; DARRYL MOORE, in his official capacity; MAXWELL ANDERSON, in his official capacity; DONA SPRING, in her official capacity; LAURIE CAPITELLI, in his official capacity; BETTY OLDS, in her official capacity; KRISS WORTHINGTON, in his capacity; and GORDON WOZNIAK, in his official capacity; and DOES 1-10 inclusive, | |
| Respondents. | |

The Court having denied the Petition of U-Haul Company of California on January 31, 2008.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Judgment shall enter in favor of the City of Berkeley and all the Respondents against U-Haul Company of California on the Petition for Writ of Administrative Mandate. The findings of Berkeley City Council's

**EXHIBIT** *A*

**Exh. 3 (4 of 5 pgs)**

1 | Resolution No. 63,842-N.S., revoking and terminating Use Permit No. 7575 (the "UP") are

2 | supported by weight of the evidence.

3

4 | Dated: _2/7/08_____

5

6

7

_____
Judge Frank Roesch
Alameda County Superior Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

**CASE NAME:**    *U-Haul Company of California v. City of Berkeley, et al.*

**COURT:**    Alameda County Superior Court – Rene C. Davidson Courthouse

**CASE NO.:**    RG07352204

I, the undersigned, certify that I am employed in the City of Berkeley, County of Alameda, California; that I am over the age of eighteen years and not a party to the within action; that my business address is 2180 Milvia Street, 4th Floor, Berkeley, California 94704. On this date, I served the following document(s):

## NOTICE OF ENTRY OF JUDGMENT

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

**Counsel for Plaintiff:**
Jon H. York, Esq.
Margaret J. Allen, Esq.
York & Brock
918 Parker Street, Suite A-21
Berkeley, CA  94710
Phone:  (510) 841-1171
Fax:  (510) 841-1666
jyork@jyorklaw.com

**X**    **By First Class Mail** - I am readily familiar with the firms' practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence is deposited with the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in Berkeley, California, for mailing to the office of the addressee following ordinary business practices.

___    By Personal Service - I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee

___    By Courier - I caused each such envelope to be given to an overnight mail service (insert name of service) at Berkeley, California, to be hand delivered to the office of the addressee on the next business day.

___    By Facsimile - I caused each such document to be transmitted to the office of the addressee following ordinary business practices in compliance with applicable rules of civil procedure and rules of court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on February 8, 2008 at Berkeley, California.

L. Sybil Parks-Brown

---

Proof of Service                                                                                  ACSC No. RG07352204

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of MAY 09, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| U-HAUL CO. OF CALIFORNIA | | |
| **Number:** C0593032 | **Date Filed:** 3/2/1970 | **Status:** active |
| **Jurisdiction:** California | | |
| **Address** | | |
| U-HAUL LEGAL DEPARTMENT | | |
| 2721 N. CENTRAL AVE | | |
| PHOENIX, AZ 85004 | | |
| **Agent for Service of Process** | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# California Business Portal

Secretary of State DEBRA BOWEN

| SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | OTHER SERVICES |

## Business Search Corporations

- **New Search**
- **Search Tips**
- **Field Definitions**
- **Status Definitions**
- **Name Availability**
- **Corporate Records**
- **Business Entities Records Order Form**
  - Certificates
  - Copies
  - Status Reports
- **FAQs**
- **Corporations Main Page**
- **Site Search**

# Corporations

The information displayed here is current as of "MAY 09, 2008" and is updated wee is not a complete or certified record of the Corporation.

---

For information about certification of corporate records or for additional corporate information, please refer to **Corporate Records**. If you are unable to locate a recor may request a more extensive search by ordering a status report. Fees and instruct for ordering a status report are included on the **Business Entities Records Order** Certificates and/or certified copies can also be requested using the order form.

Results of search for " U Haul "

*Click on the name of the corporation for additional information.*

| Corp Number | Date Filed | Status | Corporation Name | Agent fo Service Proces |
|---|---|---|---|---|
| C0830879 | 11/1/1977 | suspended | **CLOVIS STONE & U-HAUL READY MIX, INC.** | JAMES I EBERWE |
| C1020505 | 3/11/1981 | suspended | **NORTH PALM SPRINGS U-HAUL INC.** | EDWARI LOTSTEI |
| C2451353 | 11/14/2002 | active | **R S M U-HAUL, INC.** | FRANCIS DELEON |
| C2261580 | 8/29/2000 | forfeited | **RETOUCH USA WHICH WILL DO BUSINESS IN CALIFORNIA AS MORENO VALLEY U-HAUL AND EQUIPMENT RENTAL** | DARCY N ADAMS |
| C0912669 | 3/8/1979 | active | **U-HAUL BUSINESS CONSULTANTS, INC.** | C T CORPORAT SYSTEM |
| C0262657 | 4/29/1952 | merged out | **U-HAUL CO.** | ** RESIGNEI 07/22/199 |
| C0224786 | 2/16/1948 | surrender | **U-HAUL CO.** | |
| C0593032 | 3/2/1970 | active | **U-HAUL CO. OF CALIFORNIA** | C T CORPORAT SYSTEM |
| C0593039 | 3/2/1970 | merged out | **U-HAUL CO. OF COASTAL CALIFORNIA** | |
| C0593041 | 3/2/1970 | merged out | **U-HAUL CO. OF FRESNO** | C T CORPORAT SYSTEM |
| C0593031 | 3/2/1970 | merged | **U-HAUL CO. OF INLAND** | |

**Exh. 4 (3 of 4 pgs)**

| | | out | **CALIFORNIA** | |
|---|---|---|---|---|
| C0621169 | 4/2/1971 | surrender | **U-HAUL CO. OF LAS VEGAS, INC.** | C T CORPORATION SYSTEM |
| C0593036 | 3/2/1970 | merged out | **U-HAUL CO. OF LONG BEACH** | |
| C0593037 | 3/2/1970 | merged out | **U-HAUL CO. OF LOS ANGELES** | C T CORPORATION SYSTEM |
| C0593034 | 3/2/1970 | merged out | **U-HAUL CO. OF ORANGE COUNTY** | C T CORPORATION SYSTEM |
| C0828397 | 9/28/1977 | surrender | **U-HAUL CO. OF OREGON** | C T CORPORATION SYSTEM |
| C0593030 | 3/2/1970 | merged out | **U-HAUL CO. OF SACRAMENTO** | C T CORPORATION SYSTEM |
| C0593035 | 3/2/1970 | merged out | **U-HAUL CO. OF SAN BERNARDINO** | C T CORPORATION SYSTEM |
| C0593033 | 3/2/1970 | merged out | **U-HAUL CO. OF SAN DIEGO** | C T CORPORATION SYSTEM |
| C0593029 | 3/2/1970 | merged out | **U-HAUL CO. OF SAN FRANCISCO** | C T CORPORATION SYSTEM |
| C0593040 | 3/2/1970 | merged out | **U-HAUL CO. OF SAN JOSE** | |
| C0714335 | 5/13/1974 | surrender | **U-HAUL CO. OF SOUTHERN ARIZONA** | C T CORPORATION SYSTEM |
| C0262658 | 4/29/1952 | merged out | **U-HAUL CO. OF SOUTHERN CALIFORNIA** | C T CORPORATION SYSTEM |
| C0607843 | 9/23/1970 | surrender | **U-HAUL CO. OF SOUTHERN OREGON** | |
| C0593038 | 3/2/1970 | merged out | **U-HAUL CO. OF VAN NUYS** | C T CORPORATION SYSTEM |

Copyright ©2001 California Secretary of State. **Privacy Statement.**



**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of MAY 09, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| AMERCO REAL ESTATE COMPANY | | |
| **Number:** C1692940 | **Date Filed:** 7/18/1991 | **Status:** active |
| **Jurisdiction:** NEVADA | | |
| **Address** | | |
| 2721 N. CENTRAL AVE. | | |
| PHOENIX, AZ 85004 | | |
| **Agent for Service of Process** | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

1  Zach Cowan, Acting City Attorney (SBN 96372)
   Lynne Bourgault, Deputy City Attorney  SBN180416
2  City of Berkeley
   2180 Milvia Street, Fourth Floor
3  Berkeley, CA 94704
   LBourgault@ci.berkeley.ca.us
4  Tel. 510.981.6950
   Fax. 510.981.6960
5

6  Attorneys for Plaintiff
   CITY OF BERKELEY
7

8

9

10

11

E N D O R S E D
F I L E D
ALAMEDA COUNTY

MAY 2 1 2008

CLERK OF THE SUPERIOR COURT
M. Salcido    , Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| CITY OF BERKELEY,<br><br>       Plaintiff,<br><br>vs.<br><br>U-HAUL CO. OF CALIFORNIA, a California corporation; AMERCO REAL ESTATE COMPANY, a Nevada corporation, and DOES 1-100,<br><br>       Defendants. | No.  **RG08388586**<br><br>COMPLAINT FOR INJUNCTION/ABATEMENT OF PUBLIC NUISANCE |

The City of Berkeley alleges as follows:

## PARTIES

1.  At all times mentioned herein, the City of Berkeley (City) is and was a municipal corporation organized and existing under and by virtue of the laws of the State of California and the City Charter.

2.  Defendant U-Haul Co. of California (U-Haul) is a California corporation that operates a U-Haul truck and trailer rental business at 2100 San Pablo Avenue in Berkeley, California. This business includes storing and renting trucks and trailer to the public, as well as selling moving-related materials, such as boxes, tape, blankets, etc.

3.  The City alleges on information and belief that U-Haul is a subsidiary of or entity

1

1  controlled by U-Haul International, Inc. U-Haul International supplies various products and services

2  for the "do-it-yourself" moving and storage market in North America. It rents trucks and trailers, as

3  well as offers self-storage rooms through a network of managed retail moving centers and

4  independent U-Haul dealers. As of June 1, 2007, the company's fleet consisted of approximately

5  93,000 trucks, 80,675 trailers, and 33,500 tow devices, as well as had approximately 380,000 rooms

6  and 33.5 million square feet of storage space at 1,050 owned and managed facilities. The company

7  also sells moving supplies, including U-Haul brand boxes, tape, and other moving and self-storage

8  products and services to customers at its distribution outlets, as well as through its eMove Web site.

9  In addition, the company involves in the sale and installation of hitches and towing systems, which

10  tow U-Haul equipment, as well as jet skis, motorcycles, boats, campers, and horse trailers. Further,

11  U-Haul International has propane barbeque-refilling networks that provide refilling services for

12  various propane cylinders in North America. U-Haul International is owned by a corporation named

13  AMERCO.

14      4.  Defendant Amerco Real Estate Company (Amerco RE) is a Nevada corporation that

15  claims to own the property at 2100 San Pablo Avenue.

16      5.  U-Haul and Amerco RE are subsidiaries of and/or owned closely associated with,

17  AMERCO.

18      6.  The true names and capacities of Does 1-100 are unknown at this time to the City;

19  however City is informed and believes, and thereon alleges, that each of the defendants named as

20  Doe is responsible for the acts or omissions of each of the other defendants, or has some interest in

21  the subject matter of this action.  Therefore the City sues such defendants by such fictitious names.

22  The City will ask leave of Court to amend this complaint by inserting the true names and capacities

23  of the said Does when ascertained.

**APPLICABLE CITY ORDINANCES**

25      7.  In the proper exercise of its police power, the City has adopted ordinances regulating the

26  construction and alteration of buildings and other structures, as well as a zoning ordinance.

27      8.  The Zoning Ordinance in effect in the City has, at all times relevant to this action,

28  provided that "[n]o land or building shall be used… except as permitted by this Ordinance, either as

1  of right or by permit." This requirement is set forth in Berkeley Municipal Code (BMC) section

2  23A.12.010.

3      9.  In addition, BMC section 1.26.010 provides that any violation of a City ordinance that

4  relates to the use of land and buildings is a public nuisance.

5      10. BMC Section 1.26.020 authorizes the City Attorney to initiate civil actions to abate

6  public nuisances.

7      11. BMC Section 1.26.040 provides that the City may recover its costs, including attorneys'

8  fees, in any civil action filed to abate a public nuisance.

9  **DEFENDANT'S TRUCK RENTAL OPERATION AT 2100 SAN PABLO AVENUE AND**

10  **HISTORY OF VIOLATIONS**

11      12. The property at 2100 San Pablo Avenue is located in the C-W Zoning District, which

12  generally allows commercial, mixed–use and medium and high density residential development. It

13  abuts a residential district along Addison Street to the north and along Tenth Street to the west. The

14  C-W District regulations are contained in BMC Chapter 23E.64. The C-W District regulations were

15  adopted in the 1990's.

16      13. In May 1975, U-Haul submitted a use permit application and site plan to establish a U-

17  Haul truck and trailer rental center at 2100 San Pablo. Under the zoning regulations in effect at the

18  time, U-Haul's truck rental operation was permissible with issuance of a use permit. The City

19  approved U-Haul's application and issued Use Permit #7575, and U-Haul began operating at 2100

20  San Pablo Avenue in July 1975.

21      14. Since at least 1997, U-Haul has repeatedly violated the conditions of Use Permit #7575.

22      15. In mid-2007, every other approach having failed, the City initiated proceedings to

23  revoke or impose further conditions on U-Haul's use permit.

24      16. As required by the City's Zoning Ordinance, the City's Zoning Adjustments Board

25  (ZAB) held an initial noticed public hearing on June 28, 2007. U-Haul was given notice but,,

26  without explanation, declined to attend.

27      17. At the close of the hearing, the ZAB recommended to the City Council that it revoke U-

28  Haul's use permit.

1    18. The City Council held a noticed public hearing on September 28, 2007, to consider the

2    ZAB's recommendation. This time U-Haul attended. Its representative, Mr. Jeremy Frank, admitted

3    that all the problems complained of regarding U-Haul's operations were true and apologized for

4    them, admitted that U-Haul was aware of the limitations in its Use Permit, and did not dispute their

5    application to its operations.

6        19. Ultimately, the City Council voted unanimously to adopt revoke U-Haul's Use Permit.

7        20. U-Haul timely challenged this decision in Alameda County Superior Court via a Petition

8    for Writ of Administrative Mandate and Complaint for Declaratory and Injunctive Relief, and

9    Damages. In addition to equitable relief, U-Haul sought damages for a purported "taking" under the

10   Fifth Amendment, on the theory that the City's revocation of its use permit had put it out of

11   business.

12       21. The Alameda County Superior Court denied U-Haul's motion for a writ and entered a

13   judgment against it.

14       22. Counsel for the City submitted the proposed judgment in the presence of U-Haul's

15   counsel. U-Haul's counsel was also present when the signed judgment as returned to the City's

16   counsel a few minutes later. At no time did U-Haul object to the propriety or entry of judgment.

17       23. U-Haul did not appeal within the period allowed by California law, and the Superior

18   Court's judgment is now final. As a result, U-Haul does not have a Use Permit to operate its truck

19   rental business at 2100 San Pablo.

20       24. However the Superior Court stayed the effect of the City's revocation until May 7, 2008,

21   in order to allow U-Haul to file an application to seek an entitlement to continue its operation at

22   2100 San Pablo Avenue. U-Haul did not do so, and did not seek any extension of the stay, which

23   has now expired.

24       25. U-Haul nevertheless is continuing to operate its truck rental operation, despite its lack of

25   the required entitlement to do so from the City.

26                                   **FIRST CAUSE OF ACTION**

27                                **VIOLATION OF MUNICIPAL ORDINANCE**

28       26. The City realleges and incorporates by reference in this cause of action the allegations in

4

1   paragraphs 1 through 25 above.

2       27. Under the C-W District regulations (BMC Chapter 23E.64; Exh. D), which were adopted

3   in the 1990's, the corner at Addison Street and San Pablo Avenue, which includes 2100 San Pablo,

4   is a designated "node". The C-W District regulations do not permit truck rental operations at

5   "nodes". Thus in order to obtain an entitlement to operate such a business there, U-Haul would be

6   required to apply for an obtain a variance. It has not done so.

7       28. Defendants' continued operation of its truck rental business at 2100 San Pablo Avenue

8   operation in a violation of the C-W District regulations, and therefore of the Zoning Ordinance and

9   Municipal Code.

10      29. The City has no adequate or speedy remedy in the ordinary course of the law in that only

11  if this Court grants the relief requested, can the harm caused by Defendants' actions be remedied.

12  Monetary compensation would be a wholly inadequate remedy for this harm.

13                          **SECOND CAUSE OF ACTION**

14                          **PUBLIC NUISANCE**

15      30. The City realleges and incorporates by reference in this cause of action the allegations in

16  paragraphs 1 through 29 above.

17      31. Defendants' violations of the Zoning Ordinance alleged herein constitute public

18  nuisances, in that violation of the City's Zoning Ordinance as alleged in herein is a public nuisance

19  *per se.*

20      WHEREFORE the City prays for relief as follows:

21      1. For this Court's interim and permanent injunctions ordering Defendants and their agents,

22  employees, servants, and all persons, acting under, or in concert with, or for him, to abate the public

23  nuisance at 2100 San Pablo Avenue by ceasing its the truck and trailer rental business, as well as

24  any other business or use not permitted as of right by BMC Chapter 23E.64, as determined by the

25  Zoning Officer.

26      2. For the City's costs of enforcement herein, including attorneys' fees;

27      3. For costs of suit incurred herein;

28      4. For such other and further relief as the Court deems just and proper.

5.

1

2    Dated:  May 21, 2008                          Respectfully submitted:

3

4                                                  Zach Cowan, Acting City Attorney

5

6

7

8

9.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Injunction (Public Nuisance)
Case No.

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
ZACH COWAN, Acting City Attorney (SBN 96372)
LYNNE S. BOURGAULT, Deputy City Attorney (SBN 180416)
CITYOF BERKELEY
2180 Milvia St., 4th Floor, Berkeley, CA 94704
TELEPHONE NO.: (510) 981-6950    FAX NO. (Optional): (510) 981-6960
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff CITY OF BERKELEY

FOR COURT USE ONLY

**ENDORSED
FILED
ALAMEDA COUNTY**

MAY 2 1 2008

CLERK OF THE SUPERIOR COURT
**M. Salcido**    , Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: CITY OF BERKELEY

DEFENDANT/RESPONDENT: U-HAUL CO. OF CALIFORNIA, et al.

CASE NUMBER:
RG08388586

JUDICIAL OFFICER:

| NOTICE OF RELATED CASE | DEPT.: |
|---|---|

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: U-Haul Company of California, City of Berkeley, et al.
    b.  Case number: RG07 352204
    c.  Court: [✓] same as above
        [ ] other state or federal court *(name and address):*
    d.  Department: 31
    e.  Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*
    f.  Filing date: October 19, 2007
    g.  Has this case been designated or determined as "complex?" [ ] Yes [✓] No
    h.  Relationship of this case to the case referenced above *(check all that apply):*
        [✓] involves the same parties and is based on the same or similar claims.
        [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
        [ ] involves claims against, title to, possession of, or damages to the same property.
        [✓] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
            [ ] Additional explanation is attached in attachment 1h
    i.  Status of case:
        [ ] pending
        [ ] dismissed [ ] with [ ] without prejudice
        [✓] disposed of by judgment

2.  a.  Title: U-Haul Company of California; Amerco Real Estate Company v. City of Berkeley
    b.  Case number: C08-02313 WDB
    c.  Court: [ ] same as above
        [✓] other state or federal court *(name and address):* U.S.D.C., Northern District of California
    d.  Department: Oakland Division

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exh. 5 (8 of 10 pgs)

CM-015

| PLAINTIFF/PETITIONER:  CITY OF BERKELEY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  U-HAUL CO. OF CALIFORNIA, et al. | |

2.  *(continued)*

e.  Case type: ☐ limited civil  ☑ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify):*

f.  Filing date: May 5, 2008

g.  Has this case been designated or determined as "complex?" ☐ Yes  ☑ No

h.  Relationship of this case to the case referenced above *(check all that apply):*

☑ involves the same parties and is based on the same or similar claims.

☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☑ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 2h

i.  Status of case:

☑ pending

☐ dismissed  ☐ with  ☐ without prejudice

☐ disposed of by judgment

3.  a.  Title:

b.  Case number:

c.  Court: ☐ same as above

☐ other state or federal court *(name and address):*

d.  Department:

e.  Case type: ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify):*

f.  Filing date:

g.  Has this case been designated or determined as "complex?" ☐ Yes  ☐ No

h.  Relationship of this case to the case referenced above *(check all that apply):*

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 3h

i.  Status of case:

☐ pending

☐ dismissed  ☐ with  ☐ without prejudice

☐ disposed of by judgment

4.  ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: May 21, 2008

Zach Cowan
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

**NOTICE OF RELATED CASE**

SUM-100

# SUMMONS Exh. 5 (9 of 10 pgs)
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

U-HAUL CO. OF CALIFORNIA, a California corporation;
AMERCO REAL ESTATE COMPANY, a Nevada corporation; and
DOES 1-100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CITY OF BERKELEY

ENDORSED
FILED
ALAMEDA COUNTY

MAY 2 1 2008

CLERK OF THE SUPERIOR COURT
M. Salcido    , Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.   Una carta o una llamada telefónica no lo protegen.   Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.   Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.   Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales.   Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.   Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.   Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda County Superior Court<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>**RG08388586** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Zach Cowan, Acting City Attorney / Lynne Bourgault, Deputy City Attorney
City of Berkeley, 2180 Milvia Street, 4th Fl., Berkeley, CA 94704; Phone: 510/981-6950/Fax: 510/981-6960

PAT S. SWEETEN
M. Salcido

| | | |
|---|---|---|
| DATE:<br>*(Fecha)*   MAY 2 1 2008 | Clerk, by _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*

3. [  ] on behalf of *(specify):*

   under: [  ] CCP 416.10 (corporation)      [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation)   [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership)   [  ] CCP 416.90 (authorized person)
          [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Zach Cowan, Acting City Attorney (SBN 96372)    Exh. 5 (10 of 10 pgs)
Lynne Bourgault, Deputy City Attorney (SBD 180416)
CITY OF BERKELEY, 2180 Milvia St., 4th Fl., Berkeley, CA 94704

TELEPHONE NO.: (510) 981-6950    FAX NO.: ( 510) 981-6560
ATTORNEY FOR (Name): Plaintiff CITY OF BERKELEY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: (same as above)
CITY AND ZIP CODE: Oakland, CA  94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
CITY OF BERKELEY vs. U-HAUL CO. OF CALIFORNIA, et al.

**FOR COURT USE ONLY**

ENDORSED
FILED
ALAMEDA COUNTY

MAY 2 1 2008

CLERK OF THE SUPERIOR COURT
M. Salcido        , Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000)   ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG08388586<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
✓ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (*not specified above*) (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): Two (2)
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 21, 2008
Zach Cowan, Acting City Attorney
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

From: MRB MGMT CO / PERRY WALTZ   310 858 0865   Filed 05/23/2008 10:14 #005 P.002/026
Case 4:08-cv-02313-WDB   Document #65   Filed 05/23/2008   Page 15 of 25

Exh. 6 (1 of 11 pgs)

RYAN D. LAPIDUS (Bar No. 196838)
Email: ryan@lapiduslaw.com
DANIEL C. LAPIDUS (Bar No. 227170)
Email: dan@lapiduslaw.com
JIM D. BAUCH (Bar No. 199454)
Email: jim@lapiduslaw.com
LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION
177 SOUTH BEVERLY DRIVE
BEVERLY HILLS, CALIFORNIA 90212
TEL: 310-550-8700
FAX: 310-943-2471

Attorneys for Defendants U-Haul Co. of California
and Amerco Real Estate Company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| CITY OF BERKELEY, a municipality,<br><br>Plaintiff,<br><br>vs.<br><br>U-HAUL CO. OF CALIFORNIA, a California corporation; AMERCO REAL ESTATE COMPANY, a Nevada corporation; and DOES 1-100,<br><br>Defendants. | CASE NO.: RG08388586<br><br>**DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Hearing<br>Date: May 23, 2008<br>Time: 11:00 a.m.<br>Dept.: 31 |

Defendants U-Haul Co. of California ("U-Haul") and Amerco Real Estate Company ("Amerco") hereby oppose the ex parte application by Plaintiff City of Berkeley (the "City") seeking a TRO and OSC re Preliminary Injunction.

From:MRB MGMT CO / PERRY MALTZ      310 858 0865      05/23/2008 10:15 #005 P.003/076
Case 4:08-cv-02313-WDB     Document 11-3     Filed 05/27/2008     Page 16 of 25
Exh. 6 (2 of 11 pgs)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

There is no basis for the City's Application.  As explained below, U-Haul is not operating a truck rental business, is not in violation of the Zoning Ordinance, and is not a "public nuisance."  The City has brought this lawsuit and TRO application to harass U-Haul and retaliate against it for filing a federal lawsuit challenging the City's unconstitutional and wrongful treatment of U-Haul. The Court should decline the City's invitation to interfere in a previously filed, ongoing federal lawsuit that the City admits involves the same or similar parties, claims, questions of law and fact, and is likely to require substantial duplication of judicial resources if heard by different judges.

Furthermore, there is no harm – let alone the extreme irreparable harm required for a TRO – posed by U-Haul's operations, especially when compared to the considerable harm that will be suffered by U-Haul, and the residents of Berkeley who rely upon its services, if the Application is granted.

For these reasons, and as set forth in further detail below, the Court should deny the Application.

### II.    FACTUAL BACKGROUND

#### A.    U-Haul's Current Operations

Following the expiration of the stay of the City's revocation of U-Haul's Use Permit, U-Haul has advised its customers at the San Pablo facility that "the City of Berkeley has chosen to deny you the right to obtain U-Haul services from this location," and encouraged them to contact Berkeley Councilman Darryl Moore with their concerns and feedback. See Declaration of Eric Crocker ("Crocker Decl."), ¶ 7 and Ex. F; Declaration of Adam Craig ("Craig Decl."), ¶ 5.

Since that time, the San Pablo facility has acted as a retail operation selling moving supplies such as boxes and packing materials, and served as a pick-up and

1    drop-off point for truck sharing customers. <u>See</u> Crocker Decl., ¶ 8. The San

2    Pablo facility does not accept any payment or compensation from the truck share

3    users. <u>See</u> <u>id.</u>, ¶ 9. Nor does the San Pablo facility take reservations for vehicles,

4    or enter into contracts. <u>See</u> <u>id.</u>, ¶ 10; Craig Decl., ¶ 5.

5

6              B.     <u>U-Haul's Efforts To Cooperate With the City</u>

7       U-Haul has made repeated efforts to obtain a Zoning Certificate from the

8    City. A Zoning Certificate "<u>shall</u> be issued if the Zoning Officer determines that

9    the proposed use or building is allowed as a matter of right by the Ordinance, and

10    conforms to all the applicable development and use standards therein." Berkeley

11    Municipal Code ("BMC") § 23B.20.060 (emphasis added). However, the City

12    has rejected U-Haul's requests and attempted to impose additional conditions not

13    authorized by law.

14       On April 30, 2008, Eric Crocker, Vice President of U-Haul Company of

15    California, submitted an application for a Zoning Certificate to the City's Land

16    Use Planning department. <u>See</u> Crocker Decl., ¶ 2 and Ex. A.

17       On May 2, 2008, Steven Ross, Acting Principal Planner of the City, sent a

18    letter to Mr. Crocker rejecting U-Haul's ZC application and stating that "[i]f you

19    wish to proceed with a ZC and business license for the retail sales use," U-Haul

20    must submit, among other things, "[a] Revised ZC Application specifying only

21    retail sales and no unrelated administrative/office use for truck/equipment

22    rentals," and that "[i]f marketing of other U-Haul services is proposed at the site,

23    clarify that reservations would not be made on-site. . . ." Crocker Decl., Ex. B.

24    Mr. Ross further stated that "our approval of a ZC for a new use at the site would

25    supercede all previously approved use permits for the property," implying that U-

26    Haul would have to waive its rights to challenge the City's revocation of the use

27    permit. <u>See</u> <u>id.</u>

28

---

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR
RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE
PRELIMINARY INJUNCTION - 3

1    Mr. Crocker sent Mr. Ross a letter on May 6, 2008 regarding U-Haul's ZC

2  application, and spoke with Mr. Ross by telephone.  See id., ¶ 4 and Ex. C.

3    On May 7, 2008, U-Haul received a letter from Acting City Attorney Zach

4  Cowan.  See Crocker Decl., Ex. D.  Among other things, Mr. Cowan reiterated

5  the conditions and demands made in Mr. Ross's May 2, 2008 letter.  See id.

6    On May 13, 2008, Mr. Ross wrote a letter to Eric Crocker rejecting U-

7  Haul's May 6, 2008 submission and insisting that the City would only accept an

8  application in the form of a declaration drafted by the City and attached to Mr.

9  Ross's letter.  See id., Ex. E.

10    The City has demonstrated its lack of good faith in other ways.  City

11  officials have refusal to meet with U-Haul sustainability staff to discuss U-Haul's

12  role in helping Berkeley achieve its goals of reducing emissions of greenhouse

13  gases.  U-Haul's services help reduce greenhouse gas emissions in Berkeley,

14  consistent with Berkeley's stated policy.  The City has adopted the Kyoto

15  Protocol, and enacted Measure G, which declares that the City has "a goal of 80%

16  reduction in greenhouse gas emissions by 2050."

17    U-Haul's truck sharing operations are consistent with, and help to achieve,

18  these goals.  Each U-Haul truck helps keep nineteen privately owned large

19  capacity vehicles off the road, reducing greenhouse gas emissions.  Indeed, the

20  City proudly proclaims its partnership with other vehicle-sharing operations such

21  as FlexCar, ZipCar, and City Carshare.  But when it comes to U-Haul, the City's

22  professed environmental goals are set aside in its zeal to run U-Haul out of town.

23    Indeed, the City has shown that it has little interest in resolving the specific

24  issues that it now complains about.  The City refused to discuss with U-Haul the

25  complaints it has allegedly received regarding U-Haul's San Pablo facility.  On

26  Sunday, May 18, 2008, Officer Jeremiason told Mr. Crocker that the police

27  phones had been "blowing up" with complaints regarding the San Pablo facility.

28  See Crocker Decl., ¶ 11.  On Monday, May 20, 2008, Mr. Crocker went to the

---

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR
RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE
PRELIMINARY INJUNCTION - 4

From:MRB MGMT CO / PERRY MALTZ    310 858 0865    05/23/2008 10:15 #005 P.006/076
Case 4:08-cv-02313-WDB    Document 11-3    Filed 05/27/2008    Page 19 of 25
Exh. 6 (5 of 11 pgs)

1    Berkeley Police Department to try to learn what complaints, if any, had been

2    made regarding the San Pablo facility. See id., ¶ 12. The police department

3    stonewalled him, stating that it "is not our policy" to provide any information

4    regarding the complaints. See id., ¶ 13. The receptionist told Mr. Crocker that

5    the police report would be ready in "10 to 12 business days," and that he could

6    not request a copy of the report but would have to return to do so. See id. Nor

7    could he speak to the police officer who visited the facility, Officer Jeremiason,

8    until "Friday" (i.e., the day of this hearing). See id. In fact, Officer Jeremiason

9    had already apparently signed his declaration, which the City later filed with its *ex*

10   *parte* TRO Application.

11

12   **III.   ARGUMENT**

13          A.   The City's Complaint and Application Are Improper Because

14              of the Pending Federal Action

15        The City filed this action on May 21, 2008. However, on May 5, 2008, U-

16   Haul filed a lawsuit against the City in the United States District Court for the

17   Northern District of California, Case No. C08-02313 (WDB). See Request for

18   Judicial Notice, Ex. B.[1]

19        The City's Notice of Related Case filed in this action admits that the federal

20   action "involves the same parties and is based on the same or similar claims,"

21   "arises from the same or substantially identical transactions, incidents, or events

22   requiring the determination of the same or substantially identical questions of law

23   or fact," and "is likely for other reasons to require substantial duplication of

24   judicial resources if heard by different judges." City of Berkeley's Notice of

25   Related Case.

26

27

28

---

[1] The City was served with the summons and complaint on May 6, 2008.

---

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR
RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE
PRELIMINARY INJUNCTION - 5

1    Therefore, by the City's own admission, there exists another action pending

2  between the same parties on related causes of action, which subjects the City's

3  entire action to dismissal pursuant to Code of Civil Procedure Section 430.10(c).

4  See Code Civ. Proc. § 430.10(c) (proper objection to complaint if there exists

5  "another action pending between the same parties on the same cause of action");

6  see also Burch v. Slamin, 137 Cal. App. 2d 1 (1955) (where complaints are filed

7  in two courts involving the same subject of action, the court in which the

8  summons is first served acquires jurisdiction of the entire controversy, and the

9  action in the other court is subject to abatement on the ground of another action

10  pending).

11    In the alternative to dismissing this entire matter pursuant to Code of Civil

12  Procedure Section 430.10, judicial comity mandates that this Court stay the City's

13  action in order to allow the parties to litigate the entire controversy in the District

14  Court, where Defendants' lawsuit was filed and served weeks before this action

15  began.  Permitting the City to force Defendants to litigate on two fronts is

16  improper and unfair and should not be tolerated.[2]  Moreover, it would create a risk

17  of inconsistent results and conflicting rulings, and represent a waste of valuable

18  judicial resources.  The Court has discretion to stay this proceeding and should do

19  so.  See Thomson v. Continental Ins. Co., 66 Cal.2d 738, 746 (1967) ("Granting a

20  stay in a case where the issues in two actions are substantially identical is a matter

21  addressed to the sound discretion of the trial court") (internal citations omitted);

22  Simmons v. Sup.Ct. of Los Angeles County, 96 Cal. App. 2d 119, 122 (1950) ("It

23  is settled California law that the pendency of a prior action in a court of

24  competent jurisdiction, predicated on the same cause of action and between the

25  same parties, constitutes good ground for abatement of a later action within the

26

27

28
[2] In fact, the City is forcing U-Haul to fight on three fronts; in addition to U-Haul's lawsuit and this action filed by the City, the City has issued administrative citations that U-Haul must contest through administrative channels.

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR
RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE
PRELIMINARY INJUNCTION - 6

1   same jurisdiction either in the same court or in another court having the

2   jurisdiction' and it is held that the first court to assume and exercise jurisdiction in

3   a particular case acquires <u>exclusive jurisdiction</u> and prohibition lies to restrain

4   another court from proceeding if it is threatening to do so.") (emphasis added);

5   <u>see also</u> <u>Farmland Irrigation Co. v. Dopplmaier</u>, 48 Cal.2d 208, 215 (1957) ("In

6   exercising its discretion the court should consider the importance of discouraging

7   multiple litigation designed solely to harass an adverse party, and of avoiding

8   unseemly conflicts with the courts of other jurisdictions. It should also consider

9   whether the rights of the parties can best be determined by the court of the other

10  jurisdiction because of the nature of the subject matter, the availability of

11  witnesses, or the stage to which the proceedings in the other court have already

12  advanced").

13

14          B.    <u>U-Haul Is Not Engaging in "Truck and Trailer Rental</u>

15                <u>Operations"</u>

16          The City's Application also fails on the merits. The City claims to be

17  seeking a TRO "to enjoin truck and trailer rental operations, as well as any other

18  unpermitted use, at 2100 San Pablo Avenue, Berkeley California." However, U-

19  Haul is not conducting a truck and trailer rental operation at that facility.

20          The Berkeley Municipal Code defines the Automobile Sales and Rentals

21  use category as "[a]n establishment which sells, rents or leases automobiles,

22  trucks or other motor driven vehicles (excepting motorcycles) which are on its

23  premises." BMC 23F.04. Black's Law Dictionary defines "rent" as

24  "[c]onsideration paid for use or occupation of property. In a broader sense, it is

25  the compensation or fee paid, usually periodically, for the use of any rental

26  property, land, buildings, equipment, etc." Black's Law Dictionary (West

27  Publishing, 6th ed. 1995), p. 1297.

28

---

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR
RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE
PRELIMINARY INJUNCTION - 7

From:MRB MGMT CO / PERRY MALTZ    310 858 0865    05/23/2008 10:16 #005 P.009/076
Case 4:08-cv-02313-WDB    Document 11-3    Filed 05/27/2008    Page 22 of 25
**Exh. 6 (8 of 11 pgs)**

1    The San Pablo facility does not accept any payment or compensation from

2  the truck share users. <u>See</u> Crocker Decl., ¶ 9. In fact, the declarations submitted

3  by the City -- to the extent they are admissible evidence, which U-Haul denies for

4  the reasons set forth in the accompanying objections – confirm that payment is

5  not made or accepted through the San Pablo facility.

6    Nor does the San Pablo facility take reservations for vehicles, or enter into

7  contracts. <u>See</u> Crocker Decl., ¶ 10; Craig Decl., ¶ 5. None of the City's

8  declarants – despite conducting what appears to be considerable surveillance of

9  the San Pablo facility – can show any instance of a customer making a reservation

10  or signing a contract with that facility's staff and/or making payment at that

11  facility.[3]

12

13           C.    <u>There Is No Showing of Irreparable Injury</u>

14    A temporary restraining order requires a showing "that great or irreparable

15  injury will result to the applicant before the matter can be heard on notice." Code

16  of Civil Procedure § 427(c)(1).

17    The City is obligated to show the traditional balancing of the equities and

18  hardships in order to obtain the requested injunctive relief. The City incorrectly

19  states that "inquiry into the relative harms to the parties" is unnecessary where

20  there is a public nuisance, but the law does not state that. The venerable

21  California Supreme Court case of <u>Frost v. City of Los Angeles</u>, 181 Cal. 22

22  (1919) specifically holds that "the relative convenience of the parties" remains

23  controlling in matters of public nuisance:

24        "When an injunction to restrain a nuisance will produce great
25        public or private mischief, a court of equity is not bound to

26  ─────────────────────────────
[3] The fact that customers can use a telephone or computer at the San Pablo facility to make a
27  reservation through another U-Haul entity's toll-free number or website is irrelevant. First,
Defendant U-Haul Co. of California does not operate or control those phone numbers or website.
28  Second, customers can use any telephone or internet-connected computer to access those
resources; there is nothing special about the phone or computer at the San Pablo facility.
─────────────────────────────

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR
RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE
PRELIMINARY INJUNCTION - 8

1    grant it merely for the purpose of protecting a technical
2    unsubstantial right. [Citation.] The court may properly be
     guided by the consideration of the relative convenience of the
3    parties; and if it appears that the benefit resulting to the plaintiff
     from the granting of the writ will be slight as compared to the
4    injury to the defendant, the relief may be denied and the
5    plaintiff left to the pursuit of his remedy at law."

6
7    Id. at 31 (rejecting claim for nuisance based on failure to issue permit).

8           The City's authorities on this issue do not hold otherwise. They stand only

9    for the proposition that injury can be presumed from a nuisance, but this does not

10   exempt or prevent courts from evaluating the relative inconvenience and injury to

11   defendant. The court in People v. Synanon Foundation, Inc., 88 Cal.App.3d 304

12   (1979) specifically rejected the use of People ex rel. Dept. Pub. Wks. V. Adco

13   Advertisers, 35 Cal.App.3d 507 (1973) that the City proposes:

14          "Respondent contends that since it seeks to enforce a zoning
             ordinance which provides that a violation of the ordinance is a
15          public nuisance, it is relieved from proving actual harm to the
16          public from the operation of the airport pending trial once it
             established to the trial court's satisfaction that respondent
17          probably would prevail on the merits. Respondent argues that
18          an irrebuttable presumption of public harm arises from a
             probable zoning violation, citing People ex rel. Dept. Pub. Wks.
19          v. Adco Advertisers (1973) 35 Cal.App.3d 507, 110 Cal.Rptr.
20          849. Adco, however, does not stand for such a proposition."

21   Synanon, 88 Cal.App.3d at 310. The court held that a serious question remained
22   whether the use violated the zoning ordinance.

23          Nor do the City's other cases prove their point. In re Brambini, 192 Cal. 19
24   (1923), discusses notice rules for abatement actions but says nothing about the
25   issue of relative harm. Lastly, the City cites City of San Francisco v. City
26   Investment Corporation, 1 Cal.App.3d 16 (1971). No such case exists at this
27   citation. If the City intended to cite the case of that name at 15 Cal.App.3d 1031,
28   then that case is not pertinent here as it only stands for the point that nuisances are

---

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR
RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE
PRELIMINARY INJUNCTION - 9

From:MRB MGMT CO / PERRY MALTZ     310 858 0865     05/23/2008 10:16 #005 P.011/076
Case 4:08-cv-02313-WDB     Document 11-3     Filed 05/27/2008     Page 24 of 25
Exh. 6 (10 of 11 pgs)

1  subject to abatement. That case did not concern a preliminary injunction, and the
2  abatement was only permitted after a full trial with evidence establishing the
3  nuisance and danger. Id. at 1041.

4      Here, the City cannot identify any irreparable harm that will result from U-
5  Haul's current operations. Indeed, it will suffer no harm.

6      By contrast, U-Haul and the customers in the Berkeley community who use
7  and rely upon U-Haul's services, will suffer irreparable harm if U-Haul's
8  operations are shut down. U-Haul provides the residents of Berkeley, particularly
9  minority and lower-income residents, with an inexpensive, reliable, and
10 environmentally friendly way to move themselves and their families to a better
11 life. U-Haul has specifically helped battered women move to better and safer
12 environments. But it is the City's goal to deprive its residents of this valuable
13 public service.

14

15      D.    A TRO Would Overturn, Not Preserve, the Status Quo

16      "The avowed purpose of a preliminary injunction is to preserve the status
17 quo pending a trial on the merits." Weil & Brown, Cal. Prac. Guide: Civ. Pro.
18 Before Trial (The Rutter Group 2007), §9:538. Here, the City seeks to overturn
19 the status quo, and obtain the ultimate relief it seeks in this action.

20

21      E.    Equity Weighs Against a TRO

22      The City has failed to do equity. U-Haul has attempted to obtain from the
23 City a Zoning Certificate – to which U-Haul is entitled as a matter of right – but
24 the City has refused to provide it unless U-Haul agrees to additional restrictions
25 not required by law, and to waive its legal rights.

26      Furthermore, the City's application comes just weeks after it was served
27 with a federal lawsuit filed by U-Haul challenging the City's unconstitutional and
28 wrongful campaign to run U-Haul out of town. This application is plainly the

---

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR
RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE
PRELIMINARY INJUNCTION - 10

From: MRB MGMT CO / PERRY MALTZ    310 858 0865    05/23/2008 10:16 #005 P.012/076
Case 4:08-cv-02313-WDB    Document 11-3    Filed 05/27/2008    Page 25 of 25
**Exh. 6 (11 of 11 pgs)**

1   City's attempt to gain leverage in that lawsuit and to retaliate against U-Haul for

2   asserting its First Amendment right to petition for a redress of grievances. Such

3   inequitable conduct forfeits any right the City could claim to seek equitable relief.

4

5   **IV.**   <u>**CONCLUSION**</u>

6       For the reasons set forth above, the Court should deny the Application in

7   full.

8

9   DATED: May 22, 2008       LAPIDUS & LAPIDUS

10                       A PROFESSIONAL LAW CORPORATION

11

12

13                   RYAN D. LAPIDUS

14                   Attorneys for Defendants U-Haul Co. of

15                   California and Amerco Real Estate Company

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR
RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE
PRELIMINARY INJUNCTION - 11