ZACH COWAN, Acting City Attorney (SBN 96372)
LYNNE BOURGAULT, Deputy City Attorney (SBN 180416)
2180 Milvia Street, 4th Floor
Berkeley, CA 94704
lbourgault@ci.berkeley.ca.us
Phone: 510.981.6950
Fax:    510.981.6960

Attorneys for Defendant
CITY OF BERKELEY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| U-HAUL CO. OF CALIFORNIA, a California corporation; and AMERCO REAL ESTATE COMPANY, a Nevada corporation;<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF BERKELEY, a municipality;<br><br>　　　　　Defendant. | CASE NO. C08-02313 WDB<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED. RULE CIV. PROC. 11; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>Date:　August 27, 2008<br>Time:　1:30 p.m.<br>Ctrm:　400S |

TO PLAINTIFFS' COUNSEL OF RECORD:

　　NOTICE IS HEREBY GIVEN that on August 27, 2008, at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 1301 Clay Street, Suite 400S, Oakland, California, defendant City of Berkeley will and hereby does move the Court for sanctions pursuant to Federal Rule of Civil Procedure 11 on the grounds set forth in the accompanying memorandum of points and authorities.

　　This motion is based upon this Notice, the complete files and records of this action, the Memorandum of Points and Authorities, the Declaration filed in support of this motion, and on such evidence and argument as may be presented at the hearing.

Dated: May 27, 2008          ZACH COWAN, Acting City Attorney

By: _____/s/_____
Zach Cowan, Acting City Attorney
Attorneys for Defendant City of Berkeley

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

By this motion the City of Berkeley seeks sanctions under F.R.C.P. 11 based on the certification by plaintiffs' counsel of a Complaint that:

- omits critically important and dispositive facts known to plaintiffs and their counsel;
- purports to allege claims that could have and should have been brought in prior state court litigation; and
- purports to allege claims that were patently without merit.

The City seeks sanctions in the amount of to be proved to compensate it for the costs of defending this frivolous lawsuit as well as an amount the Court deems appropriate to deter further such behavior by plaintiffs and their counsel.

### II.

### STATEMENT OF FACTS

Until recently, U-Haul operated a truck and trailer rental business at 2100 San Pablo Avenue. U-Haul had obtained a use permit to establish this business in 1975, but in recent years had repeatedly violated it by, among other things, storing more trucks than were allowed and as a result, storing them on the public right of way. In effect, U-Haul used public on-street parking spaces as its own adjunct parking lot.

In May 1975, U-Haul submitted a use permit application and site plan to establish a U-Haul truck and trailer rental center at 2100 San Pablo. Under the zoning regulations in effect at the time, U-Haul's truck rental operation was permissible with issuance of a use permit. The City approved U-Haul's application and issued Use Permit #7575, and U-Haul began operating at 2100 San Pablo Avenue in July 1975.

Since at least 1997, U-Haul has repeatedly violated the conditions of Use Permit #7575. In mid-2007, every other approach having failed, the City initiated proceedings to revoke or impose further conditions on U-Haul's use permit.

As required by the City's Zoning Ordinance, the City's Zoning Adjustments Board (ZAB) held an initial noticed public hearing on June 28, 2007. U-Haul was given notice but, without explanation, declined to attend. At the close of the hearing, the ZAB recommended to the City Council that it revoke U-Haul's use permit.

The City Council held a noticed public hearing on September 28, 2007, to consider the ZAB's recommendation. This time U-Haul attended. Its representative admitted that all the problems complained of regarding U-Haul's operations were true and apologized for them, admitted that U-Haul was aware of the limitations in its Use Permit, and did not dispute their application to its operations. At the close of the hearing, the City Council voted unanimously to adopt revoke U-Haul's Use Permit.

U-Haul timely challenged this decision in Alameda County Superior Court via a Petition for Writ of Administrative Mandate and Complaint for Declaratory and Injunctive Relief, and Damages. In addition to equitable relief, U-Haul sought damages for a purported "taking" under the Fifth Amendment, on the theory that the City's revocation of its use permit had put it out of business.

The Alameda County Superior Court denied U-Haul's motion for a writ and entered a judgment against it. Counsel for the City submitted the proposed judgment in the presence of U-Haul's counsel. U-Haul's counsel was also present when the signed judgment as returned to the City's counsel a few minutes later. At no time did U-Haul object to the propriety or entry of judgment.

U-Haul did not appeal within the period allowed by California law, and the Superior Court's judgment is now final. As a result, U-Haul does not have a Use Permit to operate its truck rental business at 2100 San Pablo. Nonetheless, the Alameda County Superior Court stayed the effect of the City's revocation until May 7, 2008. The stay has since expired. This action was filed 2 days before the stay expired.

## III.

## ARGUMENT

In its motion to dismiss under F.R.C.P. 12(b)(6), which is set for hearing at the same time as this motion, the City pointed out the many respects in which this action is utterly without merit. We will not repeat that discussion here. Rather, we will point out the specific requirements of Rule 11 that plaintiffs and their counsel violated by filing this action in the first place.

In *Holgate v. Baldwin*, 425 F.3d 671, 675-676 (9th Cir. 2005), the Ninth Circuit explained how it applies Rule 11 under circumstances present here.

> An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court "claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" Fed. R. Civ. P. 11(b)(2). When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations and citation omitted). As shorthand for this test, we use the word "frivolous" "to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Moore v. Keegan Mgmt. Co (In re Keegan Mgmt. Co., Sec. Litig.*), 78 F.3d 431, 434 (9th Cir. 1996).

Moreover, "'the mere existence of one non-frivolous claim' in a complaint does not immunize it from Rule 11 sanctions. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364 (9th Cir. 1990)." (Id., at 677.)

In this case Plaintiffs and their counsel violated Rule 11 by omitting from their complaint critically important and dispositive facts of which they were aware, specifically, the existence of the prior state court litigation. As a result, they purported to allege claims that are objectively baseless and cannot be justified by a "nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law". In doing so they did not merely fail to conduct a reasonable and competent inquiry, they actually failed to disclose a material fact well known to them—the prior state court litigation. As we explain below, the state court litigation disposes of this action under *Younger* abstention and *res judicata*. Even aside from these barriers, the claims plaintiffs and their counsel allege in this action are objectively frivolous on their merits.

A.     **Omission of State Court Proceedings—*Younger* Abstension and *Res Judicata***

Plaintiffs allege a campaign of targeted harassment and retaliation against them, resulting in revocation of U-Haul's use permit and destruction of its business. They go so far as to allege that the City "issued citations to U-Haul without legal or factual basis" (Complaint ¶ 23) and allege that "U-Haul successfully challenged some of Defendant's conduct." (Complaint ¶ 24.)

Given these allegations, one would think that U-Haul would:

- identify the City conduct U-Haul challenged; and
- give a full—or at least not misleadingly partial—account of the results of its challenges.

Specifically, one would think that having gone down this road, plaintiffs and their counsel would state that of the many administrative citations the City issued it, U-Haul challenged only two, of which one was upheld by the City's hearing officer. (*See*, Cowan Decl. ¶¶ 2-6.) Most importantly, one would think plaintiffs and their counsel would disclose somewhere in the Complaint that U-Haul in fact challenged the validity of the City's revocation decision and sought damages for a taking of its property in state court, was unsuccessful, did not bother to file an appeal, and is now subject to a final judgment in state court. (RJN, Exhs. 1-3.)

We explain in our concurrent motion to dismiss why the state court judgment on U-Haul's petition for writ of mandate and complaint for injunctive and declaratory relief and inverse condemnation is dispositive.

Plaintiffs and their counsel displayed an astonishing lack of candor in failing to mention these material facts in their complaint. (*Blackwell v. Department of Offender Rehabilitation*, 807 F.2d 914, 915 ($5^{11th}$ Cir. 1987) [sanctions imposed for failure to disclose settlement barring award of attorneys' fees in motion for fees]; *Itel Containers Int'l Corp. v. P.R. Marine Management*, 108 F.R.D. 96, 104 (D. NJ 1985) [failure to disclose lack of subject matter jurisdiction violated duty of candor and justified sanctions]; *see also*, *Cheney v. United States Dist. Court,* 542 U.S. 367,386, 124 S. Ct. 2576, 2590, 159 L. Ed. 2d 459, 481 (2004) ["attorneys also owe an obligation of candor to the judicial tribunal".])

The fact that plaintiffs and their counsel did not disclose this key fact is sufficient basis for sanctions by itself. *In re Ronco, Inc*., 838 F.2d 212, 218 (7th Cir. 1988), upheld imposition of

sanctions for failure to disclose material facts, even though that omission was later corrected. The court stated that failure to disclose "facts that were highly relevant to an accurate characterization of the facts that were stated… amounts, in its totality, to a half-truth that can be just as misleading, sometimes more misleading, than an absolutely false representation."

That statement accurately describes plaintiffs' and their counsel's approach here.

B.     **Assertion of Frivolous Claims**

Even aside from the final state court judgment, plaintiffs' causes of action are patently without merit and directly and flatly contrary to well-established controlling authority. As such they are sanctionable under Rule 11. (*Szabo Food Serv. v. Canteen Corp.*, 823 F.2d 1073, 1081-1083  (7th Cir. 1987); *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531,  1537-1538 (9th Cir. 1986) ; *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 205  (3rd Cir. 1985).)

In *Thornton v. Wahl,* 787 F.2d 1151, 1154 (7th Cir. 1986), the plaintiff was sanctioned for arguing to the court "without a shred of authority" that under state law an application for a stay had the effect of a stay itself. The court also observed that the plaintiff's argument could not be described as a reasoned request for a change in the law because it "misrepresent[ed] existing law; she does not accurately describe the law and then call for change."

> Rule 11 requires counsel to study the law before representing its contents to a federal court. An empty head but a pure heart is no defense. The Rule requires counsel to read and consider before litigating. Counsel who puts the burden of study and illumination on the defendants or the court must expect to pay attorneys' fees under the Rule. [Citations.] … The test under Rule 11 is objective. [Citations.] The point, rather, is that every lawyer must do the necessary work to find the law *before* filing the brief. It is not acceptable to make an assertion of law and hope that it will turn out to be true.

(*Id.*)

As another example, in *Holgate*, *supra*, 425 F.3d at 677, plaintiffs were sanctioned because they alleged an equal protection violation without identifying what racial group or otherwise protected class they belonged to. Ultimately they "contended that they were members of the protected class of 'consumers looking to build their dream home.'" The Ninth Circuit rejected this argument:

> Not surprisingly, plaintiffs cited no case law recognizing such a class as meriting heightened protection. Nor can we consider their argument one for a non-frivolous extension of existing case law, as the Supreme Court has held that "group actions generally resting on economic motivations should be deemed beyond the reach of § 1985(3)." *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 839, 77 L. Ed. 2d 1049, 103 S. Ct. 3352 (1983).
>
> We cannot know plaintiffs' or their attorneys' minds, but their conduct towards the City and the Court in filing this action is a best exceedingly cavalier.
>
> It appears that grounds for imposing sanctions exist. If Kuzmins' counsel had made even minimum inquiry into the law before signing the complaint, no "clerical error" would have occurred.

(*Kuzmins v. Employee Transfer Corp.*, 587 F.Supp. 536 (ND Ohio 1984).)

Moreover, Rule 11 requires a plaintiff "to consider 'whether any *obvious* affirmative defenses bar the case.' *White v. General Motors Corp.,* 908 F.2d 675, 682 (10th Cir. 1990), *cert. denied,* 498 U.S. 1069, 111 S. Ct. 788, 112 L. Ed. 2d 850 (1991)." (*FDIC v. Calhoun*, 34 F.3d 1291, 1299 (5th Cir. 1994), emphasis in original.)

This principle is particularly applicable here, where the City's primary affirmative defense—that it has a final state court judgment and their case is barred by *res judicata* and *Younger*—was staring plaintiffs and their counsel in the face.

Beyond that, it took counsel for the City only a few minutes to find longstanding and dispositive authority that revocation of a use permit simply does not rise to the level of an interference with interstate commerce. (*See* Plaintiffs' fourth cause of action.) Before asserting constitutional claims in federal court, plaintiffs or their counsel should at least have done a few minutes research. (*Chambers v. American Trans Air*, 17 F.3d 998, 1006-1007 (7th Cir. 1994.)

Similarly, it takes only a few seconds to locate the provisions in state law and regulations under which their CEQA claim is time-barred (Cal. Pub. Resources Code § 21167(a)) and expressly and unambiguously exempted from environmental review (14 Cal. Code Regs. 15321). (*See* Plaintiffs' sixth cause of action.)

Finally, it is beyond question that a valid administrative decision to revoke a permit—just like a decision to abate a nuisance[1]—does not constitute inverse condemnation, or a denial of due

---

[1]   In this case, U-Haul's violation of its Use Permit is a *per se* public nuisance. (*See*, Berkeley Municipal Code § section 1.26.010, Cowan Decl. Exh. A.)

1 process or equal protection.

2 The scope of title held by property owners and businesses is defined by underlying
3 principles of state law. (*Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1029-1030, 120 L. Ed. 2d
4 798, 112 S. Ct. 2886 (1992).) Thus abatement of a nuisance is never a taking, because a property
5 owner's title never includes the right to create a nuisance. (*Id.*; *see*, *e.g.*, *Miller v. Schoene*, 276 U.S.
6 272, 280, 72 L.Ed. 568, 48 S.Ct. 246 (1928); *Scott v. City of Del Mar* (1997) 58 Cal.App.4th 1296,
7 1305-1306; *Duffy v. City of Long Beach* (1988) 201 Cal.App.3d 1352, 1358.) Likewise, with
8 respect to a permit to operate a business, "by reason of the State's traditionally high degree of
9 control over commercial dealings, [a property owner] ought to be aware of the possibility that new
10 regulation might even render his property economically worthless (at least if the property's only
11 economically productive use is sale or manufacture for sale). (*Lucas*, *supra*, 1028-1029.) Again, this
12 is because the property interests conferred by a permit that is subject to revocation in the event of
13 violation do not include the right to violate it.

14 Under California law, even where a land use entitlement has vested "it may be revoked if the
15 permittee fails to comply with reasonable terms or conditions expressed in the permit …" (*Goat
16 Hill Tavern v. City of Costa Mesa* (1992) 6 Cal.App.4th 1519, 1530-1531; *O'Hagen v. Board of
17 Zoning Adjustment* (1971) 19 Cal.App.3d 151, 158 ["When a permittee has acquired … a vested
18 right [in a permit] it may be revoked if the permittee fails to comply with reasonable terms or
19 conditions expressed in the permit granted.]; *Trans- Oceanic Oil Corp. v. Santa Barbara* (1948) 85
20 Cal.App.2d 776, 783 ["If the permittee does nothing beyond obtaining the permit or fails to comply
21 with reasonable terms or conditions expressed in the permit granted, the proper authorities may
22 revoke it.".]; *accord*, *Malibu Mts. Rec. v. County of L.A.* (1998) 67 Cal.App.4th 359; *Korean
23 American Legal Advocacy Found. v. City of L.A.* (1994) 23 Cal.App.4th 376, 391; *Traverso v.
24 People ex rel. Dep't of Transp.* (1993) 6 Cal.4th 1152, 1161-1162; *Scott v. City of Del Mar* (1997)
25 58 Cal.App.4th 1296; *Duffy v. City of Long Beach* (1988) 201 Cal.App.3d 1352; *Hoeck v. City of
26 Portland* (9th Cir. 1995) 57 F.3d 781.)

27 In sum, a valid revocation of U-Haul's use permit to operate a truck and trailer rental
28 business could not, as a matter of law, constitute a taking, or denial of due process or equal

protection. Thus, when the Court determined that the City's revocation of U-Haul's Use Permit was proper, it fully resolved all of plaintiffs' other causes of action as a matter of law. As a result, plaintiffs had no objectively reasonable basis for filing this action.

## IV.
## **CONCLUSION**

Accordingly, the City requests that the Court impose sanctions in an amount it deems appropriate and award the City its attorneys' fees in an amount to be proved at the hearing.

Dated: May 27, 2008.              ZACH COWAN, Acting City Attorney

By: _____/s/_____
Zach Cowan, Acting City Attorney

Attorneys for Defendant City of Berkeley