ZACH COWAN, Acting City Attorney (SBN 96372)
LYNNE BOURGAULT, Deputy City Attorney (SBN 180416)
2180 Milvia Street, 4th Floor
Berkeley, CA  94704
lbourgault@ci.berkeley.ca.us
Phone: 510.981.6950
Fax:    510.981.6960

Attorneys for Defendant
CITY OF BERKELEY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| U-HAUL CO. OF CALIFORNIA, a California corporation; and AMERCO REAL ESTATE COMPANY, a Nevada corporation;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BERKELEY, a municipality;<br><br>Defendant. | CASE NO. C08-02313 WDB<br><br>**DECLARATION OF ZACH COWAN IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. RULE CIV. PROC. 11**<br><br>Date: August 27, 2008<br>Time: 1:30 p.m.<br>Ctrm: 400S |

I, Zach Cowan, declare:

1.  I am the Acting City Attorney for the City of Berkeley, and have primary responsibility for representing the City in this matter, as well all other matters related to U-Haul's operations at 2100 San Pablo Avenue. In particular, I represented the City with respect to defending the administrative citations described below before both the City's administrative hearing officer and the Alameda County Superior Court, and am familiar with the documents in the record of those proceedings.

2.  In mid-2006, the City issued two administrative citations to U-Haul concerning its business at 2100 San Pablo Avenue in Berkeley.

3.  It issued citation #0046 for parking 32 trucks on the street, in violation of its use permit and the City's Zoning Ordinance, and it issued citation #2651 for parking more trucks on its property than allowed by its use permit.

1

4. U-Haul sought a hearing before the City's administrative hearing officer, who dismissed citation #2651, but upheld #0046.

5. U-Haul then filed an action in Alameda County Superior Court challenging the hearing officer's decision as to citation #0046. After a preliminary ruling by the court rejecting U-Haul's argument that as a matter of law parking on the public right of way could not constitute a violation of the City's Zoning Ordinance, U-Haul entered into a stipulation with the City to dismiss its challenge to citation #0046.

6. Although U-Haul was cited a number of other times during 2006 for similar violations, it did not contest any of those citations.

7. Attached hereto as Exhibit A is a true and correct copy of Berkeley Municipal Code Chapter 1.26.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Berkeley, California, on May 27, 2008.

                                        /s/
                                  Zach Cowan

2

Declaration of Zach Cowan ISO Defendant's Motion for Sanctions Pursuant To Fed. Rule Civ. Proc. 11
Case No. C08-02313 WDB

# Chapter 1.26

## VIOLATIONS DECLARED PUBLIC NUISANCE

**Sections:**

| | |
|---|---|
| 1.26.010 | Certain violations of City ordinances declared public nuisances--Abatement by injunction. |
| 1.26.020 | City Attorney authorized to file civil actions to abate public nuisances. |
| 1.26.030 | Civil penalties for serious offenders. |
| 1.26.040 | Recovery of costs of abatement and attorneys' fees. |

### Section 1.26.010 Certain violations of City ordinances declared public nuisances--Abatement by injunction.

A. Violations of all City ordinances and codes which relate to the use of land and buildings, the construction and alteration of buildings, the maintenance and habitability of housing, fire safety, public health and environmental health, and which result in a physical change to land or buildings, are hereby declared to be public nuisances. In addition, violations of City ordinances regulating noise are hereby declared to be public nuisances.

B. In addition to any other remedies or penalties which may be available, any violation described in the preceding paragraph shall be subject to abatement in a civil action, based upon a showing by the City that said violation exists.

C. Notwithstanding any provision in this code to the contrary, this section does not define the term "nuisance" as it is used in, or for purposes of, Code of Civil Procedure Section 1161(4). (Ord. 6660-NS § 1, 2001: Ord. 6297-NS § 2 (part), 1995)

### Section 1.26.020 City Attorney authorized to file civil actions to abate public nuisances.

The City Attorney is authorized to initiate civil actions to abate public nuisances as defined in this chapter. (Ord. 6297-NS § 2 (part), 1995)

### Section 1.26.030 Civil penalties for serious offenders.

A. In addition to any other remedy or penalty which may be available, any person who is found by any court of competent jurisdiction to have committed three wilful violations described in Section 1.26.010.A within any twelve-month period, shall be subject to a fine of ten thousand dollars. An additional fine of ten thousand dollars shall be assessed for each succeeding violation adjudged to have occurred within the same twelve-month period.

B. For purposes of this chapter only, a continuing violation shall be deemed a single violation.

C. The fines established by this section shall be awarded upon entry of judgment in any civil action initiated pursuant to this chapter. (Ord. 6297-NS § 2 (part), 1995)

### Section 1.26.040 Recovery of costs of abatement and attorneys' fees.

The City may recover its costs, including attorneys' fees, in any civil action filed pursuant to this chapter, to the extent it is partially or entirely successful. (Ord. 6297-NS § 2 (part), 1995)



EXHIBIT A