RYAN D. LAPIDUS (Bar No. 196838)
Email: ryan@lapiduslaw.com
DANIEL C. LAPIDUS (Bar No. 227170)
Email: dan@lapiduslaw.com
JIM D. BAUCH (Bar No. 199454)
Email: jim@lapiduslaw.com
LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION
177 SOUTH BEVERLY DRIVE
BEVERLY HILLS, CALIFORNIA 90212
TEL: 310-550-8700
FAX: 310-943-2471

Attorneys for Plaintiff U-Haul Co. of California
and Amerco Real Estate Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U-HAUL CO. OF CALIFORNIA, a California corporation; and AMERCO REAL ESTATE COMPANY, a Nevada corporation,<br><br>              Plaintiffs,<br><br>      v.<br><br>CITY OF BERKELEY, a municipality;<br><br>              Defendant. | CASE No.: C08-02313 WDB<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date:  September 3, 2008<br>Time: 1:30 p.m.<br><br>The Honorable Wayne D. Brazil<br>Courtroom 4 |

1    In support of their Opposition to Defendant's Motion to Dismiss, plaintiffs
2  U-Haul Co. of California and Amerco Real Estate Company ("Plaintiffs")
3  respectfully request that the Court take judicial notice of the following documents
4  pursuant to Federal Rules of Evidence Rule 201 (records of courts of the State of
5  California):

6

7    EXHIBIT A    August 1, 2008: City of Berkeley's Opposition to Motion to
8                 Stay or Dismiss filed in the Alameda County Superior Court,
9                 Case No. RG08-388586, entitled *City of Berkeley v. U-Haul*
10                *Company of California*
11   EXHIBIT B    June 17, 2008: City of Berkeley's Notice of Motion and
12                Motion for Dismissal of Appeal filed in the Court of Appeal
13                of the State of California, First Appellate District, Division
14                Three, Case No.RG07352204, entitled *U-Haul Company of*
15                *California v. City of Berkeley.*
16   EXHIBIT C    July 3, 2008: U-Haul Co. of California's Opposition to
17                Motion for Dismissal of Appeal filed in the Court of Appeal
18                of the State of California, First Appellate District, Division
19                Three, Case No.RG07352204, entitled *U-Haul Company of*
20                *California v. City of Berkeley.*
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

| | |
|---|---|
| 1 | EXHIBIT D   Order Denying Motion for Dismissal of Appeal of Alameda |
| 2 | County Superior Court Case No.RG07352204, entitled *U-* |
| 3 | *Haul Company of California v. City of Berkeley*, entered by |
| 4 | the Clerk of the Court of Appeal of the State of California on |
| 5 | July 18, 2008. |

DATED: August 13, 2008        LAPIDUS & LAPIDUS
                              A PROFESSIONAL LAW CORPORATION


JIM D. BAUCH
Attorneys for Defendants U-Haul Co. of
California and Amerco Real Estate Company

EXHIBIT A

1  ZACH COWAN, Acting City Attorney SBN 963721
   LYNNE S. BOURGAULT, Deputy City Attorney SBN180416
2  City of Berkeley
   2180 Milvia Street, Fourth Floor
3  Berkeley, CA 94704
   LBourgault@ci.berkeley.ca.us
4  Telephone:    (510) 981-6950
5  Facsimile:    (510) 981-6960

6  Attorneys for Plaintiff
   CITY OF BERKELEY
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **IN AND FOR THE COUNTY OF ALAMEDA**

10

11 | CITY OF BERKELEY,                          | Case No.  RG08 388586
12 |          Plaintiff,                        | ASSIGNED FOR ALL PURPOSES TO
   |                                            | JUDGE Lawrence John Appel
13 | vs.                                        | DEPARTMENT 16
14 | U-HAUL CO. OF CALIFORNIA, a California      | **PLAINTIFF CITY OF BERKELEY'S**
   | corporation; AMERCO REAL ESTATE            | **OPPOSITION TO MOTION TO STAY**
15 | COMPANY, a Nevada corporation, and DOES     | **OR DISMISS**
   | 1-100,                                     |
16 |                                            | Date:  August 18, 2008
   |          Defendants.                       | Time:  9:00 a.m.
17 |                                            | Dept.:  16

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

U-Haul has moved to stay or dismiss this case on two grounds:

1.    "[P]ursuant to Code of Civil Procedure section 916 pending the outcome" of its purported appeal of the judgment entered by this Court in Case No. RG 07352204 in February 2008, which U-Haul claims "forms the basis for this entire action for public nuisance"; and

2.    Pursuant to Code of Civil Procedure sections 410.30 and 418.10 "because there exists a prior action between the same parties arising out of the same dispute in federal court in this judicial district [], which provides a suitable alternative forum…" (*See* Notice of Motion to Stay, etc., p. 2, ll. 5-8 & 10-14, filed June 17, 2008.)

This case is not subject to a stay under Section 916 because that section does not apply here. This Court (per Judge Roesch) denied U-Haul's petition for writ of mandate in Case No. RG 07352204. Judgment in that case is final as to this Court, and is effective unless stayed. Stay of that judgment is governed not by Section 916 but by Section 1094.5(g), which requires an unsuccessful petitioner to obtain a stay from the Court of Appeal. U-Haul does not claim that it has done so, and in fact has not done so. Accordingly, the City Council's decision revoking its Use Permit stands, and U-Haul currently has no Use Permit.

Nor is this case subject to stay or dismissal under Section 410.30. First, U-Haul has already made a general appearance in this action. Code Civ. Proc. § 410.30(b). Thus it may not object to this Court's jurisdiction under Section 418.10. Second, Section 410.30 applies only when a court finds that "an action should be heard in a forum outside this state". (Code Civ. Proc. § 430.10(a), emphasis supplied.) U-Haul has not claimed that this case should be heard outside of the state; indeed, it argues that it should be heard in the very city and county in which this Court is located.

Finally, U-Haul's request for stay based on comity is without any basis, and in fact turns the principle on its head, by pretending its pending state litigation in Case No. RG 07352204 is subordinate the its later-filed federal case.

Accordingly, the motion should be denied.

///

///

1

## II.    ARGUMENT

### A.    This Action Is Not Stayed Under Code of Civil Procedure Section 916 and Only the Court of Appeal Can Grant A Stay of the City's Revocation of U-Haul's Use Permit

U-Haul argues as follows:

    1.    U-Haul has appealed the judgment in Case No. RG 07352204; and

    2.    If that appeal is successful, no public nuisance would exist" and this action would necessarily fail. (U-Haul MPA, 1:9-16.)[1]

Therefore, this case is a matter "embraced or affected" by the judgment in Case No. RG 07352204.

Based on this syllogism, U-Haul argues that this action is automatically stayed under Code of Civil Procedure section 916.[2]

Section 916 is not applicable, however. Code of Civil Procedure section 1094.5(g) (governing review of administrative orders) states as follows:

If an appeal is taken from a denial of the writ, the order or decision of the agency shall not be stayed except upon the order of the court to which the appeal is taken.

Code of Civil Procedure section 1094.5(g) is the underline authority for a stay of an administrative order, because Code of Civil Procedure section 1110 states that provisions governing special proceedings (such as Section 1094.5) prevail over the general provisions of the Code of Civil Procedure (such as Section 916):

The provisions of Part II of this Code relative to new trials and appeals [which includes Section 916], except in so far as they are inconsistent with the provisions of this Title [governing writs of mandate], apply to the proceedings mentioned in this Title.

---

[1]    U-Haul argues at some length that the City has asked this Court to determine the timeliness of U-Haul's appeal in Case No. RG 07352204, but that it may not do so. (U-Haul MPA, 4-6, 10) To the contrary, the City has not asked the Court in this action to make any such determination, and in any event the Court need not do so in order to decide the instant motion.

[2]    Section 916 states:
(a)    Except as provided in Sections 917.1 to 917.9, inclusive, and in Section 116.810, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order. (b) When there is a stay of proceedings other than the enforcement of the judgment, the trial court shall have jurisdiction of proceedings related to the enforcement of the judgment as well as any other matter embraced in the action and not affected by the judgment or order appealed from.

1    To the extent that Section 1094.5(g) conflicts with Section 916, Section 1094.5(g) prevails.

2    Yet U-Haul is asking this Court to deem the "the decision of the agency" stayed, contrary to the

3    plain language of Section 1094.5(g), and on that basis to stay this action.[3] There is no statutory

4    basis for doing so.

**B.    Forum *Non Conveniens* is Not A Basis for Staying or Dismissing This Action**

**1.    U-Haul's Motion Under Section 410.30 is Barred Because U-Haul Has Already Made a General Appearance**

8    Motions raising the issue of inconvenient forum are filed pursuant to Section 418.10(a)(2),

9    as this one was. (*See* U-Haul Notice of Motion, filed June 17, 2008, p. 2.) However Section

10   410.30(b) provides that Section 418.10 does not apply "to a motion to stay or dismiss the action by

11   a defendant who has made a general appearance." U-Haul has already made a general appearance

12   in this action. Accordingly it has forfeited any ability to request a stay or dismissal under Section

13   418.10.

**2.    Forum *Non Conveniens* Does Not Apply Where the State of California is an Appropriate Forum**

U-Haul argues that this action should be either stayed or dismissed under Section 430.10(a)

on the ground that the federal court in Oakland is a "suitable alternative forum". (U-Haul MPA, 6-

7.) Section 430.10(a), however, only applies where a court finds that an action should be heard "in

a forum <u>outside this state</u>". (Emphasis supplied.) "A ruling dismissing an action for forum *non*

*conveniens* adjudicates not merely that the selected venue within California is inconvenient, but that

the State of California cannot offer a convenient forum for hearing the dispute." *Ferreira v.*

*Ferreira* (1973) 9 Cal 3d 824, 832, citing Section 430.10 and *Great Northern Ry. Co.* v. *Superior*

*Court* (1970) 12 Cal. App. 3d 105, 109-110; *accord Thomson v. Continental Ins. Co.* (1967) 66 Cal.

2d 738, 742-743. Moreover if the plaintiff is a California resident, the action may not be dismissed,

but only stayed. *Ferreira, supra,* 9 Cal.3d at 838-839.

---

[3]    Section 917.8(c) states that an appeal does not stay proceedings: "If a judgment or order adjudges a building or place to be a nuisance and, as part of that judgment or order, directs the closing or discontinuance of any specific use of the building or place for any period of time." Thus, U-Haul could not obtain a stay of an order for preliminary injunction in <u>this</u> case. It would be even more illogical to deny a preliminary injunction based on an appeal of another case.

1    *Stangvik v. Shiley* (1991) 54 Cal.3d 744, the single case cited by U-Haul, is not to the

2    contrary. In that case the question was whether, under Section 430.10, a lawsuit by foreign

3    survivors of heart valve recipients against California and Delaware corporations, should be stayed

4    because the plaintiffs' countries of residence were "suitable alternative fora."

5         U-Haul does not argue that this case should be heard outside of the state. To the contrary, it

6    argues that it should be heard in the very city and county in which this Court is located. (U-Haul

7    MPA, 6:25-27.) Section 430.10 is clearly inapplicable.

8         **C.    Comity Does Not Require That This Case Be Stayed**

9         U-Haul's final argument is that this case should be stayed pursuant to common law

10   principles of judicial comity. (U-Haul MPA, 7-9.) Both the law and the facts are to the contrary.

11        **1.    The Cases U-Haul Cites Do Not Justify A Stay**

12        *Thomson v. Continental Ins. Co.* (1967) 66 Cal.2d 738, was very explicitly a forum *non*

13   *conveniens* case, and did not address comity. *Id.* at 740, 742-744. *Thomson* merely held (as we

14   pointed out in section II.B.1 above) that under forum *non conveniens* it was error to <u>dismiss</u> a case

15   filed by a California resident in a California court. Rather, in such cases only a stay is permissible.

16   It was in that context that the Supreme Court stated Court stated that granting a stay "in a case

17   where the issues in two actions are substantially identical" is a matter for the discretion of the trial

18   court. *Id.* at 746.

19        In *Archibald v. Cinerama Hotels* (1976) 15 Cal.3d 853, a forum *non conveniens* case

20   decided under Code of Civil Procedure section 410.30, the Supreme Court held that it had been

21   error to dismiss a case filed in California by a California resident against companies that operated

22   hotels in Hawaii, on two grounds: the defendants had not demonstrated lack of personal jurisdiction

23   by the California courts, and in any case, the trial court's authority was limited to staying the action,

24   not dismissing it. *Id.* at 856.

25        Neither *Thomson* nor *Archibald* is applicable here.

26        *Farmland Irrigation Co. v. Dopplmaier* (1957) 48 Cal.2d 208, involved a dispute about

27   royalties in which the resident plaintiff in the California action had not been permitted to intervene

28   in the foreign action to protect his interests. The Supreme Court upheld the trial court's denial of a

1    stay of the California action because although the issues in the two actions overlapped, the

2    California action involved some issues not presented in the foreign action. *Id.* at 214-216.  In this

3    context, the Supreme Court made the statement quoted by U-Haul. If anything, *Farmland Irrigation*

4    stands for the proposition that California courts do not lightly stay California actions if they present

5    issues that are not fully addressed in a foreign action.

6             Illustrating the opposite end of the spectrum, *Simmons v. Superior Court* (1950)

7    96 Cal.Ap.2d 119, involved competing divorce actions filed first in Texas (by the wife) and then in

8    California (by the husband), both of whom were Texas residents. *Id.* at 131.

9             The Texas action and the California action are between the same parties and
         involve the same subject matter. The Texas action will be determinative of all issues
10        included in the California action.
     *Id.* at 128.

11

12            The Court of Appeal accordingly ordered the California action stayed. *Id.* at 133.

13            Neither forum *non conveniens* nor comity come into consideration unless the issues in two

14    actions are substantial identical, as in *Thomson* and *Simmons*. Even a relatively minor difference is

15    sufficient to defeat a request for a stay, as in *Farmland Irrigation*.

16            U-Haul's federal case seeks damages for alleged discriminatory and retaliatory treatment by

17    the City in the enforcing its Zoning Ordinance against U-Haul and in other respects.  However it

18    does not—and could not—seek to directly overturn the City's revocation of U-Haul's Use Permit,

19    which is the subject of U-Haul's purported appeal in Case No. RG 07352204.  Nor does U-Haul's

20    federal action address the issue raised in this case:  whether U-Haul's truck rental operation is a *per*

21    *se* public nuisance as a result of the revocation of the Use Permit. Indeed, other than the parties,

22    there is very little if any overlap between U-Haul's federal case in Oakland and this case.

23            **2.    Comity is Not A Basis for Staying or Dismissing A Case When
              Such A Motion is Based on the Existence of A Case that is Itself**
24            **Barred By *Younger* Abstention**

25            In addition, we must note that to the extent U-Haul has a viable appeal in Case No.

26    RG 07352204, the federal case on which it bases its comity argument is barred by *Younger*

27    abstention, and is therefore itself subject to dismissal for similar reasons.

28

1    The *Younger* abstention doctrine embodies "a strong federal policy against federal court

2 interference with pending state judicial proceedings." *Younger v. Harris,* 401 U.S. 37, 91 S. Ct.

3 746, 27 L.Ed.2d 669 (1971); *Mission Oaks Mobile Home Park v. City of Hollister,* 989 F. 2d 359,

4 360 (9th Cir. 1993). "A federal court must abstain to avoid interference in a state-court civil action

5 when three tests are met. First, the proceedings must implicate important state interests; second,

6 there must be ongoing state proceedings; and third, the federal plaintiff must be able to litigate its

7 federal claims in the state proceedings." *M&A Gabaee v. Community Redevelopment Agency of the*

8 *City of Los Angeles,* 419 F.3d 1036, 1039 (9th Cir. 2005).

9                        **a.    Important State Interests**

10    "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings

11 when important state interests are involved." *Middlesex County Ethics Committee v. Garden State*

12 *Bar Assoc.,* 457 U.S. 423, __ (1982). "Important state interests" under *Younger* include

13 enforcement of zoning ordinances and state nuisance actions. *Huffman v. Pursue, Ltd.,* 420 U.S. at

14 604-605 (state nuisance proceeding against adult-oriented movie theater); *World Famous Drinking*

15 *Emporium, Inc.,* 820 F.2d at 1083 (enforcement of zoning ordinance designed to avoid public

16 nuisance); *M&A Gabaee v. Community Redevelop. Agency of City of Los Angeles,* 419 F.3d 1036,

17 1039 (9th Cir. 2005) (eminent domain proceeding). The fact that a governmental entity could have

18 proceeded against the defendant in either civil or criminal court further evidences an important state

19 interest. *World Famous Drinking Emporium, Inc. v. City of Tempe,* 820 F.2d 1079, 1083 (C.A. 9th

20 1987). The importance of a state's interest is measured by "considering its significance broadly,

21 rather than by focusing on the state's interest in the resolution of an individual case."

22 *AmerisourceBergen Corp. v. Roden,* 495 F3d 1143, 1150 (9th Cir. 2007).

23    In this case, the City 's enforcement of its zoning ordinance through revocation of U-Haul's

24 Use Permit constitutes an important state interest

25                        **b.    State Court Proceedings Are Ongoing**

26    A state court action is "ongoing" even if it has concluded prior to the filing of the federal

27 court action. *Ankenbrandt v. Richards,* 504 U.S. 689, 704 (1992). The aggrieved party's failure to

28 appeal the adverse state court decision does not preclude *Younger* abstention, because the party is

6

1    considered to have failed to exhaust its state appellate remedies. *Huffman v. Pursue, Ltd.*, 420 U.S.

2    592, 609-10 (1975) (failure to appeal in state court constitutes failure to exhaust state appellate

3    remedies, even if appeal would have been "futile"); *World Famous Drinking Emporium, Inc. v. City*

4    *of Tempe*, 820 F.2d at 1082 .

5        Here, the City contends that U-Haul failed to exhaust its state appellate remedies when it

6    failed to appeal the final judgment entered by the Court on February 7, 2008. U-Haul claims it has

7    a viable appeal. Either way, the state court proceedings would certainly be "ongoing" for *Younger*

8    purposes.

9                    **c.    U-Haul's Federal Claims Were Not Barred From**
                            **State Court**
10

11       The third *Younger* prong requires abstention "unless state law clearly bars the interposition

12   of the constitutional claims" brought in federal court. *Middlesex County Ethics Committee*, 457

13   U.S. at 432 (quoting *Moore v. Sims*, 442 U.S. 415, 423 (1979)) State Court proceedings are

14   presumed adequate to raise a federal claim "in the absence of unambiguous authority to the

15   contrary." *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 15 (1987); *Communications Telesystems Int'l v.*

16   *California Public Utilities Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). If the party had an

17   opportunity to raise its constitutional claims in state court but failed to do so, abstention is required.

18   *World Famous Drinking Emporium, Inc.*, 820 F.2d at 1083.

19       In this case, nothing precluded U-Haul from bringing all of the claims it brought in its

20   federal case in state court.

21       Thus, U-Haul's supernumerary federal case is barred by *Younger*. Its existence is thus no

22   basis for staying or staying or dismissing a state case, such as this one, which was filed to effectuate

23   a judgment in a prior state case that is the basis for *Younger* abstention.

24       Accordingly, comity does not justify, much less compel, a stay of this action.

25   ///

26   ///

27   ///

28   ///

---

7

1  ## III.    CONCLUSION

2     For all of the foregoing reasons, the City of Berkeley respectfully requests that the

3  Court deny U-Haul's motion to stay or dismiss this case.

4

5  Dated: August 1, 2008                         Respectfully submitted:

6

7                                        By: _____

8                                            ZACH COWAN, Acting City Attorney
                                             Attorneys for Plaintiff City of Berkeley
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

1

2   **CASE NAME:**    *City of Berkeley v. U-Haul Co. of California, et al.*

3   **COURT:**    Alameda County Superior Court, Rene C. Davidson Courthouse

4   **CASE NO.:**    RG08-388586

5       I, the undersigned, certify that I am employed in the City of Berkeley, County of
Alameda, California; that I am over the age of eighteen years and not a party to the within
6   action; that my business address is 2180 Milvia Street, 4th Floor, Berkeley, California 94704.
On the date listed below, I served the following document(s):
7

8   **PLAINTIFF CITY OF BERKELEY'S OPPOSITION TO MOTION TO STAY OR
DISMISS**

9   on the parties stated below, through their attorneys of record, by placing true copies thereof in
sealed envelopes addressed as shown below by the following means of service:
10

11   ***Counsel for Defendants:***
Ryan D. Lapidus, Esq. - ryan@lapiduslaw.com
12   Daniel C. Lapidus, Esq. - dan@lapiduslaw.com
Jim D. Bauch, Esq. - jim@lapiduslaw.com
13   **LAPIDUS & LAPIDUS**
177 South Beverly Drive
14   Beverly Hills, CA  90212
Phone:  (310) 550-8700
15   **Fax:  (310) 943-2471**

16   <u>  X  </u>   <u>By First Class Mail</u> - I am readily familiar with the firms' practice for collection and
processing of correspondence for mailing.  Under that practice, the correspondence is
17   deposited with the U.S. Postal Service on the same day as collected, with first-class
postage thereon fully prepaid, in Berkeley, California, for mailing to the office of the
18   addressee following ordinary business practices.

19       I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  Executed on August 1, 2008 at Berkeley, California.
20

21

22                                          L/ Sybil Parks-Brown

23

24

25

26

27

28

Proof of Service                                                         ACSC No. RG08-388586

EXHIBIT B

**Case No. A121811**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT, DIVISION THREE

---

### U-HAUL CO. OF CALIFORNIA,

*Plaintiff and Petitioner,*

vs.

**CITY OF BERKELEY**, a California municipal corporation; **CITY COUNCIL OF THE CITY OF BERKELEY**, the governing body of the **CITY OF BERKELEY**; **LINDA MAIO**, in her official capacity; **DARRYL MOORE**, in his official capacity; **MAXWELL ANDERSON**, in his official capacity; **DONA SPRING**, in her official capacity; **LAURIE CAPITELLI**, in his official capacity; **BETTY OLDS**, in her official capacity; **KRISS WORTHINGTON**, in his official capacity; and **GORDON WOZNIAK**, in his official capacity,

*Defendants and Respondents,*

---

Appeal From the Orders of the Superior Court of Alameda County re Judgment
dated February 7, 2008
The Honorable Frank Roesch, Department 31
Case No. RG070352204

---

### NOTICE OF MOTION AND MOTION FOR DISMISSAL OF APPEAL

---

ZACH COWAN, Acting City Attorney (State Bar No. 96372I)
LYNNE BOURGAULT, Deputy City Attorney (State Bar No. 180416)
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Phone: (510) 981-6950 ● Fax: (510) 981-6960

ATTORNEY FOR DEFENDANTS/RESPONDENTS
**CITY OF BERKELEY**

MOTION TO DISMISS APPEAL BEFORE RECORD IS FILED
(CRC 8.57)

TO APPELLANT U-HAUL COMPANY OF CALIFORNIA AND ITS

COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Respondent City of Berkeley will,

and hereby does, move, to dismiss the appeal in this matter on the ground

that it is untimely, under California Rule of Court 8.104.

This motion is based on this Notice of Motion and Motion, and the

supporting Memorandum of Points and Authorities and Declaration of Zach

Cowan filed herewith.

Dated: June 17, 2008　　　　Respectfully submitted,

Zach Cowan, Acting City Attorney

Case No. A121811

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT, DIVISION THREE

### U-HAUL CO. OF CALIFORNIA,

*Plaintiff and Petitioner,*

vs.

**CITY OF BERKELEY**, a California municipal corporation; **CITY COUNCIL OF THE CITY OF BERKELEY**, the governing body of the **CITY OF BERKELEY**; **LINDA MAIO**, in her official capacity; **DARRYL MOORE**, in his official capacity; **MAXWELL ANDERSON**, in his official capacity; **DONA SPRING**, in her official capacity; **LAURIE CAPITELLI**, in his official capacity; **BETTY OLDS**, in her official capacity; **KRISS WORTHINGTON**, in his official capacity; and **GORDON WOZNIAK**, in his official capacity,

*Defendants and Respondents,*

Appeal From the Orders of the Superior Court of Alameda County re Judgment
dated February 7, 2008
The Honorable Frank Roesch, Department 31
Case No. RG070352204

## MOTION FOR DISMISSAL OF APPEAL

ZACH COWAN, Acting City Attorney (State Bar No. 96372l)
LYNNE BOURGAULT, Deputy City Attorney (State Bar No. 180416)
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Phone: (510) 981-6950 ● Fax: (510) 981-6960

ATTORNEY FOR DEFENDANTS/RESPONDENTS
**CITY OF BERKELEY**

# TABLE OF CONTENTS

I.   INTRODUCTION ......................................................................... 1

II.  FACTUAL BACKGROUND ...................................................... 2

     A. REVOCATION OF U-HAUL'S USE PERMIT ............. 2

     B. U-HAUL'S UNSUCCESSFUL CHALLENGE TO
        THE CITY'S DECISION ................................................. 6

III. ARGUMENT ............................................................................. 7

IV.  CONCLUSION.......................................................................... 13

# TABLE OF AUTHORITIES

## State Cases

*Associated Convalescent Enterprises v. Carl Marks & Co., Inc.*
(1973) 33 Cal.App.3d 116 ..................................................................... 8

*Cook v. Stewart McKee & Co.*
(1945 68 Cal.App.2d 758 ....................................................................... 8

*Belio v. Panorama Optics, Inc.*
(1995) 33 Cal.App.4th 1096 ................................................................... 9

*California Assn. of Psychology Providers v. Rank*
(1990) 51 Cal.3d 1 ................................................................................. 9

*Daar v. Yellow Cab Co.*
(1967) 67 Cal.2d 695 ............................................................................. 9

*Duffy v. City of Long Beach*
(1988) 201 Cal.App.3d 1352 ................................................................ 12

*Goat Hill Tavern v. City of Costa Mesa*
(1992) 6 Cal.App.4th 1519 ................................................................... 11

*Griset v. Fair Political Practices Com,*
(2001) 25 Cal. 4th 688 ..................................................................... 9, 10

*Hensler v. City of Glendale*
(1994) 8 Cal.4th 1 ......................................................................... 10, 11

*Korean American Legal Advocacy Found. v. City of L.A.*
(1994) 23 Cal.App.4th 376 .................................................................. 12

*Lyons v. Goss*
(1942) 19 Cal.2d 659 ............................................................................. 9

*Malibu Mts. Rec. v. County of L.A.*
(1998) 67 Cal.App.4th 359 .................................................................. 12

*Mola Dev. Corp. v. City of Seal Beach*
(1997) 57 Cal.App.4th 405 .................................................................. 11

## TABLE OF AUTHORITIES (con't.)

*Morehart v. County of Santa Barbara*
(1994) 7 Cal.4th 725 ................................................................................ 9

*Nerhan v. Stinson Beach County Water District*
(1994) 27 Cal.App.4th 536 ........................................................................ 9

*O'Hagen v. Board of Zoning Adjustment*
(1971) 19 Cal.App.3d 151 ...................................................................... 11

*Scott v. City of Del Mar*
(1997) 58 Cal.App.4th 1296 .................................................................... 12

*Stewart v. Colonial W. Agency*
(2001) 87 Cal. App. 4th 1006 .................................................................. 12

*Superior Court v. County of Mendocino*
(1996) 13 Cal.4th 45 ................................................................................ 9

*Trans-Oceanic Oil Corp. v. Santa Barbara*
(1948) 85 Cal.App.2d 776 ........................................................................ 12

*Traverso v. People ex rel. Dep't of Transp.*
(1993) 6 Cal.4th 1152 .............................................................................. 12

### Federal Cases

*Hoeck v. City of Portland*
(9th Cir. 1995) 57 F.3d 781 ...................................................................... 12

### Statutes

California Rule of Court 8.104(a) & (b). ...................................................... 7

Code of Civil Procedure section 1094.6 ...................................................... 2

Evidence Code section 452(b) .................................................................. 11

ii

## TABLE OF AUTHORITIES (con't.)

### Other Authorities

5 Witkin, *Cal. Proc. (Pleading)* §§ 778-779 (4th ed. 1997)......................... 10

6 Witkin *Cal. Proc. (Provisional Remedies)* § 276 (4th ed. 1997).............. 10

Berkeley Municipal Code §§ 23B.64.020.B & 1.26.010............................ 11

I.

## INTRODUCTION

In 2007, after conducting two noticed public hearings, the City of

Berkeley revoked appellant U-Haul's use permit to operate a truck and

trailer rental business at 2100 San Pablo Avenue in Berkeley. The basis of

the City's decision was U-Haul's repeated and long-term violation of its

use permit.

U-Haul timely filed a petition for writ of administrative mandate and

complaint for inverse condemnation. On January 31, 2009, the Alameda

County Superior Court denied U-Haul's motion for a writ, and on February

7, 2008, the Court entered its final judgment in the case. Notice of entry

was served on February 8, 2008. U-Haul filed its notice of appeal four

months later, on June 6, 2008.

The appeal is therefore untimely and must be dismissed.

U-Haul may claim that its appeal is timely because the February 7th

final judgment did not become final until its request for dismissal of its

inverse condemnation claim was entered on May 21, 2008.

U-Haul is incorrect because the Superior Court's denial of its motion

for writ of mandate resolved the entire case as a matter of law, and as a

result the judgment was final and appealable. U-Haul's subsequent

voluntary dismissal of its remaining claims only confirms this.

1

## II.

## FACTUAL BACKGROUND

### A.    REVOCATION OF U-HAUL'S USE PERMIT

Complaints regarding U-Haul's use of the public streets as its own

parking lot came to the City's attention in 1996 and resurfaced in 1997.

(AR:46[1].) In general, the complaints involved U-Haul's use of on-street

parking in the surrounding neighborhood as an adjunct parking lot because

it had exceeded the number of trucks permitted on its lot by the use permit.

The City investigated and confirmed the validity of the complaints.

(*Id.*) After a failed attempt to discuss the issue directly with U-Haul, the

City issued a Notice and Order on September 29, 1997. (*Id.*) The Notice

and Order concluded that "[i]f non-rented rental vehicles are parked on city

streets" the use permit is subject to review and revocation by the ZAB.

(AR:47.)

In response, U-Haul indicated that it had voluntarily taken various

steps to resolve this problem, although there is no evidence to suggest that

U-Haul actually did so. (AR:9.)

In 2000, the City again began receiving complaints that U-Haul was

using the streets as an adjunct parking lot. (*Id.*) Staff wrote to and met

with U-Haul in the following months warning that a failure to legalize its

---

[1]    Citations in this form are to the Administrative Record prepared
pursuant to Code of Civil Procedure section 1094.6 and lodged with the
Superior Court.

practices would result in citations. (AR:9, 52, 515.) Nonetheless, U-Haul continued to park its vehicles on the streets and was subsequently issued a citation. (AR:515.)

In response, U-Haul promised that it would remove trucks parked on certain streets after business hours and "put [them] on our lot". (AR:54.) In addition, U-Haul claimed that it would seek to legalize its operations by submitting an application to "reduce the number of trailers" and "increase the number of trucks [allowed] on the site." (*Id.*) U-Haul never filed any such application. (AR:9, 515.)

Once again in 2004, in response to the same complaints, the City contacted U-Haul. (AR:10.) Once more, U-Haul continued to use the streets as its own parking lot and a second Notice of Violation was issued a month later. (AR:56.)

In May 2006, neighbors again complained that U-Haul was parking its trucks on the streets and blocking driveways. (AR:10.) During the period from May to June 2006, Code Enforcement staff monitored U-Haul activity and found that it "consistently had 50 trucks on their lot" and "4 to 32 trucks at any given time that were parked on the street, in the red zones, blocking fire hydrants, blocking the crosswalks [and] at meters." (AR:137-138.) After repeated inspections and warnings, a citation was issued to U-Haul. (AR:10.) U-Haul did not appeal this citation and, instead, paid the fine in August 2006. (*Id.*)

3

On August 21, 2006, U-Haul was issued another citation for parking 32 trucks on the street. (AR:517.) The citation was upheld by the City's Administrative Hearing Officer. U-Haul appealed this decision to the Alameda Superior Court, but abandoned this appeal and agreed to pay the full fine in a settlement agreement with the City. (*Id.*)

On August 23, 2006, City staff met with U-Haul to reiterate the problems and try to obtain compliance. (AR:10, 58.) Despite U-Haul's history of noncompliance, staff agreed to grant a 30-day moratorium on enforcement conditioned upon U-Haul taking the following actions during that period: submit an application to modify its use permit; schedule a meeting with the neighbors to discuss concerns; stop parking its trucks on the streets; and reduce the number of trucks on the lot to 20. (AR:11.)

U-Haul did not take these actions. (AR:10, 60, 516.) In October 2006, staff wrote to U-Haul chronicling its repeated violations and the City's attempts to gain compliance. (AR:62-64, 516.) However, with no change in U'Haul's business practices, the City continued to issue U-Haul citations for both storing trucks in the street and storing excess trucks on its lot. (AR:517.)

On November 16, 2006, U-Haul submitted by a seriously deficient application[2] to modify its use permit. (AR:11.) The City notified it that the

---

[2]     It lacked the requisite fees, applicant statement, site photographs, vicinity map, site plan or Zoning Use questionnaire. (AR:66-67.)

4

application was incomplete and gave it ten days to file a completed one. (AR:69-70.) It never did so. (AR:11.)

Instead, in February 2007, U-Haul submitted another application. (AR:72-80.) However, once again, the application was substantially incomplete and the City notified U-Haul of this fact. (AR:82-84.) Yet again, U-Haul never responded nor submitted a revised application. (AR:11.)

Between August 2006 and June 2007, staff and neighbors documented at least 24 occasions where U-Haul used the streets to store its trucks and, in some instances, left the trucks on the streets for up to three days. (AR:7, 16-29.) In addition, on at least 4 occasions, staff counted between 29 and 39 U-Haul trucks parked on the streets. (AR:7, 16-17.)

Accordingly, the City initiated proceedings to modify or revoke U-Haul's use permit. The first step in this process was a noticed public hearing before the City's Zoning Adjustments Board ("ZAB"). Although U-Haul received notice of this hearing, U-Haul did not send a representative or submit any written testimony. Based upon the overwhelming uncontroverted evidence and U-Haul's decade of lack of response, the ZAB determined that it had been given enough chances to conform and recommended revocation of its use permit to the City Council. (AR:139, 144-145, 149-150.)

The ZAB's recommendation was forwarded to the City Council and

5

scheduled for another noticed public hearing. A representative from U-Haul attended the Council hearing. He admitted that all the problems complained of regarding U-Haul's operations were true and apologized for them. (AR:401-403.)

> As a result, Council determined, in part, that:

> No evidence was submitted refuting numerous citations and notices to U-Haul of its violations of UP No. 7575 by parking in excess of 20 trucks on the U-Haul lot and parking U-Haul trucks in the public right of way.

> U-Haul's apology at the September 18, 2007 public hearing does not negate its serious violations of UP No. 7575 and is insufficient in light of the evidence which shows U-Haul's longstanding failure to comply with the UP. (AR:519-520.)

> The Council then voted unanimously to revoke U-Haul's use permit.

(AR:520.)

This litigation followed.

## B.    U-HAUL'S UNSUCCESSFUL CHALLENGE TO THE CITY'S DECISION

U-Haul's Petition and Complaint (Cowan Decl., Exh. A) alleged five causes of action:

- Administrative mandate invalidating the City's decision to revoke U-Haul's use permit.

- Injunctive relief against enforcement of the City's Zoning Ordinance and decision to revoke U-Haul's use permit.

- Injunctive relief ordering the City to "void and set aside" its

decision to revoke U-Haul's use permit.

- Declaratory relief that U-Haul had not violated its use permit or improperly expanded its use and that the City's decision to revoke its use permit was invalid.

- Inverse condemnation seeking damages because "as a result of Respondents' revocation of U-HAUL'S Use Permit, U-HAUL has been damaged..." (Petition for Writ of Mandate, filed October 19, 2007, ¶ 35.)

The Alameda County Superior Court denied U-Haul's motion for a writ of administrative mandate on January 31, 2008. (Cowan Decl., Exh. B.) On February 7, 2008, in the presence of U-Haul's counsel and without objection, the Court entered its final judgment in the case. (Cowan Decl., ¶¶ 4-6, Exh. C.) Notice of entry was served on February 8, 2008. (Cowan Decl., Exh. D.) U-Haul filed its notice of appeal four months later, on June 6, 2008. (Cowan Decl. Exh. E.)

## III.

## ARGUMENT

There is no dispute that U-Haul's notice of appeal was filed more than 60 days after notice of entry of judgment. Thus, if the underlying judgment was indeed a final judgment for purposes of appeal, U-Haul's appeal is untimely and must be dismissed. (Cal. Rule of Court 8.104(a) & (b).)

7

U-Haul may argue that the February 7th final judgment did not become final until its request for dismissal of its inverse condemnation claim was entered on May 21, 2008. This argument is based on the premise that the judgment was really just an interlocutory order denying its motion for a writ of mandate, and did not resolve its other causes of action. The premise is faulty because it mistakes form for substance: the Court's denial of U-Haul's petition for writ of mandate resolved all issues raised by the Complaint and left nothing further for the Court to resolve. This legal reality is only highlighted by U-Haul's dismissal of its remaining claims: if they had independent merit one can be sure that U-Haul would not have dispensed with them for sake of an appeal.[3]

As most recently stated by the Supreme Court, the rule upon which U-Haul relies is that "an appeal cannot be taken from a judgment that fails to complete the disposition of all causes of action between the parties even if the causes of action disposed of by judgment have been ordered to be tried separately, or may be characterized as separate and independent from those remaining. Thus, the denial of a petition for writ of mandate is not appealable if other causes of action remain pending between the parties."

---

[3]     In the event this Court were to allow this appeal to go forward, it is clear that the dismissed claims are no longer before it. (*Cook v. Stewart McKee & Co.* (1945) 68 Cal.App.2d 758, 761 ["A plaintiff's voluntary dismissal of his action has the effect of an absolute withdrawal of his claim…"]; *Associated Convalescent Enterprises v. Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120 [no appeal lies from entry of voluntary dismissal].)

8

(*Griset v. Fair Political Practices Com*, (2001) 25 Cal. 4th 688, 697, internal quotation marks omitted, citing *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743; *Nerhan v. Stinson Beach County Water District* (1994) 27 Cal.App.4th 536, 540; *Superior Court v. County of Mendocino* (1996) 13 Cal.4th 45, 52, fn. 5.)

The dispositive question is whether the February 7th judgment here "complete[d] the disposition of all causes of action between the parties even [though] the causes of action ... may be characterized as separate and independent ...." This is not a mechanical test. As *Griset* explained, "where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." (*Id.*, at 698-699, internal quotation marks omitted, citing *Lyons v. Goss* (1942) 19 Cal.2d 659, 670 (emphasis added); *California Assn. of Psychology Providers v. Rank* (1990) 51 Cal.3d 1, 9 [summary adjudication on seventh cause of action effectively disposing of entire case is an appealable judgment]; *Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 699 [order of dismissal "in legal effect a final judgment from which an appeal lies"]; *Belio v. Panorama Optics, Inc.* (1995) 33 Cal.App.4th 1096, 1101-1102 [order granting summary adjudication of one of three causes of action but effectively disposing of the case construed as

9

appealable judgment].)

In *Griset*, for instance, the Supreme Court held that an order denying motions for writ of mandate and declaratory relief had constituted an appealable judgment because the rationale underlying the order—that a challenged statute was constitutional—effectively disposed of the other two causes of action, for injunctions. (*Id.*, at 699-700.)

The same applies here.

The Superior Court's January 31st order and February 7th judgment clearly disposed of U-Haul's first cause of action for administrative mandate. They manifestly also disposed of the second, third and fourth causes of action, all of which were likewise directed exclusively at the validity of the City's decision to revoke U-Haul's use permit and its enforcement of that decision.[4]

The only remaining cause of action is the fifth, for inverse condemnation. In this cause of action U-Haul sought damages because "as a result of Respondents' revocation of U-HAUL'S Use Permit, U-HAUL has been damaged...." (Cowan Decl., Exh. A, ¶ 35.)

---

[4] This is in addition to the fact that U-Haul's purported causes of action for injunctive and declaratory relief were not even potentially viable. There is no such thing as a "cause of action" for injunction: an injunction is an equitable remedy, not a cause of action. (5 Witkin, *Cal. Proc. (Pleading)* §§ 778-779 (4th ed. 1997); 6 Witkin *Cal. Proc. (Provisional Remedies)* § 276 (4th ed. 1997). And declaratory relief is not available to challenge an adjudicative action such as the City's decision to revoke U-Haul's Use Permit. (*Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 14.)

10

The Court's order and judgment resolved this cause of action. As U-

Haul itself alleged, this cause of action was based solely on U-Haul's claim

that the City's decision to revoke U-Haul's use permit was invalid. Since

the Court's order completely resolved that issue, it equally resolved U-

Haul's inverse condemnation claim:

> ...property owners must first succeed in setting aside a city's
> decision through a judicial determination on mandamus
> before pursuing damages for a regulatory taking. *Hensler*
> stresses the importance of allowing the city to change its
> mind "rather than pay compensation for a taking. A
> landowner may not, by seeking only compensation, force a
> governmental agency to condemn the property.

(*Mola Dev. Corp. v. City of Seal Beach* (1997) 57 Cal.App.4th 405, 410,

emphasis supplied, quoting *Hensler v. City of Glendale* (1994) 8 Cal.4th 1.)

Moreover, a valid administrative decision to revoke a permit—just

like a decision to abate a nuisance[5]—does not constitute inverse

condemnation. Even where a land use entitlement has vested "it may be

revoked if the permittee fails to comply with reasonable terms or conditions

expressed in the permit ...." (*Goat Hill Tavern v. City of Costa Mesa*

(1992) 6 Cal.App.4th 1519, 1530-1531; *O'Hagen v. Board of Zoning*

*Adjustment* (1971) 19 Cal.App.3d 151, 158 ["When a permittee has

acquired ... a vested right [in a permit] it may be revoked if the permittee

---

[5] The distinction is irrelevant here, since U-Haul's violation of its use
permit is also a *per se* public nuisance under the City's Zoning Ordinance.
(*See*, BMC §§ 23B.64.020.B & 1.26.010, Cowan Decls. Exh. E & F.) The
City requests that the Court take judicial notice of these ordinances
pursuant to Evidence Code section 452(b).

fails to comply with reasonable terms or conditions expressed in the permit granted.]; *Trans-Oceanic Oil Corp. v. Santa Barbara* (1948) 85 Cal.App.2d 776, 783 ["If the permittee does nothing beyond obtaining the permit or fails to comply with reasonable terms or conditions expressed in the permit granted, the proper authorities may revoke it.".]; *accord, Malibu Mts. Rec. v. County of L.A.* (1998) 67 Cal.App.4th 359; *Korean American Legal Advocacy Found. v. City of L.A.* (1994) 23 Cal.App.4th 376, 391; *Traverso v. People ex rel. Dep't of Transp.* (1993) 6 Cal.4th 1152, 1161-1162; *Scott v. City of Del Mar* (1997) 58 Cal.App.4th 1296; *Duffy v. City of Long Beach* (1988) 201 Cal.App.3d 1352; *Hoeck v. City of Portland* (9th Cir. 1995) 57 F.3d 781.)

Thus, when the Court determined that the City's revocation of U-Haul's Use Permit was proper, it fully resolved all of U-Haul's other causes of action, including its inverse condemnation claim, and left no issue for future consideration. Having resolved all issues between the parties, the Court's judgment was immediately appealable, and U-Haul's time for filing a Notice of Appeal expired 60 days following service of Notice of Entry of Judgment, or April 9, 2008.

U-Haul may argue that courts have approved the use of voluntary dismissals with prejudice after an adverse ruling by the trial court in order to expedite an appeal of the ruling. *(See, e.g., Stewart v. Colonial W. Agency* (2001) 87 Cal. App. 4th 1006, 1012.) That is not the case here,

12

however, since a final judgment had been entered long before U-Haul's

voluntary dismissal without prejudice. Indeed, U-Haul's request for

dismissal here was not a means to expedite an appeal of an adverse ruling,

but a stratagem for extending its time to do so by two months.

## IV.

## CONCLUSION

For all of the foregoing reasons, U-Haul's appeal must be dismissed

as untimely.

Dated: June 17, 2008

By: _____

ZACH COWAN, Acting City Attorney
Attorney for Respondent
City of Berkeley, et al.

13

## PROOF OF SERVICE

1

2 **CASE NAME:**    *U-Haul Company of California v. City of Berkeley, et al.*

3 **COURT:**    Court of Appeal, State of California, First Appellate District, Division Three
    *Lower Court: Alameda County Superior Court – Rene C. Davidson*
4    *Courthouse*

5 **CASE NO.:**    A121811
    *Lower Court Case No: RG07352204*
6

7    I, the undersigned, certify that I am employed in the City of Berkeley, County of
   Alameda, California; that I am over the age of eighteen years and not a party to the within
8   action; that my business address is 2180 Milvia Street, 4th Floor, Berkeley, California 94704.
   On this date, I served the following document(s):

9 **NOTICE OF MOTION AND MOTION TO DISMISS APPEAL, and**

10 **DECLARATION OF ZACH COWAN IN SUPPORT OF MOTION TO DISMISS**
11 **APPEAL.**

12 on the parties stated below, through their attorneys of record, by placing true copies thereof in
   sealed envelopes addressed as shown below by the following means of service:

13
   **_Counsel for Plaintiff:_**                **_Superior Court of California, Alameda_**
14  Ryan Lapidus, Esq.                       **_County (1 copy)_**
   Lapidus & Lapidus, PLC                  1225 Fallon Street, Department 31
15  177 south Beverly Drive                  Oakland, CA 94612
   Beverly Hills, CA 90212                  Courtesy Copy: Judge Lawrence Appel, D-16
16  Phone: (310) 550-8700
   Fax: (310) 943-2471                     **_California Supreme Court (4 copies)_**
17                                           350 McAllister Street
                                            San Francisco, CA 94102
18
   **X**    **By First Class Mail** - I am readily familiar with the firms' practice for collection and
19      processing of correspondence for mailing. Under that practice, the correspondence is
       deposited with the U.S. Postal Service on the same day as collected, with first-class
20      postage thereon fully prepaid, in Berkeley, California, for mailing to the office of the
       addressee following ordinary business practices.
21
       I declare under penalty of perjury under the laws of the State of California that the
22 foregoing is true and correct. Executed on June 18, 2008 at Berkeley, California.

23
                                            Barbara V. Myers
24

25

26

27

28

EXHIBIT C

Case No. A121811

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT, DIVISION THREE

**U-HAUL CO. OF CALIFORNIA,**

*Plaintiff and Petitioner,*

vs.

**CITY OF BERKELEY,** a California municipal corporation; ~~CITY COUNCIL~~
**OF THE CITY OF BERKELEY,** the governing body of the **CITY OF
BERKELEY; LINDA MAIO,** in her official capacity; **DARRYL MOORE,** in
his official capacity; **MAXWELL ANDERSON,** in his official capacity; **DONA
SPRING,** in her official capacity; **LAURIE CAPITELLI,** in his official capacity;
**BETTY OLDS,** in her official capacity; **KRISS WORTHINGTON,** in his
official capacity; and **GORDON WOZNIAK,** in his official capacity,

*Defendants and Respondents*

Court of Appeal, First Apellate District
**FILED**
JUL 0 3 2008
Diana Herbert, Clerk
Deputy Clerk

Appeal From the Orders of the Superior Court of Alameda County re Judgment
Dated February 7, 2008
The Honorable Frank Roesch, Department 31
Case No. RG070352204

## OPPOSITION TO MOTION FOR DISMISSAL OF APPEAL

RYAN D. LAPIDUS (State Bar No. 196838)
DANIEL C. LAPIDUS (State Bar No. 227170)
JIM D. BAUCH (State Bar No. 199454)
177 South Beverly Drive
Beverly Hills, CA 90212
Phone: (310) 550-8700 · Facsimile: (310) 943-2471

ATTORNEY FOR PLAINTIFF/PETITIONER AND APPELLANT
**U-HAUL CO. OF CALIFORNIA**

## Certificate of Interested Entities or Persons

Pursuant to California Rule of Court 8.208, the undersigned certifies that Amerco has an ownership interest of 10 percent or more in plaintiff and appellant U-Haul Co. of California. The undersigned knows of no other entity or person who must be listed under Rule of Court 8.208(e)(1) or (2).

Respectfully submitted,

Jim D. Bauch (Bar No. 199454)
Lapidus & Lapidus,
A Professional Law Corporation
177 South Beverly Drive
Beverly Hills, California 90212
Tel: 310-550-8700; Fax: 310-943-2471

Attorneys for Plaintiff and Appellant U-Haul Company of California

# TABLE OF CONTENTS

I.     INTRODUCTION…………………………………………..1

II.    STATEMENT OF FACTS……………………………………1

III.   LEGAL ARGUMENT…………………………………………3

       A.    CALIFORNIA FOLLOWS THE ONE FINAL
             JUDGMENT RULE……………………………………3

       B.    THE FEBRUARY 7 JUDGMENT WAS NOT A FINAL
             JUDGMENT……………………………………………3

       C.    THE CITY'S ARGUMENT IS WITHOUT MERIT…...7

# Table of Authorities

<u>State Cases</u>

*Belio v. Panorama Optics, Inc.*

     33 Cal.App.4th 1096 (1995)………………….……………..8

*California Assoc. of Psychology Providers v. Rank*

     51 Cal.3d 1 (1990)………………………...…….…..……...8

*Daar v. Yellow Cab Co.*

     67 Cal.2d 695 (1967)…………………………….………8

*Griset v. Fair Political Practices Commission*

     25 Cal.4th 688 (2001)……………………………...…….....7, 8

*Morehart v. County of Santa Barbara*

     7 Cal.4th 725 (1994)……………………….……………6, 9, 10

*Nerhan v. Stinson Beach County Water District*

     27 Cal. App. 4th 536 (1994)………………….………..6, 7, 9

*Residents of Beverly Glen, Inc. v. City of Los Angeles*

     275 Cal.App.2d 732 (1969)…………………………...….5, 6, 9

*Schonfeld v. City of Vallejo*

     50 Cal.App.3d 401 (1976)……………………....……..…...10

*Turner v. Los Angeles Realty Board, Inc.*

     233 Cal.App.2d 755 (1965)……………………...……..3, 5, 9

## Statutes

California Code of Civil Procedure section 904.1(a)(1)…….....…….3, 4

California Code of Civil Procedure section 1061……………………..5

# I.

# INTRODUCTION

The City's Motion is the latest attempt by the City of Berkeley to deny U-Haul its legal rights – here, the right to appellate review. The City's Motion ignores relevant case law, including a decision of this District, which squarely holds that a judgment denying a petition for writ of mandate is not a final judgment where other claims, such as declaratory relief, injunctive relief, and inverse condemnation claims, remain at issue in the trial court. The rule the City proposes to apply would burden the Courts of Appeal with numerous premature appeals filed as a precaution.

# II.

# STATEMENT OF FACTS

The City's Motion contains a lengthy, inaccurate, and misleading factual history, the vast majority of which is irrelevant to this Motion and intended only to poison the well. U-Haul does not wish to burden the Court with unnecessary argument, and provides the following brief summary of the facts to set the record straight.

The City of Berkeley has conducted a lengthy campaign to drive U-Haul out of town. Among other things, the City revoked U-Haul's use permit to operate a truck and trailer rental business at 2100 San Pablo Avenue in Berkeley.

Specifically, the City determined that the phrase "approximately 20 trucks and 30 trailers" in U-Haul's application for a use permit somehow established a *maximum* of 20 trucks and 30 trailers that could be parked on the property, even though its own

1

Administrative Hearing Officer found such an argument "fundamental[ly] flaw[ed]."

The City also decided that U-Haul was having equipment "staged, stored, repaired or maintained" in public streets if a U-Haul customer parked her vehicle on the street: a "rule" not applied to other businesses. In its efforts to justify its predetermined result, the City purported to make other factual findings that were contrary to the weight of the evidence.

U-Haul commenced this action with a Petition for Writ of Mandate and Complaint for Injunctive Relief, Declaratory Relief, and Inverse Condemnation filed in Alameda County Superior Court. On January 31, 2008, the Superior Court (Judge Roesch) issued an Order denying the petition for writ of mandate. That order (Ex. C to the Cowan Decl.) makes no reference to U-Haul's other causes of action.

On February 7, 2008, the Superior Court entered a "Judgment" drafted by counsel for the City that states "Judgment shall enter in favor of the City of Berkeley and all the Respondents against U-Haul Company of California on the Petition for Writ of Administrative Mandate." Ex. D to the Cowan Decl. (the "February 7 Judgment"). The February 7 Judgment similarly makes no reference to U-Haul's claims for declaratory relief, injunctive relief, and damages for inverse condemnation.

Because it did not dispose of all of the claims between the parties, as explained in more detail in the following section, the February 7 Judgment was not a final judgment and was not appealable. Although the City now contends that the Superior Court's ruling on the petition for writ of mandate "effectively" disposes of

2

those other claims, the City made no motion or other request to have the trial court dismiss or enter judgment on those claims.

Meanwhile, the City of Berkeley had continued to violate U-Haul's constitutional and other rights in a variety of ways, such as discriminating against U-Haul and its customers, and retaliating against U-Haul for its challenges to the City's actions. Accordingly, U-Haul filed an action in the United States District Court for the Northern District of California, Case No. C08-02313, asserting claims for civil rights and other violations. Because the federal action provided an appropriate forum for all of U-Haul's non-writ petition claims against the City, U-Haul voluntarily dismissed its remaining claims in this action on May 21, 2008, and promptly filed its notice of appeal on June 6, 2008.

## III.
## LEGAL ARGUMENT
### A.  California Follows the One Final Judgment Rule

With certain statutory exceptions not applicable here, "it is the fundamental rule in California, as in most jurisdictions, that no order or judgment may be appealed from unless it finally disposes of the case in the trial court." *Turner v. Los Angeles Realty Board, Inc.*, 233 Cal.App.2d 755, 758 (1965); *see* Code of Civil Procedure, § 904.1(a)(1) (appeal may be taken from "a judgment, *except* (A) an interlocutory judgment . . . .") (emphasis added).

### B.  The February 7 Judgment Was Not a Final Judgment

The February 7 Judgment did not "finally dispose of the case in the trial court," *Turner*, 233 Cal.App.2d at 758, because by its own

3

terms it was expressly limited to the petition for writ of mandate and did not address U-Haul's complaint for injunctive relief, declaratory relief, and inverse condemnation.

The February 7 Judgment – prepared by counsel for the City of Berkeley[1] -- specifically states that "Judgment shall enter in favor of the City of Berkeley and all the Respondents against U-Haul Company of California *on the Petition for Writ of Administrative Mandate.*" February 7 Judgment, p. 1 (emphasis added). Neither the February 7 Judgment, nor the Order denying the petition for writ of mandate, purports to rule on, discuss, or even mention U-Haul's other causes of action. *See id.*

It is well-established that a judgment or order disposing of a petition for writ of mandate does not act as a final judgment where other claims, e.g. monetary damages and declaratory relief, are involved. The City admits this in its Motion, acknowledging the rule that "the denial of a petition for writ of mandate is not appealable if

---

[1] The City asserts in its Motion that "in the presence of U-Haul's counsel and without objection, the Court entered its final judgment in the case." Motion, p. 7. The City's characterization of the February 7 Judgment as a "final judgment" is a legal conclusion, and an incorrect one. Moreover, nothing in the record, including the declaration submitted by counsel for the City with its Motion, evidences any stipulation or acquiescence by U-Haul regarding the alleged "finality" of the February 7 Judgment. There is nothing improper or unusual about the entry of an interlocutory judgment – their existence is acknowledged in C.C.P. § 904.1(a)(1) – and no reason why U-Haul should have objected to the form of the judgment.

4

other causes of action remain pending between the parties." Motion,
p. 8.

In *Turner*, the Court of Appeal determined that a ruling on a
writ petition was not a final judgment because the plaintiff also sought
declaratory relief and other claims for monetary damages. *See*
*Turner*, 233 Cal.App.2d at 758 ("While the orders before us purport to
determine the right of plaintiffs to a writ of mandate against one
defendant, they not only leave undecided the issue of the right to that
writ against a codefendant, but they also leave undetermined the right
of plaintiffs to declaratory relief and to damages against LARB as
well as against its codefendant parties. They are, therefore, not a
'final' disposition of the litigation as between plaintiffs and LARB.")

Similarly, in *Residents of Beverly Glen, Inc. v. City of Los
Angeles*, 275 Cal.App.2d 732, 735 (1969), the plaintiffs sued the
defendant city, and a business to which the city had issued a
conditional use permit, for a writ of mandate and for declaratory
relief. The court held a trial on the petition for writ of mandate and
entered a "Judgment Denying Writ of Mandate," then refused to set
the plaintiff's claim for declaratory relief for trial. The plaintiff
appealed from the judgment denying the writ of mandate and the
order striking its at-issue memorandum, and the Court of Appeal
dismissed the appeals. "The so-called 'judgment' denying a writ of
mandate is not a final judgment in the action. Plaintiff sought, in the
trial court, a declaration of the invalidity of the section of the Los
Angeles ordinance under which the City purported to act. It is entitled
to such a declaration or to an order under section 1061 of the Code of
Civil Procedure refusing declaratory relief and judgment for
defendants. Unless section 1061 is invoked, plaintiff is entitled to a

5

declaration whether the result is favorable or unfavorable to it." *Id.* at 735.

This principal was reaffirmed by the California Supreme Court in *Morehart v. County of Santa Barbara*, 7 Cal.4th 725, 743 (1994), which held that "an appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as 'separate and independent' from those remaining." The plaintiffs in *Morehart* had alleged causes of action for "(1) a writ of mandate, (2) damages for inverse condemnation, (3) damages for violation of civil rights . . . (4) declaratory relief, and (5) injunctive relief." *Id.* at 735. The trial court filed a statement of decision and entered judgment on the writ of mandate, declaratory relief, and injunctive relief causes of action, from which appeal was taken. The California Supreme Court held that "[b]ecause the trial court's judgment in favor of plaintiffs did not complete the disposition of all of plaintiffs' causes of action against defendant county, the judgment was not appealable." *Id.* at 744.

*Morehart* has specifically been applied to hold that a denial of a petition for writ of administrative mandate is not appealable if there remain other claims on the complaint of the plaintiff/petitioner. In *Nerhan v. Stinson Beach County Water District*, 27 Cal. App. 4th 536, 540 (1994), a property owner brought a petition for a writ of mandate to compel the granting of a zoning variance as well as a complaint for damages for regulatory taking of the property. The trial court sustained the water district's demurrer and dismissed the petition for

6

writ of mandate on the grounds that Nerhan lacked standing to seek a writ because he had sold the property.

Nerhan appealed, and Division Three of this District dismissed the appeal as premature. "[W]e conclude Morehart holds that absent unusual circumstances, the denial of a petition for writ of mandate is not appealable if other causes of action remain pending between the parties." *Id.* at 540.

Thus, the February 7 Judgment was not, at the time it was entered, a final judgment and was not appealable. If U-Haul had attempted to appeal from that judgment while its remaining causes of action were still pending before the trial court, this Court would have properly dismissed such an appeal as premature.

### C.    The City's Argument Is Without Merit

The City argues that "the Court's denial of U-Haul's petition for writ of mandate resolved all issues raised by the Complaint and left nothing further for the Court to resolve." Motion, p. 8. This is wrong.

First, as noted above, the February 7 Judgment did not purport to "resolve[] all issues raised by the Complaint." If the Court intended to do so, it would have said so. Indeed, the City drafted the proposed judgment, and specifically limited its scope to the petition for writ of mandate.

Second, the City's argument is premised on *Griset v. Fair Political Practices Commission*, 25 Cal.4th 688 (2001), but that case held that a judgment was final "where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, *but where anything further in the nature*

7

*of judicial action on the part of the court* is essential to a final determination of the rights of the parties, the decree is *interlocutory*." 25 Cal.4th at 698-99 (emphasis added). Here, no ruling was made on U-Haul's claim for inverse condemnation, or its request for declaratory relief or an injunction.

The City's other authorities are similarly distinguishable. In *California Assoc. of Psychology Providers v. Rank*, 51 Cal.3d 1, 9 (1990), the trial court ruled on the plaintiff's claim for declaratory relief, determined that the agency's regulations were invalid, and ordered the agency to adopt new regulations. Thus "there would be no purpose in conducting further proceedings to decide whether to compel the same result by writs of injunction or mandamus," and the judgment in dispute "le[ft] no issue to be determined except the fact of compliance with its terms." *Daar v. Yellow Cab Co.*, 67 Cal.2d 695 (1967) did not involved unresolved causes of action, but rather an order sustaining a demurrer and transferring the case from superior court to municipal court, which effectively dismissed the class action aspect of the case. In *Belio v. Panorama Optics, Inc.*, 33 Cal.App.4th 1096 (1995), the remaining causes of action for an accounting and interim relief became moot when the court denied dissolution of the defendant corporation.

Instead, the City is arguing that the "rationale underlying the order . . . *effectively* disposed of" the unresolved causes of action. Motion p. 10 (emphasis added).[2]  But such reasoning has been explicitly rejected by the Courts of Appeal.

---

[2] U-Haul disputes the City's contention.  A petition for writ of mandate provides limited evidence and a lower standard of review

8

"But a mere expression of an opinion by a trial court, not yet
reflected in a decision which can be entered as a 'final' judgment or
decree, does not prevent the court from changing that opinion on the
basis of either additional facts, or additional argument, or additional
self-reflection. In this case, a full trial of the declaratory relief action,
and even more particularly of the three damage counts may develop
facts which [would allow the plaintiff to prevail] . . . . [I]t is enough
that that possibility exists, because that possibility robs the orders now
before us of any aspect of that finality of judicial action which is a
prerequisite of appeal." *Turner*, 233 Cal.App.2d at 760-61.

Similarly, the Court of Appeal in *Residents of Beverly Glen*
noted that "[i]t may be true, as defendants urge, that anything other
than an unfavorable declaration would be logically inconsistent with
the denial of a writ of mandate. But the trial court has not yet so
decided. . . . Even if it seems unlikely that the issues left hanging can
have other than one fact, still, until the trial court completes its
decisional process, an appeal is premature." 275 Cal.App.2d at 735.

In fact, in each of *Turner, Residents of Beverly Glen, Morehart*,
and *Nerhan*, the "rationale" underlying the judgment or order on the
petition for writ of mandate could have been said to "effectively"
dispose of the other causes of action, in the sense that the trial court

---

than on a civil complaint, where a litigant is entitled to discovery and
a trial. U-Haul was entitled to take discovery and present new and
different evidence on its non-petition claims for relief, and could have
obtained a different outcome. *See Turner*, 233 Cal.App.2d at 760-61
(noting that full trial on declaratory relief and damage claims could
reach different result from writ petition).

9

may likely have ruled, or even been logically compelled to rule, in the same manner. But in each of those cases, the Supreme Court or Court of Appeal refused to apply such a rule.

Indeed, such a rule would be unworkable. There will often, if not always, be a dispute as to the extent to which a court's ruling on one issue or claim for relief "effectively" disposes of other claims. Under the City's proposed rule, litigants would have to protect their appellate rights by filing a notice of appeal after each and every interlocutory judgment or order, lest the Court of Appeal later determine that the judgment's "rationale" made it "final judgment." Courts of Appeal would be burdened with numerous premature appeals filed as a precaution by prudent counsel.

It was precisely such a concern that led the California Supreme Court in *Morehart* to specifically disapprove language in an earlier case, *Schonfeld v. City of Vallejo*, 50 Cal.App.3d 401 (1976), that made a judgment final if it resolved issues that were "separate and independent" from the remaining claims. "If appealability under the Schonfeld holding is in doubt, the losing party must appeal immediately to avoid waiving rights to appellate review and may receive no authoritative ruling on the appealability issue until the case has been briefed, argued, and decided." *Morehart*, 7 Cal.4th at 743.

The City's proposed rule is not the law, and would lead to uncertainty and a waste of judicial and party resources. By contrast, the City could have – but chose not to – ask the trial court to enter judgment on U-Haul's remaining claims through an appropriate motion. The City could have made the same arguments it tries to make to this Court, and – if the City's contentions are correct – the trial court would have entered a judgment that actually did dispose of

10

all of the claims and create a final, appealable judgment. But the City

– perhaps not as confident in those arguments as it now pretends to be

– chose not to do so, and now seeks to deny U-Haul its right to

appellate review.

Respectfully submitted,

Jim D. Bauch (Bar No. 199454)
Lapidus & Lapidus,
A Professional Law Corporation
177 South Beverly Drive
Beverly Hills, California 90212
Tel: 310-550-8700; Fax: 310-943-
2471

Attorneys for Plaintiff and
Appellant U-Haul Company of
California

11

1

## PROOF OF SERVICE BY MAIL

2    I, Marc Worden, declare as follows:

3    I am employed with the law firm of Lapidus & Lapidus, A Professional Law Corporation,
177 South Beverly Drive, Beverly Hills, California 90212. I am readily familiar with the business
4    practices of this office for collection and processing of correspondence for mailing with the United
5    States Postal Service; I am over the age of eighteen years and not a party to this action.

6    On July 3, 2008, I served a copy of the following documents:

7        1. Opposition to Motion for Dismissal of Appeal

on the below parties in this action by placing true copies thereof in sealed envelopes,
8    addressed as shown, for collection and mailing pursuant to the ordinary business practice of
this office which is that correspondence for mailing is collected and deposited with the
9    United States Postal Service on the same day in the ordinary course of business:

10    Zach Cowan, Acting City Attorney
Lynne Bourgault, Deputy City Attorney
11    City of Berkeley
2180 Milvia Street, Fourth Floor
12    Berkeley, CA 94704

13    I declare under penalty of perjury under the laws of the State of California that the foregoing
14    is true and correct. Executed at Beverly Hills, California, on July 3, 2008.

15

16                        Marc Worden

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT D



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

**FILED**

JUL 1 8 2008

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
DEPUTY

U-HAUL COMPANY OF CALIFORNIA,

    Plaintiff and Appellant,

v.

CITY OF BERKELEY et al.,

    Defendants and Respondents.

A121811

(Alameda County
Super. Ct. No. RG070352204)

THE COURT:

    Respondents' motion for dismissal of the appeal is denied.

**McGuiness, P.J.**

Date: JUL 1 8 2008     _____ P.J.