RYAN D. LAPIDUS (Bar No. 196838)
Email: ryan@lapiduslaw.com
DANIEL C. LAPIDUS (Bar No. 227170)
Email: dan@lapiduslaw.com
JIM D. BAUCH (Bar No. 199454)
Email: jim@lapiduslaw.com
LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION
177 SOUTH BEVERLY DRIVE
BEVERLY HILLS, CALIFORNIA 90212
TEL: 310-550-8700
FAX: 310-943-2471

Attorneys for Plaintiff U-Haul Co. of California
and Amerco Real Estate Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| U-HAUL CO. OF CALIFORNIA, a California corporation; and AMERCO REAL ESTATE COMPANY, a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BERKELEY, a municipality;<br><br>Defendant. | CASE No.: C08-02313 WDB<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SANCTIONS PURSUANT TO FED. RULE CIV. PROC. 11**<br><br>Date: September 3, 2008<br>Time: 1:30 p.m.<br><br>The Honorable Wayne D. Brazil<br>Courtroom 4 |

TABLE OF CONTENTS

Page

I. INTRODUCTION……………………………………..……………………....……1

II. THE MOTION IS INVALID BECAUSE THE CITY FAILED TO COMPLY WITH FRCP 11(c)(2)…………………………………………...2

III. THERE IS NO BASIS FOR SANCTIONS………………………………….3
    a. It is The City, Not Plaintiffs, That Is Guilty of a Lack of Candor………..3
    b. Plaintiffs' Claims Are Not Frivolous……………………………………..6
        1. Res Judicata……………………………..………………..8
        2. Younger Abstention…………………..……………………10
        3. Commerce Clause…………………………………………11
        4. CEQA………………………………………………….…..12
        5. Inverse Condemnation, Due Process, and Equal Protection…13

IV. THE COURT SHOULD AWARD PLAINTIFFS THEIR ATTORNEYS FEES IN OPPOSING THIS MOTION………………………….…………15

V. CONCLUSION…………………………………………………...……15

## TABLE OF AUTHORITIES

Page(s)

### Federal Cases

*Altran Corp. v. Ford Motor Co.*,
  502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991)..........................6

*Associated Indem. Corp. v. Fairchild Industries, Inc.*,
  961 F.2d 32 (2nd Cir. 1992)..........................................8

*Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998)..............................2

*Blue Circle Cement, Inc. v. Board of County Commissioners*,
  27 F.3d 1499 (10th Cir. 1994)..................................12, 13

*Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261 (9th Cir. 1995)....................11

*Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*,
  344 F.3d 822 (9th Cir. 2003)........................................14

*Chuidian v. Philippine Nat. Bank*, 912 F.2d 1095 (9th Cir. 1990)..............8

*Colorado Manufactured Housing v. Board of County Commissioners*,
  946 F.Supp. 1539 (D. Colo. 1996)....................................13

*Conn v. CSO Borjorquez*, 967 F.2d 1418 (9th Cir. 1992).......................7

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384, 110 S.Ct. 2447 (1990)................................6, 7

*Cullen v. Fliegner*, 18 F.3d 96 (2nd Cir. 1994)..............................12

*Davis v. Crush*, 862 F.2d 84 (6th Cir. 1988).................................7

*Dean Milk Co. v. Madison*, 340 U.S. 349, 71 S.Ct. 295, 95 L.Ed. 329 (1951)...13

*Eichman v. Fotomat Corp.*, 759 F.2d 1434 (9th Cir. 1985)..................4, 5, 8

*Flowers v. Seki*, 87 F.3d 1318 (9th Cir. 1996)...............................12

*Ford Motor Co. v. Summit Motors*, 930 F.2d 277 (3rd Cir. 1991)...............6

*H.P. Hood & Sons, Inc. v. Du Mond*,
  336 U.S. 525, 69 S.Ct. 657, 93 L.Ed. 865 (1949).....................12

*Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975)...11

1  *Kassel v. Consolidated Freightways Corp.*,
2     450 U.S. 662, 101 S.Ct. 1309, 67 L.Ed.2d 580 (1981)..........................12
3  *Gibson v. Berryhill*, 411 U.S. 564 (1973)..........................................11, 12
4  *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004)..............................11
5  *Greenberg v. Sala*, 822 F.2d 882 (9th Cir. 1987)....................................7
6  *Guru Nanak Sihk Society of Yuba City v. County of Sutter*,
7     456 F.3d 978 (9th Cir. 2006)..........................................................15
8  *LaCost v. Louisiana Dept. of Conservation*,
9     263 U.S. 545, 44 S.Ct. 186, 68 L.Ed.437 (1924)................................13
10 *Larez v. Holcomb*, 16 F.3d 1513 (9th Cir. 1994)......................................7
11 *Morris v. Wachovia Securities, Inc.*, 448 F.3d 268 (4th Cir. 2006)............8
12 *Munoz v. County of Imperial*, 604 F.2d 1174 (9th Cir. 1979)..................15
13 *Obert v. Republican Western Ins. Co.*, 398 F.3d 138 (1st Cir. 2005)..........7
14 *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336 (9th Cir. 1988)....7
15 *Pennsylvania Coal Co. v. Mahon*,
16     260 U.S. 393, 43 S.Ct. 159, 67 L.Ed. 322 (1922)..............................14
17 *Pittston Warehouse Corp. v. City of Rochester*,
18     528 F.Supp. 653 (W.D.N.Y. 1981)..................................................13
19 *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772 (9th Cir. 2001)............2, 3
20 *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)..................................6
21 *Young v. American Mini Theatres, Inc.*, 427 U.S. 50 (1976)....................15
22 *Younger v. Harris*, 401 U.S. 37 (1971)..................................................11
23
24                       California Cases
25 *Agarwal v. Johnson*, 25 Cal.3d 932 (1979)................................5, 8, 9, 10
26 *Boeken v. Philip Morris USA, Inc.*, 159 Cal.App.4th 1391 (2008)............10
27 *City of National City v. Wiener*, 3 Cal.4th 832 (1992)............................15
28 *Healing v. California Coastal Com.*, 22 Cal.App.4th 1158 (1994)..............9

*Hernandez v. City of Pomona*, 145 Cal.App.4th 701 (2006)..................10

*Hurwitz v. City of Orange*, 122 Cal.App.4th 835 (2004)..................15

*Leppo v. City of Petaluma*, 20 Cal.App.3d 711 (1971)..................15

*Lewis v. Seventeenth District Agricultural Assoc.*, 165 Cal.App.3d 823 (1985)...13

*Mata v. City of Los Angeles*, 20 Cal.App.4th 141 (1993)..................9


### Federal Statutes

28 United States Code Section 1738..................8

Federal Rule of Civil Procedure 6(d)..................3

Federal Rule of Civil Procedure 8(a)..................6

Federal Rule of Civil Procedure 11(c)(2)..................2, 15


### Other Authorities

CEQA Guidelines Section 15300.2(c)..................13

Federal Rule of Civil Procedure 11, Advisory Committee Notes,
  1993 Amendment..................2

TABLE OF AUTHORITIES- iv

## I. INTRODUCTION

A psychiatrist might diagnose the City of Berkeley with a bad case of projection. It is the City, not Plaintiffs, that is guilty of the sins alleged in the City's motion.

The City accuses Plaintiffs and their counsel of a lack of candor, but it is the City who has concealed and misrepresented facts. Among other things, the City fails to mention that Plaintiffs filed, concurrently with their Complaint, a Notice informing the Court of the state court action that the City accuses Plaintiffs of hiding. The City also claims that the state court judgment was not appealed and is final for res judicata purposes, when it knows that is not the case.

The City also accuses Plaintiffs of asserting legal claims that are "patently without merit," but it is the City that has disregarded and misrepresented the law. In fact, the City's motion itself was filed in violation of the "safe harbor" provision of the very rule on which it relies – which alone requires the Court to deny the motion. The City's motion also invents legal "rules" that are contradicted by cases from the United States Supreme Court and other courts.

As explained herein and in further detail in Plaintiffs' opposition to the City's motion to dismiss, Plaintiffs' claims in this action are – at a minimum – reasonable and in good faith. Even if the Court disagrees with the merits of those claims, Plaintiffs' conduct falls well short of the high standard required for the imposition of Rule 11 sanctions.

For these reasons, and as set forth in detail below, the Court must deny the City's motion. The Court should also grant Plaintiffs their reasonable expenses, including attorney's fees, incurred in opposing this motion.

///
///
///
///

## II. THE MOTION IS INVALID BECAUSE THE CITY FAILED TO COMPLY WITH FRCP 11(c)(2)

Federal Rule of Civil Procedure 11(c)(2) states in relevant part that: "A motion for sanctions . . . must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."

Thus, a party must not file its Rule 11 motion until at least 21 days after it has served a copy of that motion. *See Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998).

This rule (formerly Fed.R.Civ.P. 11(c)(1)(A)) is known as the "safe harbor" rule. *See* Fed.R.Civ.P. 11, Advisory Comm. Notes, 1993 Amend. It "provides strict procedural requirements for parties to follow when they move for sanctions under Rule 11." *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 788 (9th Cir. 2001).

The safe harbor was added in the 1993 Amendments to allow parties and counsel to withdraw or amend an allegation before a sanctions motion is filed. *See* Fed.R.Civ.P. 11, Advisory Comm. Notes, 1993 Amend.

Where a party has failed to comply with the safe harbor provision by filing its motion less than 21 days after service, the court must deny the motion. It is an abuse of discretion to do otherwise. *See Barber*, 146 F.3d at 711 (reversing award of sanctions); *Radcliffe*, 254 F.3d at 789 ("the fact that the plaintiffs had advance warning that [the defendant] object to their conspiracy allegation did not cure [defendant's] failure to comply with the strict procedural requirement of Rule 11(c)(1)(A). The district court abused its discretion when it concluded otherwise.").

Here, the City served its Motion by mail on May 27, 2008. *See* City's Motion, Proof of Service. It filed its motion on June 12, 2008 – just sixteen (16)

days later, even without counting the additional time for service by mail under Fed.R.Civ.P. 6(d).

The fact that the City's motion has been continued by order of the Court has no bearing on the matter. It is the amount of time between service and *filing*, not between service and hearing of the motion, that matters. Non-compliance with the rule requires denial of a motion for sanctions regardless of whether the non-moving party did or would have withdrawn the pleading at issue.

In *Radcliffe*, the district court excused non-compliance with the safe harbor provision and awarded sanctions because "[t]he court decided that because . . . three months had passed between the motion and the court's order concerning sanctions, the plaintiffs and their attorneys had been given adequate notice and opportunity to withdraw the challenged allegation." 254 F.3d at 789. The Ninth Circuit held that this was an abuse of discretion and reversed. *Id.*

Thus, even if sanctions were otherwise justified – which they are not, for the reasons set forth elsewhere in this opposition – the Court must deny the City's motion.[1]

### III. THERE IS NO BASIS FOR SANCTIONS

#### a. It is The City, Not Plaintiffs, That Is Guilty of a Lack of Candor

The City attacks Plaintiffs and their counsel for an alleged "lack of candor" in supposedly failing to disclose the existence of the state court writ petition and the supposed fact that U-Haul "did not bother to file an appeal, and is now subject to a final judgment in state court." City's Memorandum, p. 4.

---

[1] It would also be an abuse of discretion to "convert" the City's motion for sanctions into a motion on the Court's own initiative. The Ninth Circuit specifically rejected such a procedure. "It would render Rule 11(c)(1)(A)'s 'safe harbor' provision meaningless to permit a party's noncompliant motion to be converted automatically into a court-initiated motion, thereby escaping the service requirement." *Radcliffe*, 254 F.3d at 789.

These accusations are provably false.

First, Plaintiffs *did* disclose to the Court the existence of the state court writ proceeding. Concurrently with their Complaint, Plaintiffs filed and served a "Notice of Pendency of Other Action or Proceeding" pursuant to Local Rule 3-13. That notice states:

> Pursuant to Local Rule 3-13, Plaintiffs U-Haul Co. of California ("U-Haul") and Amerco Real Estate Company ("Amerco") hereby inform the Court that there is an action pending in the Superior Court for the County of Alameda, Case No. RG07352204 (the "State Court Action") between Plaintiff U-Haul Co. of California ("U-Haul") and Defendant City of Berkeley.
>
> The State Court Action was initiated by U-Haul's petition for writ of mandate challenging certain actions of the City of Berkeley. Judgment was entered on February 7, 2008.
>
> Plaintiffs do not believe that any coordination of proceedings is necessary between this action and the State Court Action.

Nowhere in its Motion does the City mention the existence of this Notice, or argue it is insufficient. *That* is a lack of candor, and one made in bad faith – attempting to have Plaintiffs and their counsel sanctioned on what the City *knows* to be false grounds.

Second, it is *not* true that U-Haul "did not bother to file an appeal, and is now subject to a final judgment in state court." In fact, U-Haul did file an appeal, on June 6, 2008. *See* Request for Judicial Notice in Support of Opposition to Motion to Dismiss, Exhs. B-D. The pendency of that appeal means that the state court judgment is not "final" for res judicata purposes under California law. *See Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985) ("Under California law . . . a judgment is not final for purposes of res judicata during the pendency of and until the resolution of an appeal."), citing *Agarwal v. Johnson*, 25 Cal.3d 932, 954 n.11 (1979) ("Under the California rule, the instant judgment . . . is not final for purposes of res judicata during the pendency of and until the resolution of the

appeal.").

The City filed its Motion on June 12, 2008 – six days after U-Haul filed its Notice of Appeal. Plaintiffs acknowledge that it is possible that the City had not yet received the Notice of Appeal when it filed its Motion. However, the City has had ample time since to correct that inaccuracy. Even if the City was relying on its argument that the appeal was untimely, that argument was rejected by the Court of Appeal on July 18, 2008, and the City has remained silent. The City's willingness to leave its false accusations uncorrected before the Court, while accusing *Plaintiffs* of a lack of candor, is hypocritical to say the least.

The City's other alleged instances of "lack of candor" are also without merit. For example, the City complains that Plaintiffs did not disclose the fact that a City hearing officer upheld one of U-Haul's challenges to a City-issued citation. But Plaintiffs *do* allege that they "successfully challenged some of Defendant's conduct," Complaint ¶ 24, so the supposed lack of candor boils down to not mentioning that it was a City administrative officer who agreed with U-Haul's challenge. But once again, it is the City that has failed to disclose a key fact: the City subsequently revoked U-Haul's Use Permit based in part on an interpretation of the conditions of that permit that its own hearing officer had rejected. The fact that the City, in its zeal to attack Plaintiffs, has disregarded the findings of its own officers, is evidence in *Plaintiffs*' favor, not the City's.[2]

The City is guilty of other instances of a lack of candor. Its Motion to Dismiss repeatedly mischaracterizes the Complaint, as set forth in detail in

---

[2] Even if this supposedly "missing" evidence did not favor Plaintiffs, neither Rule 11 nor the duty of candor requires a plaintiff to allege in its complaint every piece of evidence that the *defendant* thinks will help its case. In fact, complaints are not required to allege evidentiary details at all. *See* Fed. Rule Civ. Proc. 8(a) ("A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain...(2) a short and plain statement of the claim showing that the pleader is entitled to relief..."); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (plaintiff need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.").

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SANCTIONS PURSUANT TO FED. RULE CIV. PROC. 11 – CASE NO. C08-2313 WDB - 5**

Plaintiff's opposition to that motion. In fact, the City even contradicts its own representations to other courts. Here, the City claims that the Complaint is a "collateral attack" on the revocation of U-Haul's Use Permit, but the City recently told the Alameda County Superior Court that this action "does not – and could not – seek to directly overturn the City's revocation of U-Haul's Use Permit."

### b. Plaintiffs' Claims Are Not Frivolous

The City's claim that "plaintiffs' causes of action are patently without merit and directly and flatly contrary to well-established controlling authority" is wrong.

In fact Plaintiffs' claims have merit, are consistent with the law, and should not be dismissed. This is set forth in detail in Plaintiffs' opposition to the City's motion to dismiss, but Plaintiffs will briefly summarize the reasons.

It is important to note that, for purposes of determining Rule 11 sanctions, it is not sufficient that the Court disagree with Plaintiffs' contentions. Even if the City prevails on its entire motion to dismiss, sanctions cannot be imposed if Plaintiffs' position is reasonable. *Altran Corp. v. Ford Motor Co.*, 502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991); *Ford Motor Co. v. Summit Motors*, 930 F.2d 277, 289 (3rd Cir. 1991) (sanctions denied; if a party's position is reasonable, a loss on the merits does not trigger Rule 11 sanctions).

Rule 11 is intended to deter dilatory or abusive pretrial tactics and to streamline litigation by excluding baseless filings. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 2454 (1990). Rule 11 is not intended, however, to chill an attorney's creativity in pursuing factual and legal theories. *Greenberg v. Sala*, 822 F.2d 882, 887 (9th Cir. 1987). Because of the potentially chilling effect on innovative lawyering, sanctions are reserved "for the rare and exceptional cases where the action is *clearly* frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1244 (9th Cir. 1988) (emphasis added). "Rule 11 is an extraordinary remedy, one to be exercised with

1  extreme caution." *Conn v. CSO Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992); *Larez v. Holcomb*, 16 F.3d 1513, 1522 (9th Cir. 1994) ("Rule 11 must be read in light of concerns that it will . . . chill vigorous advocacy. If, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time the position is adopted, then sanctions should not be imposed.") (citations omitted).

Courts are particularly careful not to impose sanctions in civil rights suits, to avoid chilling legitimate efforts to secure new or existing rights. *See Davis v. Crush*, 862 F.2d 84, 92 (6th Cir. 1988) (reversing award of sanctions; "[t]o uphold the district court's imposition of Rule 11 sanctions in the instant case would operate to chill the bringing of facially valid civil rights suits in federal court, a consequence that Rule 11 was never intended to promote.").

Even a pleading that is "objectively hopeless" – which the Complaint is not – is still not sanctionable if it was filed in good faith. *See Obert v. Republican Western Ins. Co.*, 398 F.3d 138, 146 (1st Cir. 2005) ("objectively hopeless" motion is not necessarily basis for sanctions; to impose such sanctions routinely "would tie courts and counsel in knots"; sanctions denied). When a court examines a motion for sanctions, it must resolve all doubts in favor of the signer of the pleadings. *See Associated Indem. Corp. v. Fairchild Industries, Inc.*, 961 F.2d 32, 34 (2nd Cir. 1992). Moreover, even "[t]he presence of frivolous arguments or sub-arguments in an otherwise reasonable pleading will not support rule 11 sanctions." *Chuidian v. Philippine Nat. Bank*, 912 F.2d 1095, 1107 (9th Cir. 1990) (denying sanctions); *Morris v. Wachovia Securities, Inc.*, 448 F.3d 268, 282 (4th Cir. 2006) (denying sanctions; sanctions should be imposed only where a Rule 11 violation renders the entire complaint a "substantial failure.").

///
///
///

1. <u>Res Judicata</u>

Plaintiffs' claims are not barred by res judicata for two reasons.[3] *First*, the judgment to which the City seeks to give preclusive effect – the state court writ proceeding – is not final. *See* 28 U.S.C. § 1738 (judicial proceedings of state courts "shall have the same full faith and credit in every court as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."); *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985) ("Under 28 U.S.C. Sec. 1738, we apply California law" to determine preclusive effect of California judgment); City's Memorandum in Support of Motion to Dismiss, p. 5 (agreeing that California law applies).

"Under California law . . . a judgment is not final for purposes of res judicata during the pendency of and until the resolution of an appeal." *Eichman*, 759 F.2d at 1439, citing *Agarwal v. Johnson*, 25 Cal.3d 932, 954 n.11 (1979) ("Under the California rule, the instant judgment . . . is not final for purposes of res judicata during the pendency of and until the resolution of the appeal.").

*Second*, the Complaint here is based on different primary rights from those at issue in the writ proceeding. A petition for writ of administrative mandamus under California Code of Civil Procedure § 1094.5 is "technically not regarded as an action at all. It is, instead, described as a special proceeding." *Mata v. City of Los Angeles*, 20 Cal.App.4th 141, 149 (1993) (police officer who alleged he was wrongfully terminated, was not barred from pursuing his civil rights action by reason of his prior writ petition seeking reinstatement). California courts have specifically held that a prior mandamus action did not bar a claim for inverse condemnation. *See Healing v. California Coastal Com.*, 22 Cal.App.4th 1158, 1171 (1994) ("review by way of administrative mandate is not an adequate

---

[3] As to plaintiff Amerco Real Estate Company, the City's res judicata argument fails for the additional reason that that entity was not a party to the writ proceeding, and was not in privity with U-Haul Company of California. *See* Memorandum of Points and Authorities in Opposition to Motion to Dismiss.

substitute for a court trial of the takings issues raised by an inverse condemnation claim."). The two proceedings present distinct issues and seek to vindicate distinct primary rights. *See id.* at 1174.

Here, too, the issues and evidence presented in this action are very different from the writ proceeding behind which the City seeks to hide. The writ proceeding merely addressed the question of whether the City Council's decision to revoke the Use Permit was supported by the evidence in the administrative record. As discussed in *Healing*, that is a different question from whether a taking has occurred.

Similarly, the writ proceeding did not, and could not, decide whether the City's other actions and inactions alleged herein were proper or – as Plaintiffs assert – discriminatory and retaliatory in violation of the Fifth and Fourteenth Amendments and the Commerce Clause of the United States Constitution, and/or the Civil Rights Act. Nor did the writ proceeding, or could it, address whether the City complied with the California Environmental Quality Act. These claims present different factual and legal questions that call for evidence that was not available in the writ proceeding, and they involve different primary rights. *See Agarwal*, 25 Cal.3d at 954 ("Under the 'primary rights' theory adhered to in California it is true there is only a single cause of action for the invasion of one primary right. But the significant factor is the harm suffered; that the same facts are involved in both suits is not conclusive.") (citations omitted); *Hernandez v. City of Pomona*, 145 Cal.App.4th 701 (2006) (federal judgment against plaintiff's civil rights action for unreasonable seizure of his person did not bar state law negligence claims; even though they were based on the same facts, the primary rights were different.).

In its Rule 11 motion, the City claims not only that Plaintiffs' claims are barred by res judicata, but that they are "directly and flatly contrary to well-established controlling authority." City's Memorandum, p. 5. Yet the City cites

no such authority. It does not cite – in either its Rule 11 motion or its motion to dismiss – *any* case where a petition for writ of mandate was held to be the same primary right as a civil rights, constitutional, or environmental claim.[4]

### 2. Younger Abstention

The City's *Younger* abstention argument fails for two independent reasons. First, the purpose of *Younger* is to prevent "federal court interference with state court proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971). It is "an extraordinary and narrow exception to the duty of a District Court to adjudicate the controversy properly before it. Accordingly, the balance must always tip heavily in favor of exercising jurisdiction." *Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1272 (9th Cir. 1995).

There must be a sufficient connection between the federal action and an ongoing state court proceeding. *See Gilbertson v. Albright*, 381 F.3d 965, 979 n.14 (9th Cir. 2004) (abstention is not warranted where "the underlying federal claims were 'wholly unrelated' to the issues in the pending state proceeding."). The City fails to articulate any such connection, nor does it explain *how* this action would "interfere" with any state court proceeding. Presumably the City is resorting to its false characterization of the Complaint as a mere "collateral attack" on the state court writ proceeding. But as the City recently told the Alameda County Superior Court, this action "does not – and could not – seek to directly overturn the City's

---

[4] The City relies solely on *Boeken v. Philip Morris USA, Inc.*, 159 Cal.App.4th 1391 (2008), which is clearly distinguishable. In *Boeken*, the plaintiff dismissed with prejudice her loss-of-consortium claim against the defendant tobacco company that allegedly caused her husband's terminal cancer. Her husband (who had already collected a $55.5 million judgment from the same defendant) then died, and four years later the plaintiff filed a new suit alleging wrongful death. The California Court of Appeal held that the prior dismissal with prejudice barred the wrongful death claim, because the wrongful death claim was based on the same primary right – the right to her husband's "love, companionship, comfort, affection, society, solace, and moral support." *Id.*, 159 Cal.App.4th at 1396. The Court of Appeal noted that "plaintiff sought in her wrongful death action to recover against the same defendant for the same injury caused by the same conduct, as in her prior loss-of-consortium action." *Id.*

1 | revocation of U-Haul's Use Permit."

2 | Second, *Younger* abstention is not applicable in actions which allege – as the Complaint here does – that the state court proceedings were brought to harass. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) ("Younger, and its civil counterpart which we apply today, do of course allow intervention in those cases where the District Court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'"); *Gibson v. Berryhill*, 411 U.S. 564 (1973) (affirming district court's refusal to abstain; state optometry board was acting on bias and self interest); *Flowers v. Seki*, 87 F.3d 1318 (9th Cir. 1996) (no abstention where defendants acted in bad faith); *Cullen v. Fliegner*, 18 F.3d 96, 104 (2nd Cir. 1994) ("[A] showing of retaliatory or bad faith prosecution establishes irreparable injury for the purposes of the Younger doctrine. . . .").

### 3. Commerce Clause

The City claims that "it took counsel for the City only a few minutes to find longstanding and dispositive authority that revocation of a use permit simply does not rise to the level of an interference with interstate commerce." Motion, pp. 6-7. Perhaps counsel for the City should have spent more than a few minutes. If it had, perhaps it would have realized that *none* of the authorities cited by the City state that a revocation of a use permit can *never* interfere with interstate commerce. As every first year law student knows, there is a substantial difference between a case that finds no violation on a particular set of facts, and a case that announces a blanket rule that no such violation is possible on any set of facts.

Perhaps with more than a few minutes of research, counsel for the City also would have found cases – including United States Supreme Court cases – holding that a Commerce Clause violation occurred by enactment or administration of a

zoning or similar ordinance. *See, e.g., Kassel v. Consolidated Freightways Corp.*, 450 U.S. 662, 101 S.Ct. 1309, 67 L.Ed.2d 580 (1981) ("the incantation of a purpose to promote the public health or safety does not insulate a state law from Commerce Clause attack."); *H.P. Hood & Sons, Inc. v. Du Mond*, 336 U.S. 525, 69 S.Ct. 657, 93 L.Ed. 865 (1949) (denial of license was an invalid application of law); *Blue Circle Cement, Inc. v. Board of County Commissioners*, 27 F.3d 1499, 1511 (10th Cir. 1994) (the "dormant Commerce Clause . . . prohibits a state or local 'statute [that] regulates evenhandedly to effectuate a legitimate public interest' if it imposes a burden on interstate commerce that is 'clearly excessive in relation to the putative local benefits."); *Pittston Warehouse Corp. v. City of Rochester*, 528 F.Supp. 653, 662-63 (W.D.N.Y. 1981) (holding that zoning ordinances were unconstitutional and invalid under Commerce Clause; "it has long been established that a state or locality 'may not enforce any law, the necessary effect of which is to prevent, obstruct, or burden interstate commerce.'"), citing *LaCost v. Louisiana Dept. of Conservation*, 263 U.S. 545, 44 S.Ct. 186, 68 L.Ed.437 (1924); *Colorado Manufactured Housing v. Board of County Commissioners*, 946 F.Supp. 1539, 1555 (D. Colo. 1996) (denying summary judgment because material issue of fact existed as to comparison of burden on interstate commerce to local benefits); *Dean Milk Co. v. Madison*, 340 U.S. 349, 71 S.Ct. 295, 95 L.Ed. 329 (1951) ("A different view, that the ordinance is valid simply because it professes to be a health measure, would mean that the Commerce Clause of itself imposes no limitations on state action other than those laid down by the Due Process Clause, save for the rare instance where a state artlessly discloses an avowed purpose to discriminate against interstate goods.").

### 4. CEQA

Similarly, the City snidely remarks that "it takes only a few seconds to locate the provisions in state law and regulations" that the City claims bars Plaintiffs' CEQA claims. Motion, p. 7. However, it also takes just a short time to

locate, in the same CEQA Guidelines on which the City relies, an exception to the "categorical exemptions" claimed by the City. *See* CEQA Guidelines § 15300.2(c); *Lewis v. Seventeenth District Agricultural Assoc.*, 165 Cal.App.3d 823, 831 (1985) (affirming cancellation of agricultural associations' contract with auto racing association; categorical exemption did not apply because the existence of a nearby residential area constituted an "unusual circumstance" sufficient to invoke 15300.2(c)).

### 5. Inverse Condemnation, Due Process, and Equal Protection

The City asserts that "it is beyond question that a valid administrative decision to revoke a permit – just like a decision to abate a nuisance – does not constitute inverse condemnation, or a denial of due process or equal protection." Motion, p. 7.

As explained in Plaintiffs' opposition to the motion to dismiss, this is a straw man. Plaintiffs' Complaint alleges an entire course of discriminatory conduct before, during, and after the revocation of the Use Permit. *See, e.g.*, Complaint, ¶¶ 1, 22, 23, 24.

Furthermore, the City's assertion that "abatement of a nuisance is *never* a taking" is false. Once again, the City takes specific cases that found no taking on the facts there presented, and tells the Court that this represents a general rule that no such facts can ever exist. But that is demonstrably wrong – the United States Supreme Court, among others, has specifically held that zoning and nuisance enforcement may be a pretext for unconstitutional acts. *See Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 43 S.Ct. 159, 67 L.Ed. 322 (1922) (prohibition on coal mining was unconstitutional taking; the state's police power "must have its limits or the contract and due process clauses are gone . . . . When [the extent of diminution of property rights] reaches a certain magnitude, in most if not in all cases there must be an exercise of eminent domain and compensation to sustain the

1  act. So the question depends upon the particular facts."); *Carpinteria Valley
2  Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 830 (9th Cir. 2003)
3  (property owner stated valid claim for equal protection and due process violations
4  based on county's retaliatory imposition of land use conditions, requirements,
5  delays, and fees); *Guru Nanak Sihk Society of Yuba City v. County of Sutter*, 456
6  F.3d 978 (9th Cir. 2006) (invalidating county's denial of building application and
7  ordering approval of use permit); *Munoz v. County of Imperial*, 604 F.2d 1174 (9th
8  Cir. 1979) (affirming injunction against enforcement of use permit condition that
9  violated Commerce Clause), reversed and remanded on other grounds 449 U.S. 54,
10 101 S.Ct. 289, 66 L.Ed.2d 258 (1980), injunction affirmed after remand, 667 F.2d
11 811 (1982); see also *Hurwitz v. City of Orange*, 122 Cal.App.4th 835, 852-53
12 (2004) (city's contention that any claim of nuisance precludes a takings claim "is
13 simply too broad a model of nuisance law"; "there is precedent for the point that a
14 public entity cannot mask what is *substantively* a taking merely by invoking its
15 nuisance power") (emphasis in original), citing *Leppo v. City of Petaluma*, 20
16 Cal.App.3d 711 (1971) (awarding damages after a city preemptively demolished a
17 building as a nuisance); *Young v. American Mini Theatres, Inc.*, 427 U.S. 50, 84
18 ("courts must be alert to the possibility of direct rather than incidental effect of
19 zoning on expression, and especially to the possibility of using the power to zone
20 as a pretext for suppressing expression") (Powell, J., concurring); *City of National
21 City v. Wiener*, 3 Cal.4th 832, 859 n.12 (1992) ("I do not mean to sanction the use
22 of . . . the common law of nuisance as a pretext for ridding a community of First
23 Amendment-protected activity. The federal high court has also cautioned that it
24 would take a dim view of any such action.") (Mosk, J., concurring and dissenting).
25 ///
26 ///
27 ///
28 ///

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SANCTIONS PURSUANT TO FED. RULE CIV. PROC. 11 – CASE NO. C08-2313 WDB - 14**

## IV. THE COURT SHOULD AWARD PLAINTIFFS THEIR ATTORNEYS FEES IN OPPOSING THIS MOTION

Federal Rule of Civil Procedure 11(c)(2) provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."

Such an award is warranted here, because the City's motion is not only without merit, but (1) was filed in blatant violation of the safe harbor provision; (2) misrepresents and conceals the facts (while falsely accusing Plaintiffs of a lack of candor); and (3) misrepresents and conceals relevant legal authority (while accusing Plaintiffs of failing to do even "a few minutes" of research).

## V. CONCLUSION

For the reasons set forth above, the Court should deny the City's motion and award Plaintiffs their attorney's fees and reasonable expenses.

DATED: August 13, 2008    LAPIDUS & LAPIDUS
                          A PROFESSIONAL LAW CORPORATION

                          JIM D. BAUCH
                          Attorneys for Plaintiffs U-Haul Co. of California
                          and Amerco Real Estate Company