RYAN D. LAPIDUS (Bar No. 196838)
Email: ryan@lapiduslaw.com
DANIEL C. LAPIDUS (Bar No. 227170)
Email: dan@lapiduslaw.com
JIM D. BAUCH (Bar No. 199454)
Email: jim@lapiduslaw.com
LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION
177 SOUTH BEVERLY DRIVE
BEVERLY HILLS, CALIFORNIA 90212
TEL: 310-550-8700
FAX: 310-943-2471

Attorneys for Plaintiff U-Haul Co. of California
and Amerco Real Estate Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U-HAUL CO. OF CALIFORNIA, a California corporation; and AMERCO REAL ESTATE COMPANY, a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BERKELEY, a municipality;<br><br>Defendant. | CASE No.: C 08-02313 WBD<br><br>**JOINT RULE 16(b) REPORT**<br><br>Early Meeting of Counsel<br>Date: July 18, 2008<br>Time: 10:00 a.m.<br>Place: Office of the City Attorney, Berkeley, CA<br><br>The Honorable Wayne D. Brazil<br>Courtroom 4 |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1 and the Honorable Judge Wayne D. Brazil's Standing Order Setting Rule 16(b) Scheduling Conference, plaintiffs U-Haul Co. of California and Amerco Real Estate Company ("Plaintiffs") and defendant City of Berkeley ("Defendant"), through their respective counsel of record, hereby respectfully submit the joint report of the early

JOINT RULE 16(b) REPORT - 1

meeting held on July 18, 2008, between Ryan D. Lapidus, counsel for Plaintiffs, and Acting City Attorney Zach Cowan and Deputy City Attorney Lynne Bourgault, counsel for Defendant:

1. **Jurisdiction and Service.** All defendants have been served. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367. There are no disputes regarding personal or subject matter jurisdiction or venue.

2. **Facts.**
   *Plaintiffs' Statement of Facts:* Plaintiff U-Haul Co. of California operates a business within the Defendant City of Berkeley, on land leased from plaintiff Amerco Real Estate Company. Plaintiffs allege that the Defendant has, among other things, violated Plaintiffs' constitutional and other rights through discriminatory, unlawful, and punitive actions taken by the City under color of state law.
   *Defendant's Statement of Facts:* Plaintiff U-Haul Company of California had a use permit to operate a truck rental business at 2100 San Pablo Avenue, in Berkeley, but that use permit was revoked by the City Council on October 9, 2007, after nearly 10 years of complaints by neighbors and unsuccessful efforts by the City to get U-Haul to comply with the terms of its use permit. Plaintiffs sought to overturn the City Council's revocation by petition for writ of mandate in Alameda County Superior Court, Case No. RG07-352204. The Superior Court denied the Petition for Writ of Mandate and entered Judgment on February 7, 2008. On May 5, 2008, Plaintiffs filed the Complaint in this case alleging that the City has discriminated and retaliated against Defendants by revoking its use permit. On May 27, 2008, the City filed a Motion to Dismiss the Complaint. On June 6,

U-Haul filed an appeal of the Superior Court Judgment upholding the City Council's decision to revoke the use permit. The City filed an Amended Verified Complaint for Injunction/Abatement of Public Nuisance against Defendants in Alameda County Superior Court on June 4, 2008, and that case was assigned case no. RG08-388586. On August 11, 2008, the Alameda Superior Court in case no. RG08-388586 granted the City's motion for preliminary injunction prohibiting Defendants from operating a truck rental business at 2100 San Pablo Avenue.

3. **Legal Issues**.

   *Plaintiffs' Statement of Legal Issues:* Whether the City's actions and omissions constitute violations of Plaintiffs' constitutional and other rights.

   *Defendant's Statement of Legal Issues:* Whether Plaintiffs' claims are res judicata given that they should and could have been brought in the state court proceeding, Case No. RG07-352204, and whether this case must be dismissed based on the *Younger* doctrine.

4. **Motions.** Defendant has filed a Rule 12(b) motion to dismiss based on the doctrine of *res judicata* and the *Younger* abstention doctrine. Defendant has also filed a Rule 11 motion for sanctions. Both motions are set for hearing on September 3, 2008.

5. **Amendment of Pleadings.** Plaintiffs believe that the City's Rule 12(b) motion is without merit; however, to the extent the Court grants the City's Rule 12(b) motion, Plaintiffs will seek leave to amend. Otherwise, no amendment of pleadings is contemplated at this time.

6. **Evidence Preservation.** Plaintiffs and Defendant have taken appropriate steps to preserve all evidence reasonably evident in this action.

7. **Disclosures.**

   *Plaintiffs' Statement:* The parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26. Plaintiffs intend to supplement their disclosures to address certain objections made by Defendant.

   *Defendant's Statement:* Defendant provided Plaintiffs with its Initial Disclosures. Defendant wrote Plaintiffs on August 5, 2008 attempting to meet and confer on the inadequacies of Plaintiffs' Initial Disclosures, given that Plaintiffs' disclosures did not contain, among other things, (1) the topics on which witnesses would testify, (2) either a copy of documents or a description by category and location of any documents supporting its claims, (3) a Computation of Damages or any documents supporting any computation of damages (Plaintiffs provided only a lump sum estimate that its damages are "no less than $20,000,000 plus interest.")

8. **Discovery**.

   *Plaintiffs' Statement:* The parties have served written discovery. Plaintiffs intend to negotiate the scheduling of depositions in good faith, and object to Defendant's insistence on including in this report below an improper and one-sided account regarding the scheduling of Mr. Crocker's deposition. Defendant had threatened, and continues to threaten, to seek contempt sanctions in state court against Plaintiff for allegedly failing to comply with the City's injunction. Accordingly, it was of the utmost importance to all parties that Mr. Crocker be present at the San Pablo facility to oversee compliance with the state court injunction rather than sitting in a deposition for which no urgency exists. Plaintiffs further note that the City's counsel and its Code Compliance officer were also at or near the San Pablo facility on that day.

Plaintiffs propose the following discovery plan:

No changes to the timing, form, or requirement of Rule 26 disclosures.

At least 12, and possibly as many as 20, depositions per side. Discovery to be completed by July 31, 2009.

*Defendant's Statement*: Defendant noticed the deposition of the Vice President of U-Haul Company of California responsible for U-Haul's Berkeley location, Eric Crocker, for August 7, 2008 and rescheduled the deposition at Plaintiffs' request to the afternoons of August 14 and August 15. On August 13, Plaintiffs unilaterally cancelled the deposition stating that because of recent court orders in Alameda Superior Court Case no. RG08-388586, Mr. Crocker was unavailable due to having a "new priority" in having to attend to unnamed "legal obligations." Defendant also served written discovery. Defendant proposes no changes to the requirements and limitations on discovery set forth in the Federal Rules of Civil Procedure, and objects to Plaintiffs' proposal for 12 to 20 depositions per side without a showing of good cause. Defendant proposes that discovery be completed by February 1, 2009.

9. **Class Action**. Not applicable.
10. **Related Cases.**

    Plaintiff's Statement: There is an action pending in the California Court of Appeal, Case No. A121811, between Plaintiff U-Haul Co. of California ("U-Haul") and Defendant City of Berkeley. That action is an appeal of a petition for writ of mandate regarding the City of Berkeley's revocation of U-Haul's use permit under the City's zoning ordinance. There is also an action pending in the Superior Court for the County of Alameda, Case No. RG08388586, filed by the City of

Berkeley against U-Haul Co. of California and Amerco Real Estate Company, asserting claims for public nuisance. Plaintiffs do not believe that any coordination of proceedings is necessary between this action and either state court action.

*Defendant's Statement*: Defendant's position, as stated in its Rule 12(b)(6) motion, is that the pendency of these state court proceedings make this action improper and subject to dismissal.

11. **Relief.** Plaintiffs seek damages based on lost profits; compensation for the value of property taken by the Defendant; costs and attorney's fees incurred in other proceedings as a result of Defendant's actions and omissions; costs and attorney's fees incurred in this action; injunctive and declaratory relief.

12. **Settlement and ADR.** The parties have had some preliminary discussions regarding settlement procedure. Plaintiffs propose mediation as the ADR option. Defendant proposes Early Neutral Evaluation as an ADR option.

13. **Consent to Magistrate Judge for All Purposes.** All parties have filed a consent to proceed before a magistrate judge.

14. **Other References.** The parties do not believe that a reference to binding arbitration, special master, or Judicial Panel on Multidistrict Litigation is appropriate or necessary.

15. **Narrowing of Issues.** None at this time, but the parties will revisit the possibility of narrowing the issues at trial as discovery proceeds.

16. **Expedited Schedule.** Not applicable.

17. **Scheduling.**

*Plaintiffs' Proposed Schedule*: In light of the numerous evidentiary issues, and the need for expert testimony, Plaintiffs propose the following

schedule:

Discovery to be completed by July 31, 2009

Final Pre-trial conference to be held in October 2009

Trial to be held in November 2009

All other deadlines as provided in the Federal Rules of Civil Procedure.

*Defendant's Proposed Schedule*:

Discovery to be completed by February 1, 2009.

Final Pre-Trial conference to be held in March, 2009.

Trial to be held in April, 2009.

18. **Trial.**  Plaintiffs anticipate a 10-14 day jury trial.

19. **Disclosure of Non-Party Interested Entities or Persons.** Plaintiffs have filed the statement required by Civil Local Rule 3-16, disclosing that Amerco is the parent entity of both plaintiffs.

DATED: August 20, 2008        LAPIDUS & LAPIDUS
                              A PROFESSIONAL LAW CORPORATION

                              _____
                              DANIEL C. LAPIDUS
                              Attorneys for Plaintiffs U-Haul Co. of California
                              and Amerco Real Estate Company

DATED: August __, 2008


                              _____
                              ZACH COWAN, Acting City Attorney
                              LYNNE BOURGAULT, Deputy City Attorney
                              Attorneys for Defendant CITY OF BERKELEY

JOINT RULE 16(b) REPORT - 7

schedule:

Discovery to be completed by July 31, 2009

Final Pre-trial conference to be held in October 2009

Trial to be held in November 2009

All other deadlines as provided in the Federal Rules of Civil Procedure.

*Defendant's Proposed Schedule:*

Discovery to be completed by February 1, 2009.

Final Pre-Trial conference to be held in March, 2009.

Trial to be held in April, 2009.

18. **Trial.** Plaintiffs anticipate a 10-14 day jury trial.

19. **Disclosure of Non-Party Interested Entities or Persons.** Plaintiffs have filed the statement required by Civil Local Rule 3-16, disclosing that Amerco is the parent entity of both plaintiffs.

DATED: August ___, 2008        LAPIDUS & LAPIDUS
                               A PROFESSIONAL LAW CORPORATION


                               _____
                               DANIEL C. LAPIDUS
                               Attorneys for Plaintiffs U-Haul Co. of California
                               and Amerco Real Estate Company

DATED: August 20, 2008


                               _____
                               ZACH COWAN, Acting City Attorney
                               LYNNE BOURGAULT, Deputy City Attorney
                               Attorneys for Defendant CITY OF BERKELEY