ZACH COWAN, Acting City Attorney (SBN 96372)
LYNNE BOURGAULT, Deputy City Attorney (SBN 180416)
2180 Milvia Street, 4th Floor
Berkeley, CA  94704
lbourgault@ci.berkeley.ca.us
Phone: 510.981.6950
Fax:     510.981.6960

Attorneys for Defendant
CITY OF BERKELEY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| U-HAUL CO. OF CALIFORNIA, a California corporation; and AMERCO REAL ESTATE COMPANY, a Nevada corporation;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BERKELEY, a municipality;<br><br>Defendant. | CASE NO. C08-02313 WDB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FED. RULE CIV. PROC. 11**<br><br>Date:  September 3, 2008<br>Time:  1:30 p.m.<br>Ctrm:  400S |

## ARGUMENT

**I.   CITY SUBSTANTIALLY COMPLIED WITH THE SAFE HARBOR PROVISION OF RULE 11 AND U-HAUL WAS NOT PREJUDICED BY THE LACK OF 5 DAYS' NOTICE**

U-Haul first argues that the City's Motion for Sanctions must be denied because it failed to comply with the 21-day notice period required by Rule 11.  U-Haul's Memorandum of Points and Authorities in Opposition to City's Motion for Sanctions p. 2.  ("U-Haul's Opp.")  Although technically true, the City intended to fully comply with the safe harbor requirement.  *See* Declaration of L. Sybil Parks-Brown In Support of City's Reply to Opposition to Motion for Sanctions.  ("Parks-Brown Decl.")  As described in Ms. Parks-Brown's declaration, the failure to file the motion a full 21 days after service was a result of an inadvertent clerical error.  *Id*.

Nonetheless, as U-Haul concedes, the clerical error resulted in a failure to provide U-Haul with a *mere 5 days' notice*. It was, however, provided a full 16 days of notice during which time it certainly could have withdrawn or amended any portions of the Complaint that it determined to be at risk of sanctions. U-Haul provides no argument on how providing these additional 5 days would have allowed it to respond to the motion differently or how it was prejudiced in any manner.

Instead, it states, without citing any authority whatsoever, that "non-compliance with the rule requires denial of a motion for sanctions regardless of whether the non-moving party did or would have withdrawn the pleading at issue." U-Haul Opp. p. 3. As is obvious from U-Haul's 20 page opposition to the City's Motion, U-Haul never intended to withdraw any of its frivolous causes of action and has continued to aggressively pursue this fatally-flawed Complaint.

Moreover, the cases U-Haul relies upon for the claim that the Court must deny the City's motion, all involve circumstances where the party defending the motion was given ***no prior*** notice under Rule 11 and, instead, the moving parties served and filed the motion at the exact same time[1]. In this particular circumstance, the courts held that the purpose of the safe harbor provision had been abrogated since the party against whom sanctions were sought had no opportunity to withdraw or amend allegations before the motion seeking sanctions was filed. *Radcliffe, supra*. at 789 citing *Barber., supra*.

The same is not true here where U-Haul's notice period only lacked 5 days and U-Haul has provided no argument as to how this prejudiced it in any manner. In addition, although admittedly it is not the exact same factual scenario, courts have allowed sanctions to be issued where parties have substantially complied with the safe harbor provisions. For example, in *Ideal Instruments,*

---

[1] *Barber v. Miller*, 146 F.3d 707, 709 (9th Cir. Cal. 1998) ["On January 19, 1996, Imageware both moved for sanctions and served Carlsen with the motion."]; and *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. Cal. 2001) ["Rainbow filed its Rule 11 motion along with a motion for summary judgment with the court on August 18, 1998. Rainbow did not serve the plaintiffs with the motion in advance of filing … "]

*Inc. v. Rivard Instruments, Inc*., 243 F.R.D. 322, 340 (2007) the Court granted a motion for sanctions despite the fact that the "motion ultimately filed was not identical to the draft motion served." In addition, the Court in *Ideal Instruments* makes clear that all that is required pursuant to the safe harbor provision is to provide the opposing party with a copy of the ***motion,*** but not a brief or any supporting papers for that motion. *Id*. at 339.

Consequently, since U-Haul was provided with 16 days notice of the City's intent to file this Motion ***and*** was provided with the City's full brief of all its legal arguments in support of the Motion[2], the Court should find that the City substantially complied with the safe harbor provision's of Rule 11 and that U-Haul was not prejudiced by the lack of 5 days' notice.

## II. MENTION OF STATE COURT ACTION IN A NOTICE OF OTHER ACTIONS DOES NOT CURE PLAINTIFFS' LACK OF CANDOR IN FAILING TO MENTION MATERIAL FACTS IN THE COMPLAINT

The City has argued that U-Haul has violated Rule 11 by omitting from their complaint critically important and dispositive facts of which they were aware, specifically: 1) the existence of the prior state court litigation; 2) the conduct City conduct they claim to have challenged and; 3) the results of these challenges. In response, U-Haul claims its Notice of Other Actions, a notice it was required to file per the Court's Local Rules, satisfies the Complaint's deficiencies. U-Haul Opp. p. 4.

Truly, U-Haul's statement that the State Court Action exists and that it "challeng[es] certain actions of the City of Berkeley" in its Notice of Other Actions cannot possibly be read to fulfill U-Haul's obligation to disclose material and dispositive facts in the Complaint itself. The City has challenged U-Haul's Complaint, not its Notice of Other Actions.[3]

---

[2] *See* City's Proof of Service for Motion for Sanctions.
[3] The City has responded to the point regarding the State Court Action appeal and to the frivolity of U-Haul's Complaint in its Reply to the Motion to Dismiss and will not repeat these arguments here.

3

# CONCLUSION

Accordingly, the City requests that the Court impose sanctions in an amount it deems appropriate and award the City its attorneys' fees in an amount to be proved at the hearing.

Dated:  August 20, 2008						ZACH COWAN, Acting City Attorney


							By:	_____/s/_____
								Zach Cowan, Acting City Attorney
								Attorneys for Defendant City of Berkeley